## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

PARAGON COMPONENT )
SYSTEMS, LLC, )
                              )
        Plaintiff, )
                              )
v. )       CIVIL ACTION NO.: _____
                              )
QUALTIM, INC., CENTER FOR )
BUILDING INNOVATION, LLC, )
DRJ ENGINEERING, LLC, )
INSPIRED PURSUITS, LLC, )
KIRK GRUNDAHL, and )
SUZANNE GRUNDAHL, )
                              )
        Defendants. )

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Paragon Component Systems, LLC complains as follows.

## I.  INTRODUCTION

1.      Paragon owns valuable intellectual property, which it has spent years of work and over $5 million developing. Defendants contend that they are co-owners of this intellectual property just because they provided engineering consulting services to Paragon. Paragon asks this Court to declare that Paragon is the sole owner of all its intellectual property.

2.      For decades, Daniel Holland had successfully owned and operated Clearspan Components, Inc., a manufacturer of roof trusses. A truss is simply a framework that supports a roof, a floor system, or other structure. To meet building codes and to safely support heavy structures, trusses must be designed with mathematical precision and built with materials and components that possess the required properties. In 2016, Daniel Holland and his son, John Holland, formed Paragon. Their goal was to create a proprietary software application for use in the designing of custom trusses in the truss industry.

3.      Through years of work and the investment of well over $5 million, Paragon successfully developed its proprietary software application. The software application helps truss designers and others efficiently perform the needed complex mathematical calculations and select appropriate materials and components for trusses.

4.      Kirk Grundahl is the principal owner of Qualtim, Inc. and its affiliates, including DrJ Engineering, LLC and Center for Building Innovation, LLC. For several years, Mr. Grundahl's companies provided certain engineering and consulting services to Paragon, for which Paragon has paid several hundred thousand dollars.

5.      In 2022, Daniel Holland, one of Paragon's owners, and Mr. Grundahl and his wife Suzanne Grundahl formed Inspired Pursuits, LLC. Mr. Grundahl has contended that this entity has ownership interest in Paragon's software. Paragon disputes this. Inspired Pursuits has had no connection to or involvement with Paragon's software development.

6.      In January 2024, Daniel Holland unexpectedly passed away. Shortly thereafter, Mr. Grundahl began claiming that he and some, or all, of the other Defendants co-own Paragon's intellectual property. This includes claims of owning Paragon's software code and all its intellectual property rights and trade secrets relating to its software application and business plans.

7.      In the months leading up to the filing of this Complaint in 2024, Mr. Grundahl has sent several letters and emails to Paragon's President and CEO, John Holland, and Paragon's attorneys. Mr. Grundahl has been claiming that one or more of the Defendants have ownership interest in Paragon's software. Mr. Grundahl has demanded that Paragon hand over to him its software code, along with all intellectual property rights and trade secrets in and relating to it. If these demands are not met, Mr. Grundahl recently said, he will sue Paragon and take other actions. "[I]f I have to hire legal counsel on behalf of [Inspired Pursuits, LLC]," he wrote in one letter, "please

know that this will be a very bad day for [Clearspan Components, Inc.], Paragon, Dan's family and [John Holland] …."

8. Because this dispute is continuing, and threatens Paragon's property interests and company value, Paragon seeks a declaratory judgment that it is the sole and exclusive owner of all right and interest in and title to its application software—the Paragon Truss Software—and its trade secrets and all other, related intellectual property.

## II. PARTIES

9. Plaintiff Paragon Component Systems, LLC ("Paragon") is a Tennessee limited-liability company with its principal place of business in Chattanooga, Tennessee. The sole member of Paragon is John Holland. John Holland is domiciled in and a citizen of the State of Georgia.

10. Defendant Qualtim, Inc. ("Qualtim") is a Wisconsin corporation with its principal place of business in Madison, Wisconsin.

11. Defendant Kirk Grundahl is an individual domiciled in and a citizen of the State of Wisconsin.

12. Defendant Suzanne Grundahl is an individual domiciled in and a citizen of the State of Wisconsin.

13. Defendant Inspired Pursuits, LLC ("Inspired Pursuits") is a Wisconsin limited-liability company with its principal place of business in Madison, Wisconsin. The members of Inspired Pursuits are Kirk Grundahl, Suzanne Grundahl, and the Estate of Daniel Holland. Marvin B. Speed, a citizen of the State of Mississippi, has been appointed by a chancery court in the State of Mississippi as the special independent executor for the Estate of Daniel Holland with respect to the Estate's membership interest in Inspired Pursuits.

14.     Defendant Center for Building Innovation, LLC d/b/a CBI ("CBI") is a Wisconsin limited-liability company with its principal place of business in Madison, Wisconsin. On information and belief, its sole member is Kirk Grundahl.

15.     Defendant DrJ Engineering, LLC ("DrJ") is a Wisconsin limited-liability company with its principal place of business in Madison, Wisconsin. Its sole member is Kirk Grundahl.

### III.  JURISDICTION AND VENUE

**A.     Subject-matter Jurisdiction**

16.     This action is brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the copyright laws of the United States 17 U.S.C. §§ 101 *et seq.*, the trademark laws of the United States pursuant to 15 U.S.C. §§ 1051 *et seq.*, the patent laws of the United States pursuant to 35 U.S.C. §§ 101 *et seq.*, the federal Defend Trade Secrets Act of 2016 pursuant to 18 U.S.C. § 1836 *et seq.*, and the Tennessee Uniform Trade Secrets Act pursuant to T.C.A. § 47-25-1701 *et seq.*

17.     This Court has federal question subject-matter jurisdiction under 17 U.S.C. §§ 101 *et seq.*, 15 U.S.C. §§ 1051 *et seq.*, 18 U.S.C. § 1836, 28 U.S.C. §§ 2201, 2202, 35 U.S.C. §§ 101 *et seq.*, and 28 U.S.C. 1331. The Court has supplemental jurisdiction under 28 U.S.C. § 1367.

18.     This Court also has federal subject-matter jurisdiction under 28 U.S.C. § 1332. There is complete diversity of citizenship between the Plaintiff and each Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

        a.      Plaintiff Paragon, whose sole member John Holland is a citizen of the State of Georgia, is a citizen of the State of Georgia for purposes of diversity jurisdiction.

        b.      Defendants Kirk Grundahl, Suzanne Grundahl, and Qualtim are citizens of the State of Wisconsin.

4

c.      CBI's sole member is Kirk Grundahl, a citizen of the State of Wisconsin. CBI is a citizen of the State of Wisconsin for purposes of diversity jurisdiction.

d.      DrJ's sole member is Kirk Grundahl, a citizen of the State of Wisconsin. DrJ is a citizen of the State of Wisconsin for purposes of diversity jurisdiction.

e.      Defendant Inspired Pursuits has three members: (i) Kirk Grundahl, a citizen of the State of Wisconsin; (ii) Suzanne Grundahl, a citizen of the State of Wisconsin; and (iii) the Estate of Daniel Holland.

f.      On the date of his death, Daniel Holland was domiciled in and a citizen of the State of Mississippi. His estate is located in and is being administered in the State of Mississippi. Marvin B. Speed, the special independent executor for the Estate of Daniel Holland relating to the Estate's membership interest in Inspired Pursuits, is a citizen of the State of Mississippi. The Estate of Daniel Holland, including its membership interest in Inspired Pursuits, is a citizen of the State of Mississippi for purposes of diversity jurisdiction.

g.      Inspired Pursuits is a citizen of the States of Mississippi and Wisconsin for purposes of diversity jurisdiction.

h.      There is complete diversity of citizenship because Plaintiff is a citizen of the State of Georgia and Defendants are citizens of the States of Wisconsin and Mississippi.

i.      The amount in controversy exceeds $75,000, exclusive of interest and costs. Paragon has invested over $5 million in developing the Paragon Truss Software and related trade secrets and intellectual property. Defendants have contended to Paragon that they own an ownership interest in the Paragon Truss Software that is worth more than $300,000. The Paragon Truss Software is in any event worth more than $75,000. The value of the Paragon Truss Software and

5

the related trade secrets and intellectual property therein is expected to increase significantly in value in the future as Paragon takes the Paragon Truss Software more fully to market.

**B.    Personal Jurisdiction**

19.    This Court has personal jurisdiction over Defendants pursuant to Tenn. Code Ann. § 20-2-223 and consistent with due process.

a.    By entering into and conducting a business relationship with Paragon, Defendants transacted business in the State of Tennessee. Defendants contracted to provide and did in fact provide engineering-related consulting services to Paragon in Tennessee. These services included hundreds of hours of work that took place over several years and involved, among other things, communicating directly with and advising Paragon and its employees in Tennessee.

b.    Defendants contend that they have an ownership interest in Paragon's intellectual property and trade secrets, which Paragon possesses in the State of Tennessee.

c.    DrJ is licensed to perform engineering services in the State of Tennessee and is registered to do business in the State of Tennessee and has performed engineering services and done business in the State of Tennessee including in this judicial district.

d.    Qualtim is licensed to perform and has performed engineering services in the State of Tennessee and has performed engineering services and done business in the State of Tennessee including in this judicial district.

e.    Kik Grundahl is licensed to perform and has performed engineering services and done business in the State of Tennessee including in this judicial district.

f.    The claims asserted in this Complaint relate to and arise from the contacts of Defendants with the State of Tennessee and this judicial district described in this Complaint.

## C. Venue

20. Venue is proper in this judicial district under 28 U.S.C. § 1391. Paragon's cause of action arose in this judicial district when Defendants made wrongful demands upon Paragon that one or more of the Defendants jointly own the Paragon Truss Software and related intellectual property with Paragon. The harm threatened and caused by Defendants' wrongful demand has occurred in this judicial district. Venue is also proper in this judicial district because the parties conducted business in this district and the cause of action arises out of actions the parties have taken in this judicial district.

## IV. FACTS

## A. Paragon and Its Development of the Paragon Truss Software

21. In 2016, Daniel Holland and John Holland co-founded Paragon. The primary purpose was to develop software and software applications that, among other things, will help truss designers and others efficiently make the complex mathematical calculations required to design trusses and select the appropriate materials and components for trusses (the "Paragon Truss Software"), and bring these software applications to market and profit from them.

22. In 2016, Paragon acquired certain intellectual property from Clearspan Components, Inc., which Clearspan solely developed and solely owned.

23. Since 2016, Paragon has successfully developed the intended software applications and created functioning prototypes of the Paragon Truss Software. The Paragon Truss Software is currently being used in the truss industry. Paragon is undergoing market research to help it license the software to customers in the truss industry. Paragon is poised to imminently take the Paragon Truss Software more fully to market and to profit from it and is engaging in efforts to do so.

24. The Paragon Truss Software provides an easy-to-use interface for designing and modelling new truss designs. The software comes configured with certain known mathematical equations that are necessary for designing a new truss, and a set of default input parameters for configuring the equations. Users can selectively adjust one or more of the input parameters through the software's user interfaces. By allowing users to selectively change the set of truss-design parameters that are input to the mathematical equations, the Paragon Truss Software essentially operates as a truss-design calculator that enables users to more quickly and simply perform the complex set of mathematical truss-design calculations using different inputs corresponding to customized truss designs. The software also enables the users to render their customized truss designs in one or more engineering drawings.

25. Paragon provides the Paragon Truss Software to various customers.

26. Paragon has not sold, assigned, transferred, licensed, leased, or conveyed any of its right, title, and interest in the Paragon Truss Software, or any intellectual property rights therein, to any third party. Paragon has not, for example, executed any written assignment or any other agreement assigning any of its right, title, or interest in the Paragon Truss Software to any third party, including any of the Defendants, who claim to have ownership interest in it.

27. All development of the Paragon Truss Software was completed by employees and contractors of Paragon, within the scope of their employment and subject to work-made-for-hire and intellectual-property assignment provisions.

28. Paragon is the sole and exclusive owner of all right, title, and interest, including all intellectual property rights, including all copyright rights, trademark rights, patent rights, and trade secret rights, in and to the Paragon Truss Software.

8

**B.**     **The Grundahls, Their Companies, and Their Claims to Ownership of the Paragon Truss Software and Related Intellectual Property**

29.     Mr. Grundahl is an owner of the Defendant entities and is an executive of Qualtim, DrJ, and CBI.

30.     Defendant Qualtim and its affiliates CBI and DrJ together provide engineering and consulting services and create and certify truss designs for their clients.

31.     While developing the Paragon Truss Software, Paragon engaged Qualtim and DrJ to provide specific engineering consulting services to verify the accuracy of the Paragon Truss Software truss calculations by testing whether the software generated the correct truss-design outputs for a given set of inputs to the software's mathematical equations in accordance with industry standards.

32.     As part of its consulting services, DrJ proposed values for certain parameters for use in the set of mathematical equations in the Paragon Truss Software.

33.     The operability of the Paragon Truss Software, however, does not require the parameters or values that DrJ proposed. Upon information and belief, the parameters provided by DrJ are well-known in the industry and would be easily obtainable by any other competent licensed engineers in this field.

34.     Paragon engaged Qualtim and DrJ only to verify and test the software code that Paragon had already developed for certain truss-use scenarios. Neither Qualtim nor DrJ was engaged to develop or modify the Paragon Truss Software itself or any of its implementation, nor did they do so.

35.     As compensation for the consulting services, Paragon paid Qualtim and its affiliates hundreds of thousands of dollars.

36.     There is no agreement between Paragon and any Defendant that assigns any right, title, or interest in the Paragon Truss Software from Paragon to any Defendant or that seeks to preserve the confidentiality of any advice, values, test results, verification, or other consulting services that Qualtim or DrJ provided to Paragon.

37.     No Defendant—whether Qualtim, CBI, or DrJ, or any other Defendant—wrote, modified, manipulated, or otherwise contributed to the authorship of the Paragon Truss Software itself or the conception of any inventive functionality therein. Only Paragon sells and uses any trademarks or trade dress in the Paragon Truss Software in commerce.

**C.     Inspired Pursuits, LLC**

38.     Daniel Holland, Kirk Grundahl, and Suzanne Grundahl formed Inspired Pursuits in December 2022. Daniel Holland owned 50% of Inspired Pursuits and the Grundahls owned the remaining 50% in equal shares. Currently Inspired Pursuits is owned by the Estate of Daniel Holland (50%), Kirk Grundahl (25%), and Suzanne Grundahl (25%).

39.     On information and belief, the purpose of the Inspired Pursuits business was to focus on developing physical (non-software) products that combine trusses and truss-mounting braces.

40.     Paragon has not executed any written assignment or any other agreement assigning any of its right, title, or interest in the Paragon Truss Software to Inspired Pursuits.

41.     Paragon has never engaged the services of Inspired Pursuits for any purpose.

42.     Paragon has never used any resources or employees of (within the scope of their employment with) Inspired Pursuits in the development of any of the Paragon Truss Software.

**D. Defendant's False Allegations of Intellectual Property Ownership**

43.     Following Daniel Holland's death, Mr. Grundahl has improperly claimed owner-ship of the Paragon Truss Software and Paragon's related intellectual property and trade secrets.

44.     In March 2024, only two months after Daniel Holland had passed away, and while Daniel's family was grieving, Mr. Grundahl sent Paragon a memorandum purporting to establish Qualtim's co-ownership of the Paragon Truss Software. Exhibit A at 5-6 (alleging Paragon, DrJ, and Clearspan Components, Inc. "jointly own" the intellectual property and trade secrets in Para-gon's proprietary truss design software marketed as "Truss Pal" and claiming the truss design software was created using CBI and DrJ testing and engineering).

45.     Mr. Grundahl's memorandum contends that Qualtim co-owns the software due to its testing and verification services of the Paragon Truss Software via its affiliates CBI and DrJ. Mr. Grundahl's memorandum makes no assertion that Qualtim contributed to the authorship, con-ception, design, or implementation of the software, and his sole basis for his joint-ownership claims are founded in a misunderstanding of intellectual property ownership.

46.     Surprised by Qualtim's allegations, Paragon responded to Mr. Grundahl's memo-randum in a letter dated May 23, 2024, explaining many reasons why Qualtim does not own any intellectual property rights in the Paragon Truss Software. *See* Exhibit B.

47.     On May 29, 2024, Mr. Grundahl responded with a 23-page response, this time ar-guing that the principals of Qualtim should be co-owners of the Paragon Truss Software through their involvement with Daniel Holland in the Inspired Pursuits business. *See* Exhibit C.

48.     Mr. Grundahl sent a series of additional letters to Paragon on June 3, June 4, June 7 (two letters), June 10, and June 13, each time making additional threats of imminent litigation and actions that would harm Paragon's business. Mr. Grundahl has exhorted Paragon to agree with

his and Qualtim's demands and to do what, in Mr. Grundahl's view, is "best" for John Holland and his family: hand over ownership interest in the Paragon Truss Software. *See* Exhibits D – I.

49.     Throughout these various communications, Mr. Grundahl and Qualtim have threatened to take legal action against Paragon unless Paragon agrees to their demands of assigning to Qualtim a joint share of the ownership in Paragon's intellectual property, including its trade secrets and the Paragon Truss Software. *See, e.g.*, Exhibit D at 3 ("Actions to be taken by an Officer of the Court"). In fact, Qualtim sent email correspondences to Paragon on May 29 demanding that Paragon implement a litigation document hold, suggesting that litigation would be imminent. *See* Exhibit J.

50.     Mr. Grundahl and Qualtim have wrongfully claimed to Paragon that Qualtim co-owns the Paragon Truss Software, including the intellectual property rights therein, and under threat of imminent litigation, demands that Paragon acknowledge and grant such joint ownership to Qualtim.

51.     Mr. Grundahl and Qualtim have wrongfully claimed to Paragon that Inspired Pursuits co-owns the Paragon Truss Software, including the intellectual property rights therein, and under imminent threat of litigation, demands that Paragon acknowledge and grant such joint ownership to Inspired Pursuits.

52.     Mr. Grundahl and Qualtim have also wrongfully suggested that consulting and testing work provided by DrJ and CBI for Paragon has resulted in co-ownership of the Paragon Truss Software by one or more of the Defendants.

53.     An actual, present, and justiciable controversy exists between Paragon and Defendants concerning ownership of the Paragon Truss Software and related intellectual property.

## V.  CAUSES OF ACTION

### COUNT ONE

**(Declaratory Judgment of Ownership of All Copyrights
in the Paragon Truss Software)**

54.    Plaintiff incorporates by reference and restates herein each of the foregoing paragraphs.

55.    As explained above, Defendants have wrongfully claimed to Paragon in this judicial district that they are joint owners of the intellectual property rights, including copyright rights, in the Paragon Truss Software.

56.    Defendants have threatened to sue Paragon to establish rights in the intellectual property, including copyright, in the Paragon Truss Software.

57.    An actual, present, and justiciable controversy exists between Paragon and Defendants concerning Paragon's sole and exclusive ownership of all copyright rights in the Paragon Truss Software.

58.    Paragon seeks declaratory judgment from this Court that Paragon is the sole and exclusive owner of all copyright rights in the Paragon Truss Software and that no Defendant jointly owns any of the copyright rights in the Paragon Truss Software.

59.    The Paragon Truss Software, including its computer programs, source code, object code, organizational structure, and user interfaces, are original works of authorship containing copyrightable literary and visual arts works for which copyright protection exists under the U.S. Copyright Act, 17 U.S.C. § 101 et seq.

60.    The Paragon Truss Software is fixed in a tangible computer memory that is accessible over a network. The Paragon Truss Software is made available as a software-as-a-service executing on a computer server managed by Paragon.

61.    After Paragon was formed, the President and CEO of Paragon, John Holland, formed a team of Paragon employees and software developers to develop the Paragon Truss Software.

62.    Paragon's employees and contractors, who are subject to work-made-for-hire and intellectual-property assignment requirements to Paragon, have solely authored, developed, modified, and refined the Paragon Truss Software from 2016 through the present as part of and within the scope of their employment and contracted services with Paragon.

63.    Because the Paragon Truss Software, and all modifications and improvements thereto, is a work made for hire, created within the scope of Paragon's employees' and consultant's employment with Paragon, Paragon owns all of the copyright rights in the Paragon Truss Software.

64.    No Defendant created or authored any part of the Paragon Truss Software.

65.    No Defendant designed any of the software architecture or implementation in the Paragon Truss Software.

66.    No Defendant wrote, modified, manipulated, or otherwise contributed to the authorship of the Paragon Truss Software.

67.    None of the Defendants is a joint author of the Paragon Truss Software and none of the Defendants can claim joint ownership of the Paragon Truss Software or any copyright rights therein pursuant to 17 U.S.C. § 201(a).

68.    Paragon has not executed any written assignment or other agreement with any Defendant assigning any of Paragon's right, title, or interest to any copyrightable subject matter in the Paragon Truss Software.

69.    None of the Defendants can claim joint ownership of the Paragon Truss Software or any copyright rights therein pursuant to 17 U.S.C. § 204(a).

70.     Paragon is the sole and exclusive owner of all right, title, and interest, of all copy-right rights in the Paragon Truss Software.

71.     Paragon is entitled to a declaratory judgment that it solely and exclusively owns all right, title, and interest in the copyright rights in the Paragon Truss Software.

72.     Paragon is entitled to a declaratory judgment that no Defendant has any ownership interest to the copyright rights in the Paragon Truss Software.

73.     To the extent that the allegations of this Count may implicate state laws regarding ownership of the property at issue, Paragon also seeks a declaration under those laws that no Defendant has any ownership interest in the Paragon Truss Software.

74.     Defendants' wrongful allegations of joint ownership adversely affect Paragon and create a cloud over Paragon's sole and exclusive title to its proprietary Paragon Truss Software, including all copyright rights therein.

75.     Until the Court determines Paragon's ownership rights in the Paragon Truss Software, Defendants will continue to create confusion in the truss design and manufacturing industry as to the correct ownership of the software, including all copyright rights therein.

## COUNT TWO

### (Declaratory Judgment of Ownership of Trademarks)

76.     Plaintiff incorporates by reference and restates herein each of the foregoing paragraphs.

77.     As explained above, Defendants have wrongfully claimed to Paragon in this judicial district that they are joint owners of the intellectual property rights, including trademark rights, in the Paragon Truss Software.

78.     An actual, present, and justiciable controversy exists between Paragon and Defendants concerning Paragon's sole and exclusive ownership of all trademark rights in the Paragon Truss Software.

79.     Paragon seeks declaratory judgment from this Court that Paragon is the sole and exclusive owner of all trademark rights in the Paragon Truss Software and that no Defendant jointly owns any of the trademark rights in the Paragon Truss Software.

80.     The software name, logos, and non-functional look and feel of the user interfaces, screen display, or distinctive colors or designs of the Paragon Truss Software are protectable as trademarks under the Lanham Act ("Paragon Marks").

81.     The Paragon  Marks include, but are not limited to, the commercial name "Truss Pal" that Paragon uses to brand its Paragon Truss Software.

82.     Paragon is the first to use the Paragon Marks in United States commerce.

83.     No Defendant uses the Paragon Marks in United States commerce.

84.     Paragon has not transferred or assigned any ownership interest in the Paragon Marks to any Defendant. For example, Paragon has not executed any written assignment or other agreement with any Defendant assigning any of Paragon's right, title, or interest to any trademarks or trade dress in the Paragon Truss Software.

85.     None of the Defendants can claim joint ownership of the Paragon Truss Software or any trademark rights therein pursuant to 15 U.S.C. § 1060(a)(3).

86.     Paragon is the sole and exclusive owner of all right, title, and interest, in all trademarks, in the Paragon Truss Software.

87.     Paragon is entitled to a declaratory judgment that it solely and exclusively owns all right, title, and interest in the trademark rights in the Paragon Truss Software.

16

88.     Paragon is entitled to a declaratory judgment that no Defendant has any ownership interest in the trademark rights in the Paragon Truss Software.

89.     To the extent that the allegations of this Count may implicate state laws regarding ownership of the property at issue, Paragon also seeks a declaration under those laws that no Defendant has any ownership interest in the Paragon Truss Software.

90.     Defendants' wrongful allegations of joint ownership adversely affect Paragon and create a cloud over Paragon's sole and exclusive title to its proprietary Paragon Truss Software, including all trademark rights therein.

91.     Until the Court determines Paragon's ownership rights in the Paragon Truss Software, Defendants will continue to create confusion in the truss design industry as to the correct ownership of the software, including all trademark rights therein.

## COUNT THREE

### (Declaratory Judgment of Ownership of Patentable Inventions in the Paragon Truss Software)

92.     Plaintiff incorporates by reference and restates herein each of the foregoing paragraphs.

93.     As explained above, Defendants have wrongfully claimed to Paragon in this judicial district that they are joint owners of the intellectual property rights, including patent rights, in the Paragon Truss Software.

94.     An actual, present, and justiciable controversy exists between Paragon and Defendants concerning Paragon's sole and exclusive ownership of all patent rights in the Paragon Truss Software.

95.     Paragon seeks declaratory judgment from this Court that Paragon is the sole and exclusive owner of all patent rights and patentable inventions in the Paragon Truss Software and

no Defendant jointly owns any patent rights and inventions, including any patents that may issue thereon, in the Paragon Truss Software.

96.     The Paragon Truss Software includes certain inventions that may be the subject of patent protection pursuant to the U.S. Patent Act, 35 U.S.C. § 101 *et seq*.

97.     Employees of Paragon alone contributed to the conception of the inventions embodied in the Paragon Truss Software.

98.     Employees of Paragon alone contributed to the reduction to practice of the inventions embodied in the Paragon Truss Software.

99.     Paragon's employees were under an obligation to assign, and did assign, any patentable subject matter and inventions embodied in the Paragon Truss Software to Paragon.

100.     No Defendant contributed to the conception of the inventions embodied in the Paragon Truss Software.

101.     Qualtim and DrJ only performed verification and testing services to confirm the accuracy of the Paragon Truss Software in accordance with well-known industry standards and provided known default values for use in the Paragon Truss Software. Qualtim, DrJ, and CBI did not contribute any patentable subject matter to the Paragon Truss Software.

102.     Paragon has not transferred or assigned any ownership interest in the Paragon Truss Software, or any patent rights in the software, to any Defendant. For example, Paragon has not executed any written assignment or other agreement with any Defendant assigning any of Paragon's right, title, or interest to any patentable subject matter in the Paragon Truss Software.

103.     None of the Defendants can claim joint ownership of the Paragon Truss Software or any patent rights therein pursuant to 35 U.S.C. § 261.

104.    Paragon is the sole and exclusive owner of all right, title, and interest, of the Paragon Truss Software, including any and all inventions and patents that issue thereon.

105.    Paragon is entitled to a declaratory judgment that it is the sole and exclusive owner of all right, title, and interest in the patent rights in the Paragon Truss Software and any and all inventions therein and patents that issue thereon.

106.    Paragon is entitled to a declaratory judgment that no Defendant has an ownership interest in the inventions embodied in the Paragon Truss Software or any patent that issues thereon.

107.    Defendants' wrongful allegations of joint ownership adversely affect Paragon and create a cloud over Paragon's sole and exclusive title to its proprietary Paragon Truss Software, including all patent rights therein.

108.    To the extent that the allegations of this Count may implicate state laws regarding ownership of the property at issue, Paragon also seeks a declaration under those laws that no Defendant has any ownership interest in the Paragon Truss Software.

109.    Until the Court determines Paragon's ownership rights in the Paragon Truss Software, Defendants will continue to create confusion in the truss design industry as to the correct ownership of the software, including all patent rights therein.

## COUNT FOUR

**(Declaratory Judgment of Trade Secret Ownership in the Paragon Truss Software Under the Federal Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836 *et seq.*))**

110.    Plaintiff incorporates by reference and restates herein each of the foregoing paragraphs.

111.    As explained above, Defendants have wrongfully claimed to Paragon in this judicial district that they are joint owners of the intellectual property rights, including federal trade secret rights, in the Paragon Truss Software.

112. An actual, present, and justiciable controversy exists between Paragon and Defendants concerning Paragon's sole and exclusive ownership of all federal trade secret rights in the Paragon Truss Software.

113. Paragon seeks declaratory judgment from this Court that Paragon is the sole and exclusive owner of all federal trade secret rights in the Paragon Truss Software and that no Defendant jointly owns any federal trade secret rights in the Paragon Truss Software.

114. The Paragon Truss Software comprises Paragon's proprietary, non-public, and highly confidential business, scientific, technical, economic, or engineering information, including patterns, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing, as set forth in the definition of a "trade secret" pursuant to 18 U.S.C. § 1839(3).

115. Paragon takes reasonable measures to keep the Paragon Truss Software secret. For instance, Paragon does not share the source code for the Paragon Truss Software with third parties, and if it does, it does so with strict confidentiality requirements in place. Paragon stores the source code for the Paragon Truss Software in a software repository that is only accessible to authorized persons, including only its own employees and software contractors. Paragon uses security measures to log and ensure that only authorized persons have access to the Paragon Truss Software source code and related non-public documentation associated with the proprietary software.

116. Paragon derives actual and potential economic value and business competitive advantages from not making the source code, design, architecture, and implementation of its Paragon Truss Software, and related non-public documentation associated with the software, generally

known to, or readily ascertainable through proper means by, any other person who could otherwise obtain economic value from improper disclosure or use of such information.

117.    On the other hand, none of Qualtim's or DrJ's testing and engineering consulting services provided to Paragon in connection with the Paragon Truss Software constitute a trade secret under the federal Defend Trade Secrets Act because (i) neither Qualtim nor DrJ have taken reasonable measures to keep their testing and engineering consulting services provided to Paragon secret, and (ii) neither Qualtim nor DrJ derive independent economic value from their testing and engineering consulting services provided to Paragon not being generally known to and not being readily ascertainable through proper means by another person who can obtain economic from the disclosure or use of this information provided to Paragon.

118.    For example, Qualtim's software testing services that Paragon purchased was not a trade secret since it was simply used to confirm the operation of certain existing functionality of the Paragon Truss Software.

119.    DrJ's engineering consulting services that Paragon purchased was not a trade secret since it was simply used to confirm the accuracy of certain truss designs generated by the Paragon Truss Software's truss calculations.

120.    DrJ did not take reasonable measures to keep its engineering consulting services secret. For instance, DrJ did not require that Paragon execute a non-disclosure agreement or confidentiality agreement in association with the engineering consulting services DrJ provided to Paragon. Additionally, DrJ's proposed values to use in the Paragon Truss Software are made available to users of the Paragon Truss Software and are therefore not kept secret. And DrJ's proposed values provided to Paragon are well-known and independently derivable by any qualified licensed engineers in the industry based on standard mathematical equations.

21

121.     DrJ also does not derive independent economic value from its engineering consulting services not being generally known to and not being readily ascertainable through proper means by another person who can obtain economic from the disclosure or use of the trade-secret information.

122.     Paragon could have employed any number of qualified engineering-consulting service providers to analyze the accuracy of the known equations for designing trusses in its software. DrJ's testing of the Paragon Truss Software could have been replicated by other consultants and was therefore "readily ascertainable by proper means."

123.     Thus, neither the implementation of well-known truss-design equations in the Paragon Truss Software nor the outputs of those equations (i.e., for comparison with the software's generated outputs) constituted trade secret information owned by DrJ.

124.     Paragon has not transferred or assigned any ownership interest in the Paragon Truss Software, or any trade secrets therein, to any Defendant.

125.     As such, Paragon is the sole and exclusive owner of all right, title, and interest, of all trade secret rights, including federal trade secret rights under the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836 *et seq.*), in the Paragon Truss Software.

126.     Paragon is entitled to a declaratory judgment that it is the sole and exclusive owner of all right, title, and interest in all federal trade secret rights in the Paragon Truss Software.

127.     Paragon is entitled to declaratory judgment that no Defendant owns any right, title, or interest in or to any federal trade secret rights in the Paragon Truss Software.

128.     Defendants' wrongful allegations of joint ownership adversely affect Paragon and create a cloud over Paragon's sole and exclusive title to its proprietary Paragon Truss Software, including all federal trade secret rights therein.

129.     To the extent that the allegations of this Count may implicate state laws regarding ownership of the property at issue, Paragon also seeks a declaration under those laws that no Defendant has any ownership interest in the Paragon Truss Software.

130.     Until the Court determines Paragon's ownership of its trade secret rights, Defendants will continue to create confusion in the truss design industry as to the correct ownership of the Paragon Truss Software, including all federal trade secret rights therein.

## COUNT FIVE

**(Declaratory Judgment of Trade Secret Ownership in the Paragon Truss Software Under the Tennessee Uniform Trade Secrets Act (T.C.A. § 47-25-1701 *et seq.*))**

131.     Plaintiff incorporates by reference and restates herein each of the foregoing paragraphs.

132.     As explained above, Defendants have wrongfully claimed to Paragon in this judicial district that they are joint owners of the intellectual property rights, including Tennessee state trade secret rights, in the Paragon Truss Software.

133.     An actual, present, and justiciable controversy exists between Paragon and Defendants concerning Paragon's sole and exclusive ownership of all Tennessee state trade secret rights in the Paragon Truss Software.

134.     Paragon seeks declaratory judgment from this Court that Paragon is the sole and exclusive owner of all Tennessee state trade secret rights in the Paragon Truss Software and that no Defendant jointly owns any Tennessee state trade secret rights in the Paragon Truss Software.

135.     The Paragon Truss Software comprises Paragon's proprietary, non-public, and highly confidential information, without regard to form, including, but not limited to, technical, nontechnical or financial data, a formula, pattern, compilation, program, device, method,

technique, process, or plan as set forth in the definition of a "trade secret" pursuant to T.C.A. § 47-25-1702(4).

136.    Paragon takes reasonable measures to keep the Paragon Truss Software secret. For instance, Paragon does not share the source code for the Paragon Truss Software with third parties, and if it does, it does so with strict confidentiality requirements in place. Paragon stores the source code for the Paragon Truss Software in a software repository that is only accessible to authorized persons, including only its own employees and software contractors. Paragon uses security measures to log and ensure that only authorized persons have access to the Paragon Truss Software source code and related non-public documentation associated with the proprietary software.

137.    Paragon derives actual and potential economic value and business competitive advantages from not making the source code, design, architecture, and implementation of its Paragon Truss Software, and related non-public documentation associated with the software, generally known to, or readily ascertainable through proper means by, any other person who could otherwise obtain economic value from improper disclosure or use of such information.

138.    On the other hand, none of Qualtim's or DrJ's testing and engineering consulting services provided to Paragon in connection with the Paragon Truss Software constitute a trade secret under the Tennessee Uniform Trade Secrets Act because (i) neither Qualtim nor DrJ have taken reasonable measures to keep their testing and engineering consulting services provided to Paragon secret, and (ii) neither Qualtim nor DrJ derive independent economic value from their testing and engineering consulting services provided to Paragon not being generally known to and not being readily ascertainable through proper means by another person who can obtain economic from the disclosure or use of this information provided to Paragon.

139.    For example, Qualtim's software testing services that Paragon purchased was not a trade secret since it was simply used to confirm the operation of certain existing functionality of the Paragon Truss Software.

140.    DrJ's engineering consulting services that Paragon purchased was not a trade secret since it was simply used to confirm the accuracy of certain truss designs generated by the Paragon Truss Software's truss calculations.

141.    DrJ did not take reasonable measures to keep its engineering consulting services secret. For instance, DrJ did not require that Paragon execute a non-disclosure agreement or confidentiality agreement in association with the engineering consulting services DrJ provided to Paragon. Additionally, DrJ's proposed values to use in the Paragon Truss Software are made available to users of the Paragon Truss Software and are therefore not kept secret. And DrJ's proposed values provided to Paragon are well-known and independently derivable by any qualified licensed engineers in the industry based on standard mathematical equations.

142.    DrJ also does not derive independent economic value from its engineering consulting services not being generally known to and not being readily ascertainable through proper means by another person who can obtain economic from the disclosure or use of the trade-secret information.

143.    Paragon could have employed any number of qualified engineering-consulting service providers to analyze the accuracy of the known equations for designing trusses in its software. DrJ's testing of the Paragon Truss Software could have been replicated by other consultants and was therefore "readily ascertainable by proper means."

144. Thus, neither the implementation of well-known truss-design equations in the Paragon Truss Software nor the outputs of those equations (i.e., for comparison with the software's generated outputs) constituted trade secret information owned by DrJ.

145. Paragon has not transferred or assigned any ownership interest in the Paragon Truss Software, or any trade secrets therein, to any Defendant.

146. As such, Paragon is the sole and exclusive owner of all right, title, and interest, of all trade secret rights, including all state trade secret rights under the Tennessee Uniform Trade Secrets Act (T.C.A. § 47-25-1701 *et seq.*), in the Paragon Truss Software.

147. Paragon is entitled to a declaratory judgment that it is the sole and exclusive owner of all right, title, and interest in all Tennessee state trade secret rights in the Paragon Truss Software.

148. Paragon is entitled to declaratory judgment that no Defendant owns any right, title, or interest in or to any Tennessee state trade secret rights in the Paragon Truss Software.

149. To the extent that the allegations of this Count may implicate other state laws regarding ownership of the property at issue, Paragon also seeks a declaration under those laws that no Defendant has any ownership interest in the Paragon Truss Software.

150. Defendants' wrongful allegations of joint ownership adversely affect Paragon and create a cloud over Paragon's sole and exclusive title to its proprietary Paragon Truss Software, including all Tennessee state trade secret rights therein.

151. Until the Court determines Paragon's ownership of its trade secret rights, Defendants will continue to create confusion in the truss design industry as to the correct ownership of the Paragon Truss Software, including all Tennessee state trade secret rights therein.

## VI. PRAYERS FOR RELIEF

Paragon respectfully requests the entry of a judgment against Defendants as follows:

135.    Declaring that Paragon is the sole and exclusive owner of all right, title, and interest in and to the Paragon Truss Software, including all copyright rights, trademark rights, patent rights, federal trade secret rights, Tennessee state trade secret rights, and all other property rights under federal or state law in the Paragon Truss Software.

136.    Declaring that no Defendant owns any right, title, or interest in or to the Paragon Truss Software, including without limitation any copyright rights, trademark rights, patent rights, federal trade secret rights, or Tennessee state trade secret rights in the Paragon Truss Software.

137.    Declaring Paragon the prevailing party and this case as exceptional and awarding Paragon its reasonable attorneys' fees.

138.    Awarding Paragon all attorneys' fees, expenses, and costs associated with this action; and

139.    Awarding such other and further relief to Paragon as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all claims and issues so triable.

This 23rd day of July, 2024.

Respectfully submitted,


By: */s/ James T. Williams*
    James T. Williams, TN BPR 16341
Robert F. Parsley, TN BPR 23819
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com
Bob.Parsley@millermartin.com

Stephen Kabakoff, GA Bar No. 143164, *application
for pro hac vice admission to be filed*
MILLER & MARTIN PLLC
1180 W. Peachtree Street, NW
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Stephen.Kabakoff@millermartin.com

*Attorneys for Plaintiff Paragon Component
Systems, LLC*