IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| PARAGON COMPONENT SYSTEMS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 1:24-cv-00246-CEA-CHS ) |
| QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, INSPIRED PURSUITS, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**Report of the Parties' Rule 26(f) Planning Meeting**

On October 14, 2024, the parties participated in a Rule 26(f) conference via video conference. James Williams and Stephen Kabakoff represented Plaintiff Paragon Component Systems, LLC ("Paragon"). Mayville La Rosa represented Defendants Qualtim, Inc., Center for Building Innovation, LLC, DrJ Engineering, LLC, Inspired Pursuits, LLC, Kirk Grundahl, and Suzanne Grundahl ("Defendants"). The parties respectfully submit this report and joint discovery plan pursuant to Fed. R. Civ. P. 26(f) and the Court's October 2, 2024, Order (Doc. 24).

a) **Initial Disclosures:** The parties will exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before November 15, 2024.

b) **Subjects of Discovery:** The parties anticipate that discovery will be needed on the following subjects, among others[1]:

---

[1] By identifying potential subjects of discovery, the parties do not stipulate the relevance or admissibility of discovery relating to any such topic(s) and expressly reserve the right to object to the scope of discovery

1. The parties' course of dealing and course of performance relating to the Paragon Software;

2. The parties' understanding of the nature of their relationship as related to the Paragon Software;

3. Development of the Paragon Software, including from the time Defendants' were engaged by Paragon to the present;

4. The business relationship and course of dealing between Daniel Holland and Defendants as related to the Paragon Software;

5. Patent, trade secret, trademark, copyright, and other intellectual property rights as related to the Paragon Software;

6. Defendants' engineering licensure in the State of Tennessee and related services performed;

7. Course of dealing and course of performance between Paragon and Clearspan Inc. relating to the Paragon Software at issue;

8. Paragon's succession plan implementation; and

9. Business operations of each party including but not limited to a list of all of the party's employees with their job descriptions and subcontractors with their independent contractor agreements.

c) **Electronically Stored Information:** The parties agree to electronically scan hard copy documents for production. The parties further agree that the disclosure or discovery of electronically stored information should be handled as follows: To minimize expenses, the parties will request the production of ESI with as much specificity as possible. The production of ESI will be limited to reasonably accessible data from live, readily accessible servers and hard drives in the parties' possession, custody, or control. With respect to emails, the parties agree to cooperate in good faith to attempt to reach agreement about whether electronic searches are necessary and, if such searches are to be performed, the

---

under the Federal Rules of Civil Procedure and the admissibility of any information adduced during discovery pursuant to the Federal Rules of Evidence.

search methodology to be used (including, without limitation, appropriate timeframes, custodians, and search terms). Any negotiations regarding search methodology will not delay the production of other ESI or non-ESI documents, materials, or information that is responsive to a discovery request and otherwise required to be produced pursuant to the Federal Rules of Civil Procedure. The parties have agreed to produce ESI in a regularly available format (PDF or TIFF). The parties agree to discuss in good faith other issues, including but not limited to the production of native files and metadata, as those issues arise. The default standards described in Federal Rule of Civil Procedure 26(e) will otherwise apply.

d) **Protective Order.** The parties have discussed the extent to which they anticipate confidential, proprietary, and privileged information will be at issue in this action. The parties will endeavor to agree to submit for the Court's consideration a proposed agreed protective order that will cover confidential and proprietary information.

e) **Start/End Discovery.** In addition to mandatory initial disclosures, *supra*, Paragon requests early jurisdictional discovery to oppose Defendants' Motion to Dismiss for Lack of Jurisdiction. (Doc. 21). Paragon plans to file a motion requesting a 75-day period for limited jurisdictional discovery, and Defendants will oppose the same. The Court's resolution of Paragon's forthcoming motion will likely impact the timeframe for completion of discovery in this case. The parties anticipate needing (180) days from the date of the Court's decision on Defendants' Motion to Dismiss and Transfer Venue to complete all fact discovery.

f) **Interrogatories.** The number of interrogatories will be limited to twenty-five (25) per party as set forth in Fed. R. Civ. P. 33, unless otherwise ordered by the Court for good cause

shown. Each party shall have thirty (30) days from receipt of interrogatory requests to provide written responses to the requesting party.

g) **Requests for Admission.** The parties have agreed to limit the number of requests for admission to forty (40) requests unless the requesting party can show that additional requests are necessary and reasonable, although the parties agree no limit shall apply to requests for admission limited to authentication of documents. Each party shall have thirty (30) days from its receipt of requests for admission to provide written responses to the requesting party.

h) **Depositions.** The number of depositions will be limited to 10 for Plaintiff and 10 for Defendants, collectively, as set forth in Fed. R. Civ. P. 30. Further, the length of depositions will be limited to 7 hours as set forth in Fed. R. Civ. P. 30.

i) **Other Orders.** The parties anticipate filing a proposed agreed protective order, and Paragon anticipates filing a motion for limited jurisdiction discovery, *supra*. No other orders need to be entered at this time by the Court under Rule 26(c), nor do the parties have any other proposals at this time with respect to the Court entering an order under Rule 16(b) or 16(c).

j) **Settlement.** The parties have discussed the potential for settlement and agree that it is unlikely to occur.

k) **Trial.** The parties estimate that trial of this case will require five (5) days. The parties suggest a trial date in December 2025.

l) **Other matters.** N/A.

Respectfully submitted by:

*/s/* James T. Williams

James T. Williams, TN BPR 16341
Robert F. Parsley, TN BPR 23819
Erin E. Steelman, TN BPR 38463
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com
Bob.Parsley@millermartin.com
Erin.Steelman@millermartin.com

Stephen E. Kabakoff, GA Bar No. 143164,
*appearing pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street, NW, Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Stephen.Kabakoff@millermartin.com

***Attorneys for Plaintiff***

*/s/* Mayville La Rosa

Mayville La Rosa, WI Bar No. 1119613
*appearing pro hac vice*
Law Office of Mayville La Rosa, Esq.
200 E. Verona Ave., Suite 5003
Verona, WI 53593
Telephone: (858)-776-4906
mlarosaesq@gmail.com

Michael J. Bradford, TN Bar No. 022689
Luedeka Neely, P.C.
900 S. Gay Street, Suite 1504
Knoxville, TN 37902
Telephone: (865)-546-4305
MBradford@Luedeka.com

***Attorneys for Defendants***