IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| PARAGON COMPONENT SYSTEMS, LLC, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No.: 1:24-cv-00246-CEA-CHS |
| QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, INSPIRED PURSUITS, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL, | ) |
| Defendants. | ) |

## PARAGON'S BRIEF IN SUPPORT OF ITS MOTION FOR A LIMITED INITIAL JURISDICTIONAL DISCOVERY PERIOD AND TO STAY DEADLINE TO RESPOND TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Paragon Component Systems, LLC ("Paragon") submits this memorandum of law in support of its motion for a limited initial discovery period of 75 days focused on the issues of jurisdiction, venue, and joinder raised in the Defendants' pending Motion to Dismiss (Doc. 21) (the "Motion"). Paragon previously requested an extension of time to respond to the Motion, expressly noting therein its intention to move this Court for a limited initial discovery period solely for the purposes of conducting jurisdictional discovery. (Doc. 32 at 1-2). The Court granted Paragon's' request, extending its response deadline to November 15, 2024. (Doc. 33).

Paragon submits that limited jurisdictional discovery will allow the Court to consider all relevant facts needed to resolve the Motion and provide Paragon an opportunity to challenge the accuracy and credibility of Defendants' affidavits and other cited exhibits attached to the Motion. Accordingly, Paragon respectfully asks the Court to grant its request for a limited 75-day period

1

of jurisdictional discovery and to stay the current deadline to respond to the Motion until 30 days after the limited jurisdictional discovery period ends.

## I.  INTRODUCTION

At its core, this case is a declaratory judgment action seeking to confirm Paragon's sole ownership of its intellectual property rights in and to the truss-design software that Paragon developed in this District. (*See generally* Doc. 1.) Paragon—a limited liability company formed under the laws of Tennessee and operating within its borders—is the creator and sole owner of the truss-design software at issue in this dispute. (*Id.* at ¶¶ 1-3.) As Paragon developed its truss-design software over several years, one or more of the Defendants provided engineering consulting services to validate the software's calculations and test its accuracy. (*Id.* at ¶ 4.) Despite this limited consultation role for which they were fully compensated, Defendants nonetheless have repeatedly threatened Paragon with baseless assertions of ownership rights in the software. (*Id.* at ¶¶ 6-8.) Because Paragon is in the business of developing and commercializing its truss-design software, which is its primary asset and source of future revenue, Defendants' threats could have a significant detrimental effect. Defendants are essentially attempting to misappropriate the ownership of substantially all of Paragon's assets.

Accordingly, Paragon brought this declaratory judgment action to confirm its sole ownership of the Paragon truss-design software as a matter of law. (*Id.* at ¶ 8.) In response, Defendants moved to dismiss the Complaint, asserting—as relevant to this motion—that this Court does not have personal jurisdiction and is not a proper venue, despite this action arising from Defendants' long-term business relationship with Paragon, a Tennessee company, Defendants' repeated assertions of ownership over the software developed by that Tennessee-based company,

and the fact that the Tennessee company has sole custody, possession, and control of the software at issue. (*See* Doc. 21; Doc. 22 at 9-15.)

Paragon has a well-founded belief that there are additional facts not yet in its possession concerning Defendants' activities in, and connections to, this District that would aid this Court in ruling on the Defendants' Motion. Paragon therefore respectfully requests leave to conduct a limited 75-day period of jurisdictional discovery relating to Defendants' businesses and other activities in Tennessee and in this District as a safeguard to ensure that all material facts to the personal jurisdiction and venue issues in Defendants' Motion are before the Court for review.

## II.  STANDARD OF REVIEW

When deciding a motion to dismiss for lack of jurisdiction, a district court may decide the motion upon affidavits alone; permit jurisdictional discovery to aid in deciding the motion; or conduct an evidentiary hearing to resolve any apparent factual questions. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Serras v. First Tennessee Bank Nat. Ass'n.*, 875 F.2d 1212, 1214 (6th Cir. 1989)). The decision whether to allow additional jurisdictional discovery is within the Court's discretion. *KNC Invs., LLC v. Lane's End Stallions, Inc.*, 579 F. App'x 381, 385 (6th Cir. 2014) (citing *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). A party seeking limited jurisdictional discovery must give the court a reasonable basis to expect that the discovery would reveal evidence supporting the claimed jurisdiction. *C.H. By & Through Shields v. United States*, 818 F. App'x 481, 484 (6th Cir. 2020) (citing *Chrysler*, 643 F.2d at 1240). The party opposing dismissal "must be given an ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *See Gilbert v. Ferry*, 401 F.3d 411, 415 (6th Cir.) (citing *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 451 (6th Cir. 1988) (abrogated on other

3

27959594v2
Case 1:24-cv-00246-CEA-CHS   Document 37   Filed 10/24/24   Page 3 of 8   PageID #: 353

grounds by *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 112 S.Ct. 2160, 119 (1992))), *on reh'g in part*, 413 F.3d 578 (6th Cir. 2005).

III. <u>**LAW AND ARGUMENT**</u>

A. <u>**The Court Should Grant Limited Discovery to Determine the Full Nature and Scope of Defendants' Contacts with Tennessee.**</u>

In Defendants' Motion to Dismiss and supporting Memorandum of Law, Defendants devote a majority of their argument on their assertion that this Court lacks specific personal jurisdiction over them. (*See, e.g.,* Doc. 21; Doc. 22 at 9-15.) Defendants contend Paragon cannot satisfy the Sixth Circuit's three-prong test to determine whether an exercise of specific personal jurisdiction satisfies due process, namely, (1) that Defendants purposefully availed themselves of the privilege of acting in Tennessee or causing a consequence in Tennessee; (2) that the causes of action in the Complaint asserted against Defendants arise from Defendants' activities in Tennessee; and (3) that Defendants' acts or consequences have a substantial enough connection with Tennessee to make the exercise of jurisdiction reasonable. (*See* Doc. 22 at 9-10 (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

Courts must consider a "variety" of interests and facts in performing the three-prong due process analysis. *See Jack Henry & Assocs., Inc. v. Plano Encryption Techs. LLC*, 910 F.3d 1199, 1206 (Fed. Cir. 2018) (quoting *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 582 U.S. 255, 263 (2017)); *Apple Inc. v. Zipit Wireless, Inc.*, 30 F.4th 1368, 1378-79 (Fed. Cir. 2022); *see also Kulko v. Superior Ct. of California In & For City & Cnty. of San Francisco*, 436 U.S. 84, 92, 98 (1978) ("Like any standard that requires a determination of reasonableness, the minimum contacts test . . . is not susceptible of mechanical application; rather, the facts of each case must be weighed . . .) (quoting *Hanson v. Denckla*, 357 U.S. 235, 246 (1958)) (internal quotation marks omitted). As pertinent to declaratory judgment actions involving patent disputes, these factors may include

4

"initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1334 (Fed. Cir. 2008). They also include "communications threatening suit or proposing settlement or patent licenses." *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1154, 1155 (Fed. Cir. 2021) (citing *Jack Henry*, 910 F.3d at 1201, 1206; *Genetic Veterinary Sciences, Inc. v. LABOKLIN, GmbH & Co. KG*, 933 F.3d 1302, 1312 (Fed. Cir. 2019)). A district court also may consider a defendant's "enforcement activities" purposefully directed toward the forum state. *See generally Trimble*, 997 F.3d 1147; *Avocent*, 552 F.3d 1324; *Jack Henry*, 910 F.3d 1199.

Paragon does not intend to litigate the merits of Defendants' Motion to Dismiss here. However, the foregoing discussion on the relevant jurisdictional factors illustrates the benefit a limited jurisdictional discovery period would provide to this Court in deciding Defendants' Motion. While Paragon intends to oppose Defendants' Motion with affidavits establishing a *prima facie* case for specific jurisdiction, not all facts relevant to the analysis are readily within Paragon's possession. In fact, "the plaintiff need not be the forum resident toward whom any, much less all, of the defendant's relevant activities were purposefully directed." *Akro Corp. v. Luker*, 45 F.3d 1541, 1547 (Fed. Cir. 1995) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984); *Calder v. Jones*, 465 U.S. 783, 789-90 (1984)). In other words, the Defendants' activities in this District, even if not specifically directed to Paragon, are relevant to the analysis. Paragon should be entitled to investigate such activities. Further, Paragon should be given an opportunity to challenge the veracity and credibility of Defendants' relied-on declarants' testimony.

Paragon maintains it can establish a *prima facie* case demonstrating that jurisdiction and venue are proper via affidavits alone, for example, based on evidence in its possession that (1) the

5

27959594v2

Case 1:24-cv-00246-CEA-CHS   Document 37   Filed 10/24/24   Page 5 of 8   PageID #: 355

Defendants have traveled to Tennessee to provide consulting services relating to the Paragon truss-design software, and (2) that Defendants have directed substantial (and relevant) communications, enforcement activities, and business outreach in Tennessee. (*See* Doc. 1-8; Doc. 1-9; Doc. 1-10; Doc. 1-11; Doc. 1-12; Doc. 1-13; Doc. 1-14; Doc. 1-15; Doc. 1-16; Doc. 1-17.) However, Paragon also acknowledges that additional facts pertinent to the jurisdictional and venue analysis are outside of its possession and would only be obtainable via the requested limited discovery. For example, while the Declarations of Kirk and Suzanne Grundahl allege the Defendants have had negligible business activities in Tennessee, (Doc. 22-2 at ¶¶ 4-7, 12-20, 23-33, 38-45; Doc. 22-4 at ¶¶ 4-10; Doc. 22-5 at ¶¶ 3-15, 21), Paragon has a well-founded belief these assertions do not accurately represent Defendants' activities. Indeed, Mr. Grundahl acknowledges Defendant DrJ Engineering, LLC ("DrJ") is licensed to perform engineering services in Tennessee, and he does not deny DrJ performs engineering services in Tennessee, despite his assertion that DrJ "has never marketed or advertised in Tennessee." (Doc. 22-2 at ¶¶ 40-41, 43.) The full extent of DrJ's activities in Tennessee—much like the activities of the other Defendants—are therefore currently unknown to Paragon. Paragon thus requests additional discovery relating to Defendants' business and activities directed at Tennessee, which would provide additional clarity to guide this Court's decision on Defendants' Motion to Dismiss.

## IV. CONCLUSION

For the foregoing reasons, Paragon respectfully requests this Court grant leave to conduct limited jurisdictional discovery for 75 days solely for the purpose of allowing Paragon to adduce additional evidence relevant for deciding Defendants' Motion to Dismiss (Doc. 21), and to stay Paragon's deadline to respond to the Motion until 30 days after the completion of this limited initial jurisdictional discovery period.

6

Respectfully submitted this 24th day of October, 2024.

/s/ James T. Williams
James T. Williams, TN BPR 16341
Robert F. Parsley, TN BPR 23819
Erin E. Steelman, TN BPR 38463
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com
Bob.Parsley@millermartin.com
Erin.Steelman@millermartin.com

Stephen Kabakoff, GA Bar No. 143164,
*appearing pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street, NW Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Stephen.Kabakoff@millermartin.com

**Attorneys for Plaintiff Paragon Component Systems, LLC**

## CERTIFICATE OF SERVICE

I certify that on October 24, 2024 a copy of the foregoing Plaintiff's Motion for A Limited Jurisdictional Discovery Period and to Stay Deadline to Respond to Defendants' Motion to Dismiss is being served on all counsel of record by electronically filing it via the Court's filing system.

MILLER & MARTIN PLLC

/s/James T. Williams
James T. Williams, TN BPR 16341
Robert F. Parsley, TN BPR 23819
Erin E. Steelman, TN BPR 38463
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com
Bob.Parsley@millermartin.com
Erin.Steelman@millermartin.com

***Counsel for Plaintiff Paragon Component Systems, LLC***