IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| PARAGON COMPONENT SYSTEMS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 1:24-cv-00246-CEA-CHS |
| QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, INSPIRED PURSUITS, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO SEAL**

Pursuant to Federal Rules of Civil Procedure 5.2(d), Local Rule 26.2, and this Court's Memorandum and Order Regarding Sealing Confidential Information (Doc. 5), Plaintiff Paragon Component Systems, LLC ("Paragon"), by and through its undersigned counsel, submits this response in opposition to the Defendants' Motion for Leave to File Document Under Seal in Support of Their Motion to Dismiss (Doc. 30) (the "Motion"). As established below, Defendants fail to meet their high burden of showing sealing is warranted. Their Motion is both facially and substantively deficient and, consequently, should be denied.

**STANDARD TO SEAL**

As the Court knows, there is a high burden to overcome the strong presumption in favor of judicial openness in making court-filed documents available to the public. *See, e.g., In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983); *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) ("[t]he public has a strong interest in obtaining the information contained in the court record") (quoting *Brown & Williamson Tobacco Corp. v.*

*F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). "Only the most compelling reasons can justify non-disclosure of judicial records" and, even when a such is established, "the seal itself must be narrowly tailored to serve that reason." *Id*.

This Court's Order Regarding Sealing Confidential Information (Doc. 5) is clear that compelling reasons are required to substantiate a claim to seal documents. (*See* Doc. 5 at 3-4). A court may seal documents only if a party shows: "(1) there is a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Moros Am.*, 767 F. App'x 635, 637 (6th Cir. 2019). The proponent of the sealing – here, Defendants – "must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id*. at 305-06 (citations omitted). They must "articulate specific facts showing clearly defined and serious injury resulting from the [disclosure of judicial records] and cannot rely on mere conclusory statements." *UCB, Inc. v. Catalent Pharma Solutions, Inc.*, 2021 WL 5828014, at *1 (E.D. Ky. Mar. 15, 2021) (citing *In re Skelaxin (Metaxalone) Antitrust Litig.*, 292 F.R.D. 544, 549 (E.D. Tenn. 2013)). "[N]either harm to reputation of the producing party nor conclusory allegations of injury are sufficient to overcome the presumption in favor of public access." *In re Southeastern Milk Antitrust Litig.*, 666 F. Supp. 2d 908, 915 (E.D. Tenn. Sept. 25, 2009) (citing *Joy v. North*, 692 F.2d 880, 884 (2d Cir. 1982) ("A naked conclusory statement that [disclosure will injure a producing party]… falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal")). At a minimum, a "party's assertion that information it seeks to seal constitutes legitimate trade secrets must be supported by an affidavit." *UCB*, 2021 WL 5828014, at *1.

**DOCUMENTS AT ISSUE**

Though the Court directed the parties "to be very selective in the information they seek to seal" in accordance with its Order, Defendants present only conclusory, general statements concerning the confidential nature of the underlying documents and alleged harm to justify sealing. (Doc. 5 at 4). Such statements fail to satisfy the high burden required to overcome the presumption of openness.

Defendants rely exclusively upon a declaration of Kirk Grundahl to support their Motion to Seal (Doc. 29-1) that is riddled with deficiencies. First, the declaration is facially deficient under 28 U.S.C. § 1746, as it does not contain the "penalty of perjury" language to warrant the truth of its contents. Because "[t]he Sixth Circuit held in *Bonds v. Cox* that a declaration is permitted to be used as evidence 'only if subscribed as true under penalty of perjury and dated,'" the Court should strike Kirk Grundahl's declaration for failure to comply with the statutory requirement that an unsworn declaration's contents be subscribed as true. *See In re FristEnergy Corp. Sec. Litig.*, 2024 WL 1984802, at *4 (S.D. Ohio May 6, 2024) (quoting *Bonds v. Cox*, 20 F.3d 697, 702 (6th Cir. 1994)). Without the declaration, there is no basis for the documents to be sealed.

Regardless, Kirk Grundahl's declaration is also substantively deficient, as it merely states in a superficial, conclusory fashion that the documents contain confidential information that warrants sealing. The declaration only offers one or two conclusory allegations for each exhibit to demonstrate why sealing is justified. This falls "woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal." *In re Southeastern Milk Antitrust Litig.*, 666 F. Supp. 2d at 915 (citations omitted). As shown below, Defendants cannot show a compelling reason for sealing the underlying exhibits.

With respect to Exhibit 2, a meeting agenda, Defendants seek to redact the names and initials of some of their own attendees, as well as general task assignments and terminology. Though this is labeled as "confidential business information" by Defendants, there is nothing confidential or specific to the Defendants' businesses in these proposed redactions. (Doc. 29-1 at ¶ 6). And, Defendants' claim that it "would harm the business should it be made available to the public" is unsubstantiated. (*Id*.).

Exhibit 3 is an employee's timesheet, akin to attorney billing records which are regularly filed on the public docket. Though Defendants claim these redactions are necessary to "protect the employee's privacy," there is no sensitive personal information specific to the employee in these records. (Doc. 29-1 at ¶ 7). Instead, the records simply describe and track the employee's time.

As to Exhibit 4, another meeting agenda, Defendants again seek to redact names of attendees and general agenda topics. Defendants' claim this information would "aid competitors to connect dots they would not otherwise even know to connect" is speculative, at best. (Doc. 29-1 at ¶ 8). It is difficult to conceive how such broad, undetailed information could be used competitively. This information does not reveal any specific business strategies of Defendants.

Exhibit 5 is yet another meeting agenda. Defendants again seek to redact the names of attendees in order to "protect the privacy interest of certain employees." (Doc. 29-1 at ¶ 9). But Defendants have not explained how the attendees' names are confidential in nature, nor alleged any injury in the event these names are disclosed. Defendants further seek to redact "specific proprietary information protected by the Trade Secrets Act." (*Id*.) But that is all Defendants say. Defendants make no effort to show that the information is secret and not generally known, nor that the information has economic value as a result of being kept secret or that it is subject to any security measures as would be required to qualify as a protectible trade secret. Defendants' blanket

assertion that the redacted information constitutes a trade secret worthy of protection and sealing from the public is facially insufficient.

As to Exhibit 6, a record from a meeting between the parties, Defendants make the conclusory assertion that "[d]isclosure of the redacted information would result in harm by impacting business competitive standing and affecting company's leverage and posture in current and future negotiations." (Doc. 29-1 at ¶ 10). But Defendants fail to explain *how* the redacted material allegedly gives them a competitive advantage or would be harmful if disclosed to competitors. Defendants purport to redact general terminology that is not specific to its businesses, and no detailed information is included in the redactions. The meeting agenda is simply a broad outline of discussion topics that does not warrant sealing.

Regarding Exhibit 7, a *calendar entry* for an August 2023 meeting, Defendants contend that redaction is necessary to protect the interest of third parties. (Doc. 29-1 at ¶ 11). Defendants fail to identify any third parties that they seek to protect, and the calendar entries simply reflect meeting dates/times and travel plans without disclosing any other details. There is simply no confidential information contained in Exhibit 7 that warrants non-disclosure.

Exhibit 8 is another meeting agenda. Defendants claim the redacted information is "confidential information and falls within the definition of a trade secret." (Doc. 29-1 at ¶ 12). But, again, Defendants make this blanket assertion without any support. This is because Defendants cannot show the general terminology it seeks to redact is a secret and not generally known.

As to Exhibits 10-11, Defendants claim the parties' invoices "provide competitors with an inside look at the Defendant's [*sic*] business strategies and potential customers." (Doc. 29-1 at ¶ 13). However, the Defendants do not seek to redact anything other than information related to work done for *Paragon* and line-item expense entries. Like with the employee timesheet, *supra*,

5

there is little, if any, difference between these invoices and attorney billing records that are regularly part of the public docket. There is nothing confidential or specific to Defendants' businesses in these invoices to warrant sealing.

Exhibit 12 is a chart purporting to outline the business relationships between certain parties. Defendants claim sealing of this document is warranted "due to the commercially sensitive nature of this information and the risk that it could be used to gain an unfair advantage over company [*sic*] or the non-parties." (Doc. 29-1 at ¶ 14). This document, however, simply contains a description of purported business relationships and operations of several entities. It does not disclose any detailed information about the underlying software or related intellectual property that could be used competitively. This litigation is premised on the parties' business relationship and dealing; thus, the public has a strong interest in this document being included in the record.

Though Defendants seek to seal Exhibit 13, a calendar invitation setting a meeting, the declaration only includes one sentence addressing why protection is warranted: "**Exhibit 13 are meetings related to strategic planning.**" (Doc. 29-1 at ¶ 12) (emphasis in original). This completely fails to meet the high burden for sealing. Regardless, the calendar entries reflecting the setting of meetings and related travel plans are not confidential.

As to Exhibit 14, "a hand drawn sketch of the partnership between Paragon [] and DrJ," Defendants claim the redactions are necessary to "protect confidential business strategy information." (Doc. 29-1 at ¶ 15). Defendants do not claim any alleged injury in the event of its disclosure. And, given that the drawing contains only scant details and simply outlines an organization for the responsibilities and the purported relationship of certain parties, it does not rise to the level of confidential information that should be sealed.

6

Defendants claim that Exhibit 16, the operating agreement of Inspired Pursuits, LLC, is "redacted to protect confidential financial information of IP-LLC." (Doc. 29-1 at ¶ 16). The only information Defendants seek to redact is the amount of capital contributions from each member. Nothing in the document itself indicates that this financial information is subject to confidentiality. There is nothing confidential about the mere *amount* of members' contributions and investments in a company, and Defendants have not alleged any harm that would result if disclosure occurred.

Finally, as to Exhibit 21, a business record, Defendants contend redaction is needed "to protect Information that would provide competitors with an inside look at Defendant's business strategies and potential customers." (Doc. 29-1 at ¶ 17). But again, Defendants do not explain *how* the redacted material gives them a competitive advantage or would be harmful if disclosed to competitors. Instead, the redacted material merely provides general descriptions of the Defendants' business practices, as well as Defendants' relationship and work with Paragon, information paramount to this litigation. This information is not confidential and should be available to the public.

In summary, Defendants simply fail to adequately explain why information in the foregoing exhibits is entitled to the dignity of sealing. Defendants cannot rely on conclusory, blanket assertions to overcome the strong presumption in favor of judicial openness. Accordingly, the Court should deny the Defendants' Motion to Seal (Doc. 29), as they have failed to demonstrate any compelling reasons for sealing as required by this Court's Order Regarding Sealing Confidential Information (Doc. 5) and applicable law.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Seal (Doc. 29) should be denied in its entirety. The Court should order that all exhibits underlying the Defendants' Motion are to be unsealed and made part of the public record.

Respectfully submitted this 25th day of October, 2024.

                **MILLER & MARTIN PLLC**

                */s/James T. Williams*
                James T. Williams, TN BPR 16341
                Robert F. Parsley, TN BPR 23819
                Erin E. Steelman, TN BPR 38463
                832 Georgia Avenue, Suite 1200
                Chattanooga, TN 37402-2289
                Telephone: (423) 756-6600
                James.Williams@millermartin.com
                Bob.Parsley@millermartin.com
                Erin.Steelman@millermartin.com

                Stephen E. Kabakoff, GA Bar No. 143164,
                *appearing pro hac vice*
                MILLER & MARTIN PLLC
                1180 W. Peachtree Street, NW
                Suite 2100
                Atlanta, Georgia 30309
                Telephone: (404) 962-6100
                Stephen.Kabakoff@millermartin.com

                ***Counsel for Plaintiff Paragon Component Systems, LLC***

# CERTIFICATE OF SERVICE

I certify that on October 25, 2024 a copy of the foregoing Plaintiff's Response in Opposition to Defendants' Motion to Seal is being served on all counsel of record by electronically filing it via the Court's filing system.

MILLER & MARTIN PLLC

*/s/James T. Williams*
James T. Williams, TN BPR 16341
Robert F. Parsley, TN BPR 23819
Erin E. Steelman, TN BPR 38463
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com
Bob.Parsley@millermartin.com
Erin.Steelman@millermartin.com

***Counsel for Plaintiff Paragon Component Systems, LLC***