IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| PARAGON COMPONENT SYSTEMS, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: 1:24-cv-00246-CEA-CHS |
| QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, INSPIRED PURSUITS, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO SEAL**

Defendants submit this reply to Plaintiff's Opposition to Defendants' Motion to Seal Exhibits.

Plaintiff's analysis of Defendants' motion to seal misses the longstanding importance of right to privacy. Meeting agendas and employee timesheets redact the name of individuals who are not party to this suit and their individual privacy need not be litigated in great detail. Employees' rights to privacy have been clearly set out by the Supreme Court; starting with the Supreme Court case of *Griswold v. Connecticut*, 381 U.S. 479 (1965). Although the case facts are distinguishable, the court's analysis of inferring the right of individual privacy from constitutional amendments and the Bill of Rights should be followed. *Griswold* affirms that the

association of people is not mentioned in the Constitution nor in the Bill of Rights, yet the First Amendment is construed include certain of those rights.

In this case, we need not argue about the privacy of whether those employees want to publicly be associated with Defendants. It would be a waste of public resources to litigate the importance of individual privacy of those persons not related to this case. To further this point, Plaintiff's counsel wrote an article on how private employers should take notice from a Supreme Court case *Orion v. Quon*, 560 U.S. 746 (2010) [1] warning that employees may sue regarding invasion of privacy. The redaction of employees' names does not disturb the public's interest in obtaining information about this case.

In regard to Plaintiff's issue with Kirk Grundahl's declaration, Plaintiffs argue that the penalty of perjury statement pursuant to 28 U.S.C. § 1746 was not included. An updated declaration from Kirk Grundahl is provided herewith that includes a penalty of perjury statement, along with a more detailed explanation of the reason for each redaction. Also, after further review, Defendants stipulate that Exhibit 10 does not need to be redacted.

With respect to the asserted trade secrets, the affidavit does not need to explain as to why the redacted contents constitute trade secrets, because the affidavit is not to litigate the merits of this case but to cite reasons as to why Defendants request the redaction. Plaintiff, since its filing of the Complaint, has disregarded Defendants' requests to file motions under seal. The Exhibits Plaintiff filed with its Complaint explicitly and conspicuously include confidentiality notices that explicitly state the documents contain trade secrets, yet Plaintiffs put them on public record and did not give Defendants the opportunity to file a motion to seal even after the Court's order on Sealing Confidential information that clearly stated trade secrets to be an exception. The

---

[1] Five Takeaways From Recent Supreme Court Privacy Ruling, 25 No. 8 Tenn. Emp. L. Letter 5.

redaction requested now is to curtail the damages Plaintiff's action has caused. Furthermore, all information exchanged in this case, redacted or not, should be filed under seal, given that, whether prosecuting or defending this dispute, the information required to be provided will have confidential strategic and tactical implications for all businesses involved. Whether what is being redacted is a trade secret is not to be litigated at this point in the case.

By: s/Mayville La Rosa
Mayville La Rosa *(pro hac vice)*
Law Office of Mayville La Rosa, Esq.
718 Sugar Maple Lane
Verona, WI 53593
Telephone: (608) 800-7353
mlarosa@kfinnovations.com

Michael J. Bradford, BPR No. 22689
LUEDEKA NEELY, P.C.
900 South Gay Street, Suite 1504
P. O. Box 1871
Knoxville, TN 37901-1871
Phone: 865-546-4305
mbradford@luedeka.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 1st day of November, 2024, a copy of the foregoing Defendants' Reply to Plaintiff's Opposition to Motion to Seal was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                            s/Mayville La Rosa
                                            Mayville La Rosa