# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| PARAGON COMPONENT SYSTEMS, LLC, | JUDGE CHARLES E. ATCHLEY, JR. |
| Plaintiff, | |
| v. | CIVIL ACTION NO.: 1:24-CV-00246-CEA-CHS |
| QUALTIM, INC., et al. | |
| Defendants. | **DECLARATION OF KIRK GRUNDAHL IN SUPPORT OF MOTION TO SEAL EXHIBITS FILED** |

I, Kirk Grundahl ("Kirk"), being duly sworn, hereby affirm as follows:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. I have personal knowledge of the matters testified to herein.

2. I am a resident of Wisconsin and reside at 1130 Fairway Court, Lake Mills, Wisconsin, 53551, which is in Jefferson County.

3. I am the President of Qualtim, Inc. ("Qualtim") and DrJ Engineering ("DrJ"), manager-member of Center for Building Innovation, LLC, ("CBI"), and a manager-member of Inspired Pursuits, LLC ("IP-LLC").

4. Our primary business is testing, engineering, and market development where we aid our customers in bringing their innovative products to market through product testing/certification, quality assurance and specialty engineering. In simple terms, we deploy the testing, engineering and marketing expertise of our staff uniquely.

5. Qualtim is located at two physical offices: 6300 Enterprise Lane, Madison, Wisconsin, 53719 and 4319 Twin Valley Road, Middleton, Wisconsin, 53562. Both of these offices are located in Dane County.

6. Qualtim was contracted to be the association management firm for the Wood Truss Council of America (WTCA) in July of 1992 until July of 2021. During this 30-year period, I was the Executive Director of WTCA, which later became the Structural Building Component Association (SBCA). The management of the association included all facets of manufactured truss industry needs including but not limited to: general management, financial management, tradeshow management, engineering management, ANSI/TPI 1 management, testing management, quality management, magazine management, development of all industry publications, website management, etc. *See Exhibit A*, Kirk's CV.

7. Based on my longstanding industry involvement as explained in #6 above, I am very well known to SBC's leadership, staff and general membership. I am thoroughly familiar with all companies that have or will have an interest in the mission of Inspired Pursuits, LLC, who include each of the following:

> a) MiTek, a truss plate manufacturer, engineering company and wood and steel truss design software provider.
>
> b) Alpine, a truss plate manufacturer, engineering company and wood and steel truss design software provider.
>
> c) Simpson, a truss plate manufacturer, engineering company and wood and steel truss design software provider.
>
> d) Eagle Metal, a truss plate manufacturer, engineering company and wood and steel truss design software provider.
>
> e) Cherokee Metal Products, a truss plate manufacturer, engineering company and wood and steel truss design software provider.
>
> f) Every regular and associate member of SBCA who provides truss plates, engineering, software and manufactures metal plate connected wood trusses

and wall panels.

8. Since Plaintiff's Complaint attached confidential and trade secrets as exhibits, there has been increased action on LinkedIn, where the clear goal of these outside parties is to find information to strategically and tactically connect dots. *See Exhibit B* of a portion of recent LinkedIn activity.

9. Exhibit 2 is the agenda from a strategic meeting held at Qualtim facilities January 4-5, 2017. Exhibit 2 is strategically redacted to provide general knowledge about Paragon and DrJ so that any reader would know that Paragon is software and DrJ is engineering, which fits engineering law and was already known to the market through the DrJ creating sealed design drawings for Clearspan Components, Inc. (CCI), which were generated by Paragon data processing. The un-redacted items confirm that the CCI/DrJ/Paragon business relationship and business model, which was necessary to follow all engineering regulations and ethics. The redacted staff listed are no longer Qualtim staff members and we desire to protect their privacy. The rest of the redactions, if un-redacted, will allow IP-LLC competitors to have key words that are tied to industry knowledge that will allow these competitors to have knowledge about IP-LLC activities that otherwise they never would have been able to access in any manner. Exhibit 2 is redacted to provide as much un-redacted information as possible, while still protecting IP-LLC's long-term strategic plan. This is under the presumption that IP-LLC has not been not so completely damaged that it cannot recover from the Paragon complaint, where its release of confidential correspondence, that contained trade secret strategy, was sent with the desire to have Dan Holland's ("Dan") IP-LLC business vision get back on the right track.

10. Exhibit 3 is an employee's timesheet. It is redacted to protect the employee's privacy. The information available sufficiently supports the position that Plaintiff traveled to

Qualtim's facilities during January 2017. The redacted staff members are no longer Qualtim staff members and it is desired to protect their privacy and information that is irrelevant to any Paragon issue. The rest of the redactions account for existing Qualtim NDAs, where key words can connect dots inappropriately and protected interests are involved.

11.     Exhibit 4 is the agenda of a meeting that took place September 13-14, 2017. It is redacted to protect Qualtim and IP-LLC's confidential business strategy information that would aid competitors to connect dots they would not otherwise even know to connect. This is also sealed for the same reason as Exhibit 2.

12.     Exhibit 5 supports a strategic business planning meeting that occurred in May 2018 between Plaintiff and Defendants. The redacted information is to support the privacy interest of certain employees. It also redacts specific business proprietary information protected by the Trade Secrets Act. This is also sealed for the same reason as Exhibit 2.

13.     Exhibit 6 is an agenda regarding strategic plans for the business. Disclosure of the redacted information would result in harm by impacting business competitive standing and affecting company's leverage and posture in current and future negotiations. This is also sealed for the same reason as Exhibit 2.

14.     Exhibit 7 is a calendar entry that supports the occurrence of a summit meeting that occurred in August 2023. The redacted information is to protect the interest of third-parties. This is also sealed for the same reason as Exhibit 2.

15.     Exhibit 8 is an agenda regarding strategic plans for the business. Exhibit 13 are meetings related to strategic planning. The redacted information is confidential information and falls within the definition of a trade secret thus protected by the Trade Secrets Act. This is also sealed for the same reason as Exhibit 2 is sealed.

16.     Exhibits 11 is an invoice that support a 50/50 partnership between founder of Paragon Component Systems, LLC ("Paragon") and Qualtim (and later DrJ as the formal engineering company) who was the creator of the engineering for Dan and Kirk's business vision and the professional engineering firm Dan was relying upon to professionally sign and seal all of CCI's engineered design drawings.   The redacted information contains details that would provide competitors with an inside look at Defendant's business, are not relevant to Paragon's complaint, are not necessary to place into the public domain and provide engineering insight to strategically and tactically connect dots, minor as they seem. This is also sealed for the same reason as Exhibit 2 is sealed.

17.     Exhibit 12 is an illustration of the IP-LLC strategic plan created post a September meeting between Dan, Suzi Grundahl ("Suzi") and Kirk, in Qualtim's offices, to memorialize the mission and vision of IP-LLC, which as to deploy the unique expertise of DrJ's engineering and Paragon's data processing. Public disclosure would cause substantial harm to IP-LLC, Qualtim and DrJ, due to the commercially sensitive nature of this information and the risk that it could be used to gain an unfair advantage over these company's strategic plans current and future. This is also sealed for the same reason as Exhibit 2.

18.     Exhibit 14 is a hand drawn sketch of the of the IP-LLC strategic plan created during a February 27-28, 2024 meeting at the CCI office to explain to Rob Eason, President of CCI and James Holland, Dan's son and CCI staff member, certain business concepts. the mission and vision of IP-LLC. It is redacted to protect confidential business strategic information. This is also sealed for the same reason as Exhibit 2.

19.     Exhibit 16 is redacted to protect confidential financial information of IP-LLC. All other terms of the Operating Agreement are un-redacted. This is also sealed for the same reason as

Exhibit 2. In addition, Inspired Pursuits, LLC (IP-LLC) was set up by Dan, Kirk and Suzi to be a secret business. Prior to this litigation, it was not talked about in any forum because any information leaked would tend toward undermining the stealth strategy that Dan, Kirk and Suzi were deploying. Any information regarding IP-LLC leaked into the market would indirectly provide insights based on the knowledge that the structural building component industry had knowing the knowledge and business acumen of Dan, Kirk and Suzi. We knew that Paragon and Clearspan Components, Inc. (CCI) staff were young, so IP-LLC strategy was not discussed with them because of the possible inadvertent conversations when Paragon or CCI staff would attend any industry function. To protect them from themselves, the less known the better so there was no irrecoverable inadvertent information provided to the entire structural building component industry that would provide connectable dots to thwart IP-LLC.

20. Exhibit 21 is redacted to protect information that would provide competitors with an inside look at Defendant's business strategies and potential customers. The redacted information provides an emerging and evolving IP-LLC business model. This is also sealed for the same reason as Exhibit 2.

**"I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." Executed on October 31, 2024**

_____

**Kirk Grundahl**