UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| PARAGON COMPONENT SYSTEMS, LLC, | ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, |
| v. |
| QUALTIM, INC., *et al.*, |
| Defendants. |

Case No. 1:24-cv-246

Judges Atchley/Steger

## ORDER

This matter is before the Court on Defendants' Motion to File Exhibits in Support of Their Motion to Dismiss Under Seal [Doc. 29]. The Court conducted a hearing on the motion on November 13, 2024.

Defendants claim the proposed redactions to various documents are for protecting trade secrets. Under Tennessee Law,[1] a trade secret is information that has "independent economic value . . . from not being generally known" and "[i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy." TENN. CODE ANN. § 47-25-1702 (West 2024). "The party seeking to seal records has the heavy burden of overcoming the 'strong presumption in favor of openness.'" *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016)).

---

[1] Defendants' Motion to Dismiss argues that this proceeding should be in Wisconsin, not Tennessee. Wisconsin has an almost identical "trade secret" definition to Tennessee. *See* WIS. STAT. § 134.90 (2022). Thus, under either state's law the Court's conclusion is the same.

The Court finds that the contents of the proposed redactions are neither trade secrets on their face,[2] nor is any evidence before the Court that Defendant has undertaken reasonable efforts in conducting its business to protect them as trade secrets. Therefore, it is hereby **ORDERED** that:

1. Defendants' Motion to File Exhibits in Support of Their Motion to Dismiss Under Seal [Doc. 29] is **DENIED**.

2. Defendants shall withdraw their Motion to Dismiss [Doc. 21], Memorandum in Support [Doc. 22], and Proposed Sealed Document [Doc. 30].

3. Defendants shall have two weeks from entry of this Order to file a revised motion to dismiss. This new motion may not add or materially change any arguments put forth in the original motion but may alter language and citations to correspond with updated supporting documentation.

4. Plaintiff shall have two weeks from the filing of Defendants' revised motion to dismiss to file a response.

5. Defendants shall have one week from the filing of Plaintiff's response to file a reply.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[2] They do not readily appear to have independent economic value from not being generally known.