IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| PARAGON COMPONENT SYSTEMS, LLC, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 1:24-cv-00246-CEA-CHS ) |
| QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, INSPIRED PURSUITS, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A FIRST SUPPLEMENTAL OR AMENDED COMPLAINT**

Under Federal Rule of Civil Procedure 15(d), or in the alternative under Rule 15(a), Plaintiff Paragon Component Systems, LLC, ("Paragon") submits this brief in support of its Motion for Leave to File a First Supplemental or Amended Complaint.

Paragon seeks to assert one additional cause of action, for tortious interference, against existing Defendants Kirk Grundahl, Qualtim, Inc. ("Qualtim"), DrJ Engineering, LLC ("DrJ"), and Center for Building Innovations, LLC ("CBI"). Paragon's proposed supplemental or amended complaint does not substantively alter the existing factual allegations and causes of action in its original Complaint, Doc. 1, which was filed on July 23, 2024. Rather, Paragon seeks to assert a new cause of action based on new events that have recently occurred, from October 23, 2024, to the present, months after Paragon filed its original Complaint.

Pursuant to Local Rule 15.1, Paragon has submitted a proposed First Supplemental Complaint, which is attached as **Exhibit 1** to its motion. **Exhibit 1** sets forth additional factual

1

allegations, an additional cause of action, and additional prayers for relief. It also adds references to attorney-fee statutes. This is Paragon's first request to supplement or amend its Complaint.

**I.      The Court Should Permit Paragon to Supplement its Complaint.**

    *A.      Legal standard for supplementation.*

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time." Fed. R. Civ. P. 15(d).

"Supplemental pleadings are governed by Rule 15(d) of the Federal Rules of Civil Procedure, which allows a court to permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented," as here. *Cage v. Harry*, No. 1:09-CV-512, 2010 WL 1254562, at *1 (W.D. Mich. Mar. 26, 2010) (citation omitted). "Amended and supplemental pleadings differ in [that the] former relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading, while the latter deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings." *Sunless, Inc. v. Selby Holdings, LLC*, No. 3:20-CV-00930, 2021 WL 3513871, at *2 (M.D. Tenn. Aug. 10, 2021) (quoting Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed.)). "The purpose of supplemental pleadings under Rule 15(d) is to allow a plaintiff to update [its] complaint to add allegations of later events relating to [its] original complaint." *Sunless*, 2021 WL 3513871, at *2; *see generally* O'Connor's Federal Rules * Civil Trials Ch. 5-I § 4, OCNR-FEDRCIVTR CH 5-I § 4 (2025 ed.).

"Rule 15(d) aims "to give the court broad discretion in allowing a supplemental pleading." Fed. R. Civ. P. 15(d) *advisory committee's note to 1963 amendment*." *Ne. Ohio Coal. for the Homeless v. Husted*, 837 F.3d 612, 625 (6th Cir. 2016). "A motion to supplement a complaint under Fed. R. Civ. P. 15(d) is properly addressed to the discretion of the trial court." *Bormuth v. Whitmer*, 548 F. Supp. 3d 640, 646 (E.D. Mich. 2021) (citation omitted). "[E]xercising its discretion, a trial court should be mindful that supplementation, like amendment, should be freely granted." *Id*. (citation omitted). Thus, the "[s]tandards for granting or denying leave to supplement under Rule 15(d) are the same as those for granting or denying leave to amend under Rule 15(a)." *Envt'l Law & Policy Ctr. v. United States Envt'l Agency*, 349 F. Supp. 3d 703, 709 (N.D. Ohio 2018) (citing *Mattox v. Edelman*, 851 F.3d 583, 592 (6th Cir. 2017) and *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002)).

  B. *Permitting supplementation is appropriate.*

Paragon seeks to assert an additional cause of action, for tortious interference, based on events that have occurred beginning in late October 2024, to the present, months after the original Complaint was filed, Doc. 1. More specifically, the proposed First Supplemental Complaint, **Ex. 1**, alleges that from October 23, 2024, through at least November 7, 2024, Mr. Grundahl posted articles on the website for Qualtim and its affiliates and distributed emails containing the articles to Paragon's employees and to numerous customers and prospective customers of Paragon and others in the truss industry.

As alleged in the proposed First Supplemental Complaint, these articles and emails: (1) improperly comment on this pending litigation; (2) falsely accuse Paragon of practicing engineering without a license; (3) falsely accuse Paragon of misappropriating trade secrets; (4) falsely accuse Paragon of felony theft of trade secrets; (5) falsely accuse Paragon of unlawfully

3

publicizing trade secrets; and (6) otherwise falsely depict Paragon as engaging in improper and unlawful conduct. *See* **Ex. 1**. The emails discourage persons from doing business with Paragon. Mr. Grundahl posted these articles and sent these emails on behalf of himself and Qualtim, DrJ, and CBI. Paragon has already lost sales due to these disparaging communications. Paragon thus seeks to add a claim against existing Defendants Mr. Grundahl, Qualtim, DrJ, and CBI for tortious interference with existing and prospective business relations.

First, Paragon's request to amend is not hampered by any undue delay. The new conduct complained of in the proposed First Supplemental Complaint occurred months after Paragon had filed its initial Complaint. Doc. 1. Paragon has promptly filed its motion to amend after ascertaining that it has in fact been damaged by the disparaging articles and emails. The motion to supplement or amend is filed well within the current scheduling order's deadline for amendments. Doc. 35 at 2.

Second, Defendants would suffer no prejudice should Paragon's motion to supplement be granted. Discovery in this action is just beginning. The new cause of action arises from intentional misconduct by Mr. Grundahl, Qualtim, DrJ, and CBI, which they reasonably should know would subject them to liability. And each is already a Defendant.

Third, permitting the First Supplemental Complaint to be filed also would not disturb the parties' briefing of Defendants' amended motion to dismiss or transfer this case. *See* Doc. 50. The proposed First Supplemental Complaint does not substantively change the factual allegations or causes of action asserted in Paragon's original Complaint, which Defendants have challenged. Doc. 1. Rather, the supplement adds new factual allegations relating to conduct that occurred after the initial Complaint had already been filed, and it adds one new cause of action and additional prayers for relief. **Ex. 1**.

4

Finally, there is good cause for permitting the supplementation. The proposed new cause of action arises largely from the same operative facts as the original Complaint—alleged co-ownership of the Paragon Truss Software—and involves no new parties. In fact, the tortious conduct at issue, which occurred after the filing of the original Complaint, seeks to retaliate against Plaintiff Paragon for filing its Complaint. It would serve judicial efficiency to adjudicate the new cause of action along with Paragon's claims for declaratory judgment. Requiring Paragon to file a new complaint would unnecessarily increase costs and risk inconsistent adjudications relating to facts underlying the falsity of the disparaging emails. *See* 6A Fed. Prac. & Proc. Civ. § 1506 (3d ed. 2024).

For all these reasons, the Court should exercise its broad discretion to permit Paragon to file its proposed First Supplemental Complaint as a supplemental complaint under Rule 15(d).

Were the Court to grant this motion under Rule 15(d), Paragon would file the First Supplemental Complaint. The intent is for the First Supplemental Complaint to supplement, not to supersede, the original Complaint, Doc. 1, and to function together with the original Complaint as the operative complaint in this action—i.e., to function as an "addition[ ] to or continuation[ ] of the earlier pleading[ ]." *See Sunless*, 2021 WL 3513871, at *2. Were the Court to grant the motion under Rule 15(d), but instead were to prefer that Paragon refile its original Complaint, Doc. 1, with the supplemental allegations added to it, Paragon would promptly do so.

**II.  Alternatively, the Court Should Permit Paragon to Amend its Complaint.**

Were the Court to conclude that the proposed First Supplemental Complaint should be construed as an amendment to the original Complaint, rather than as a supplementation, the Court should grant the motion by permitting Paragon to amend its Complaint under Rule 15(a).

Federal Rule of Civil Procedure 15(a)(1)(B) provides that a "party may amend its pleading once as a matter of course no later than: … (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Consistent with this rule, Paragon submits that its proposed First Supplemental Complaint is being filed within 21 days after service of Defendants' currently pending motion to dismiss or transfer. Doc. 50.

Alternatively, Federal Rule of Civil Procedure 15(a)(2) provides that, if a party can no longer amend its pleading as a matter of course, it may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "Though the decision to grant leave to amend is committed to the trial court's discretion, that discretion is limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987); *see Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," leave must be freely given. *Brown*, 814 F.3d at 443 (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

For all the reasons explained above with respect to Paragon's request to supplement its Complaint, which are incorporated by reference here, the Court should permit Paragon to amend its Complaint. Doing so would involve no undue delay, nor would it prejudice Defendants, and there is good cause.

Were the Court to grant this motion under Rule 15(a), Paragon would file the First Supplemental Complaint. The intent is for the First Supplemental Complaint to supplement, not to supersede, the original Complaint, Doc. 1, and to function together with the original Complaint as the operative complaint in this action—i.e., to function as an "addition[ ] to or continuation[ ] of the earlier pleading[ ]." *See Sunless*, 2021 WL 3513871, at *2. Were the Court to grant the motion under Rule 15(a), but instead were to prefer that Paragon refile its original Complaint, Doc. 1, with the supplemental allegations added to it, Paragon would promptly do so.

### III. Conclusion

No circumstances weigh against Paragon's request to add new allegations and a new cause of action to its Complaint. Accordingly, the Court should grant the motion and permit Paragon to file its proposed First Supplemental Complaint. **Ex. 1**. Paragon believes that supplementation under Rule 15(d) is the more appropriate procedural vehicle because the supplemental facts occurred after Paragon had filed its original Complaint. Should the Court disagree, then it should permit Paragon to file its proposed First Supplemental Complaint under Rule 15(a).

Respectfully submitted this 10th day of December 2024.

    s/ Stephen E. Kabakoff

    s/ Robert F. Parsley

James T. Williams, TN BPR 16341
Robert F. Parsley, TN BPR 23819
Erin E. Steelman, TN BPR 38463
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com
Bob.Parsley@millermartin.com
Erin.Steelman@millermartin.com

Stephen E. Kabakoff, GA Bar No. 143164,
*appearing pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street, NW
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Stephen.Kabakoff@millermartin.com

*Attorneys for Plaintiff Paragon Component Systems, LLC*

# CERTIFICATE OF SERVICE

I certify that on December 10, 2024 a copy of the foregoing Brief in Support of Plaintiff's Motion for a Leave to Supplement or Amend Complaint is being served on all counsel of record by electronically filing it via the Court's filing system.

s/ Robert F. Parsley

James T. Williams, TN BPR 16341
Robert F. Parsley, TN BPR 23819
Erin E. Steelman, TN BPR 38463
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com
Bob.Parsley@millermartin.com
Erin.Steelman@millermartin.com

Stephen E. Kabakoff, GA Bar No. 143164,
*appearing pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street, NW
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Stephen.Kabakoff@millermartin.com

*Counsel for Plaintiff Paragon Component Systems, LLC*