# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| PARAGON COMPONENT SYSTEMS, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:24-cv-246 ) |
| QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, INSPIRED PURSUITS, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL, | ) District Judge Atchley ) ) Magistrate Judge Steger ) ) ) ) |
| Defendants. | ) |

## [PROPOSED] FIRST SUPPLEMENTAL COMPLAINT

Plaintiff Paragon Component Systems, LLC ("Paragon") complains as follows.

1. Under Federal Rule of Civil Procedure 10(c), Paragon incorporates by reference here its original Complaint, Doc. 1, in its entirety, including all the factual allegations, jurisdictional and venue allegation, causes of action, and prayers for relief.

### Mr. Grundahls' Disparaging Communications

2. From October 23 to October 29, 2024, after this lawsuit was filed, Defendant Kirk Grundahl posted articles on the website for Defendant Qualtim, Inc. ("Qualtim"), which he then widely distributed to numerous professionals in the truss industry via three emails. He sent copies of these emails to Paragon's employees, customers, and potential customers, which those persons received. Genuine copies of these emails, which contain the substance of the articles posted on Qualtim's website, are attached as Exhibits K, L, and M.[1]

---

[1] The original Complaint has Exhibits A through J, Doc. 1-8 through Doc. 1-17.

3. Mr. Grundahl posted the articles and distributed the emails on behalf of himself and Defendants Qualtim, DrJ Engineering, LLC ("DrJ"), and Center for Building Innovation, LLC ("CBI"). Each of the three emails was sent from Mr. Grundahl's Qualtim email account, is endorsed by "The Qualtim Family of Services," which includes Defendants Qualtim, Dr, and CBI, is signed by Mr. Grundahl as author and sender, and contains a return address for Qualtim.

4. The articles and emails falsely disparage Paragon in various ways and improperly comment on this pending litigation. The articles and emails falsely accuse Paragon of practicing engineering without a license, of misappropriating trade secrets, of theft of trade secrets, and of unlawfully publicizing trade secrets.

### October 23, 2024, Article and Email

5. First, on October 23, 2024, Mr. Grundahl distributed an email with the subject line "Would Dan Holland Sue Dan Holland?" Ex. K. The emailed article makes false claims about the character of Paragon's owner, dissuades people from doing business with Paragon, and misrepresents the business relationships between Paragon, Qualtim, and Inspired Pursuits, LLC.

6. The article emailed on October 23, 2024, for example, falsely accuses Paragon of misappropriating trade secrets and encourages recipients of the email not to do business with Paragon in the future: "Given the misappropriation of trade secrets that has occurred over the past several months, my communication above has been essential to provide needed background in order to allow the structural component manufacturing industry to make informed business decisions going forward." Ex. K.

### October 28, 2024, Article and Email

7. On October 28, 2024, Mr. Grundahl distributed a second email with the subject line "Is Paragon an Engineering Company?" Ex. L. The emailed article makes false claims about

2

Paragon's business, suggests that Paragon is noncompliant with alleged legal requirements, misrepresents the development of the Paragon Truss Software, and attempts to instill doubts about Paragon and the Paragon Truss Software in Paragon's employees, customers, and potential customers.

8. The article emailed on October 28, 2024, for example, falsely accuses Paragon of misappropriating trade secrets and encourages recipients of the email not to do business with Paragon in the future: "Misappropriation of trade secrets and engineering laws are serious issues, hence this communication is essential to provide needed background in order to allow the structural building component manufacturing industry and any independent professional engineer that considers using Paragon to make informed business decisions going forward." Ex. L.

### October 29, 2024, Article and Email

9. On October 29, 2024, Mr. Grundahl distributed an email with the subject line "State and Federal Considerations re: Paragon Actions." Ex. M. This email falsely accuses Paragon of unethical conduct with respect to this litigation, falsely suggests there have been negative findings against Paragon, and makes unfounded allegations about specific Paragon employees.

10. The article emailed on October 29, 2024, for example, after referencing the earlier articles, falsely accuses Paragon of felony theft: "From this foundation, an important question to ask and answer is what federal law may apply to this lamentable situation? • 18 U.S. Code § 1832 – Theft of trade secrets." Ex. M.

11. Mr. Grundahl, Qualtim, DrJ, and CBI intended the posted articles and emails to disparage Paragon and to influence, disrupt, interfere with, and damage Paragon's business operations, sales, and existing and prospective business relationships and employee relationships.

12. The prospective customers of Paragon targeted by these emails and posted articles include persons whom Paragon has directly or indirectly solicited to begin using the Paragon Truss Software, including via Paragon's Early Adopter Program.

13. The articles reproduced in the emails remained publicly available online from the date of their posting in late October 2024 until after Paragon sent Mr. Grundahl's counsel a letter on November 7, 2024, demanding that he remove them from Qualtim's website. A genuine copy of the cease-and-desist letter from Paragon is attached as Exhibit N.

14. Many employees, customers, and prospective customers of Paragon in fact read the articles and emails. Some of these persons have raised doubts to Paragon about the quality of the Paragon Truss Software.

15. As a result of the articles and emails posted and sent by Mr. Grundahl, Paragon has lost revenue, has suffered lesser usage of the Paragon Truss Software by some existing customers, and has lost the opportunity to do business with several prospective customers, including customers that were considering participating in Paragon's Early Adopter Program.

16. The disparaging articles and emails, including false statements therein, and the related misconduct by Mr. Grundahl, Qualtim, DrJ, and CBI have caused Paragon to lose at least $1,000,000 in revenue, and damages continue to accrue.

## Causes of Action

17. In addition to its existing counts for declaratory judgment, Doc. 1, Paragon asserts the following count.

# COUNT SIX

## (Tortious Inteference with Business Relations against Kirk Grundahl, Qualtim, Inc., DrJ Engineering, LLC, and Center for Business Innovations, LLC)

18. Plaintiff incorporates by reference and restates herein each of the foregoing paragraphs.

19. The truss industry is limited in extent and is intimate, and participants in the truss industry know about each other. Paragon and Mr. Grundahl, Qualtim, DrJ, and CBI is each well known to others within the truss industry. Paragon and Mr. Grundahl, Qualtim, DrJ, and CBI also have mutual customers and contacts with prospective customers within the truss industry.

20. By providing engineering-related consulting services to Paragon and using Paragon's software, Mr. Grundahl, Qualtim, DrJ, and CBI have become familiar with Paragon's customer relationships.

21. Through their longstanding participation in the truss industry, Mr. Grundahl, Qualtim, DrJ, and CBI have become familiar with prospective customers with which Paragon seeks to do business. Paragon's prospective customers include truss engineers, truss designers, truss fabricators, and building contractors that install trusses.

22. In October 2024, Mr. Grundahl on behalf of himself and his companies Qualtim, DrJ, and CBI posted three articles on the Internet via Qualtim's website and sent three emails containing these articles widely to Paragon's employees, existing customers, and numerous prospective customers, and others in the truss industry. Ex. K; Ex. L; Ex. M.

23. These articles remained on the internet until at least November 7, 2024, after Paragon demanded that they been taken down. Ex. N.

24. The articles and emails falsely accuse Paragon of, among other things, misappropriating trade secrets and committing felony theft of trade secrets in violation of federal law, and

the articles and emails falsely characterize Paragon as acting in unlawful and inappropriate ways. Mr. Grundahl, Qualtim, DrJ, and CBI improperly used these disparaging articles and emails as a means to damage Paragon's relationships with its existing and prospective customers.

25. Mr. Grundahl, Qualtim, DrJ, and CBI posted the articles and sent the emails intentionally to disparage Paragon and to influence, disrupt, interfere with, and damage Paragon's business operations, sales, and existing and prospective business relationships. Mr. Grundahl, Qualtim, DrJ, and CBI published the articles and sent the emails with the spiteful motive and intention of harming Paragon and to improperly retaliate against Paragon for lawfully filing its declaratory-judgment claims.

26. Mr. Grundahl, Qualtim, DrJ, and CBI intended for the articles and emails to cause existing and prospective customers of Paragon not to do business with Paragon and not to use and to cease using the Paragon Truss Software and to use it less.

27. Mr. Grundahl, Qualtim, DrJ, and CBI intended for the articles and emails to damage Paragon's business reputation in the truss industry, including by disparaging its member and President, John Holland.

28. Both existing and potential customers of Paragon have received and read the articles emailed to them by Mr. Grundahl on behalf of himself and Qualtim, DrJ, and CBI.

29. Several existing and potential customers of Paragon have contacted Paragon about the emails, which raised concerns about whether they should do business with Paragon.

30. The articles reproduced in the emails remained publicly available online from the date of their posting in late October 2024 until after Paragon's counsel sent Mr. Grundahl a letter on November 7, 2024, demanding that he remove them from Qualtim's website.

31. Paragon reasonably expected a number of participants in the truss industry to continue use and pay for the Paragon Truss Software, to sign up to use the Paragon Truss Software, and to sign up for Paragon's Early Adopter Program—especially in 2024 after Paragon rolled out new features and capabilities for the Paragon Truss Software. As a result of the articles and emails posted and sent by Mr. Grundahl, Paragon has lost the opportunity to do business with several prospective customers, including customers that had been solicited to participate or that were considering participating in Paragon's Early Adopter Program.

32. The articles and emails and related misconduct by Mr. Grundahl, Qualtim, DrJ, and CBI have caused Paragon to be harmed, which harm is continuing. As a direct result of this misconduct by Mr. Grundahl, Qualtim, DrJ, and CBI, usage of the Paragon Truss Software has been less than reasonably expected, some customers have decreased usage, and Paragon has lost prospective participants in its Early Adopter Program and other prospective customers. Paragon has been damaged in the amount of at least $1,000,000 in lost revenue and in other ways.

## PRAYERS FOR RELIEF

In addition to its claims and prayers for relief in the original Complaint, Doc. 1, Paragon respectfully requests the entry of a judgment against Defendants as follows:

33. Awarding Paragon compensatory, incidental, exemplary, and punitive damages.

34. Awarding Paragon its reasonable attorneys' fees, costs, and expenses under 15 U.S.C. § 1117(a), 17 U.S.C. § 505, 18 U.S.C. § 1836, 35 U.S.C. § 285, T.C.A. § 47-25-1705, and other applicable laws.

35. Awarding Paragon any other relief deemed appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all claims and issues so triable.

This 10th day of December 2024.

Respectfully submitted,

s/ Stephen E. Kabakoff

James T. Williams, TN BPR 16341
Robert F. Parsley, TN BPR 23819
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com
Bob.Parsley@millermartin.com

Stephen E. Kabakoff, GA Bar No. 143164, *admitted pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street, NW
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Stephen.Kabakoff@millermartin.com

*Attorneys for Plaintiff Paragon Component Systems, LLC*