# EXHIBIT 1

# UNIFORM DECLARATORY JUDGMENTS ACT

Drafted by the

NATIONAL CONFERENCE OF COMMISSIONERS
ON UNIFORM STATE LAWS

And by it

APPROVED AND RECOMMENDED FOR ENACTMENT
IN ALL THE STATES

At its

CONFERENCE IN SAN FRANCISCO, CALIFORNIA
AUGUST 2-8, 1922

WITH PREFATORY NOTE

COMMITTEE ON DECLARATORY JUDGMENTS
OF COMMISSIONERS ON UNIFORM STATE LAWS 1922-1923

JAMES R. CATON, Alexandria, Virginia, *Chairman*
GEORGE A. BOURGEOIS, Atlantic City, New Jersey
T.A. HAMMOND, Atlanta, Georgia
CHARLES S. LOBINGER, Shanghai, China
D.A.G. OUZTS, Greenwood, South Carolina
EDGAR B. STEWART, Morgantown, West Virginia
BEN F. WASHER, Louisville, Kentucky
NATHAN WILLIAM MacCHESNEY, *President of the Conference*

# THE UNIFORM DECLARATORY JUDGMENTS ACT: REASONS FOR ITS ADOPTION

The Declaratory Judgment is a big, forward step in administrative justice. Its benefits will not be confined to any class or portion of society. Every citizen of the State will enjoy and profit by its good offices. Accordingly, the effort to enact it as a part of the jurisprudence of a state can involve no conflict of political parties, no division of industrial interests, and no clash of social forces.

The present system of court procedure has in certain respects, become antiquated. It holds its place in the administration of justice largely on account of a tradition that those things which are ancient must be good. As a matter of fact, the practice of cases in court has stood still for many years while business and social affairs have been progressing. The result has been that a gulf exists between the judicial process and the community interest that it is supposed to serve; and into this gulf have been dropped a great many possibilities. For any one to think that the administration of the law prevailing centuries ago is adequate for the needs of the present, is quite as absurd as to indulge the idea that the clothes of the boy can be worn in comfort by the grown man.

Today our courts are operated largely on the fundamental idea of giving to an injured party reparation and redress. Certainly it is still a primary rule of jurisdiction that until a party has been hurt, and has suffered loss, he has no standing in court.

This ancient rule of jurisdiction has long been found too narrow to meet the requirements of modern social, industrial and economic conditions. Men ought not be forced to the necessity of encountering damage or assuming ruinous responsibilities before they are permitted to seek and secure a court decision as to their rights and duties. Such a scheme puts a premium upon delinquency and penalties altogether out of harmony with a proper conception of law, order and justice. It should be the primary purpose of the State to save its citizens from injury, debt, damage and penalties; and to this end the highest function of the court ought to be to decide, when possible, the controversies of parties before any loss has been suffered or any offense committed.

The Declaratory Judgment aims at abolishing the rule which limits the work of the courts to a decision which enforces a claim or assesses damage or determines punishment. The Declaratory Judgment allows parties who are uncertain as to their rights and duties, to ask a final ruling from the court as to the legal effect of an act before they have progressed with it to the point where any one has been injured.

The Declaratory Judgment principle is of Roman origin. It spread over the principal part of continental Europe long before the American colonies became the United States. It has been in effect in Scotland for over three centuries. In England it has existed since 1858 with ever-broadening scope and increased influence. It is used in the greater part of the British colonies and dominions, including Canada. Experience has demonstrated in the countries where the Declaratory Judgment procedure has been adopted that its use has resulted in a great saving in actual litigation, thereby anticipating those long, bitter and expensive controversies that follow

3

highly litigated cases for breach of contracts and denial of rights, which can be avoided by the adoption and use of the Declaratory Judgment procedure.

The Declaratory Judgment Act is a development of the old Roman law of procedure, which allowed a judge to decide in a preliminary way certain questions of law and fact which the parties themselves by agreement or the magistrate at the request of either one of the parties might submit to the judge for decision. The decision had the effect of settling the law as it then stood. The exercise of the Declaratory Judgment procedure constantly grew and in the middle ages the law had so developed that the questions of status and property rights connected therewith and of the validity or invalidity of wills or other legal instruments constituted the principal subjects of declaratory actions.

In an action for a Declaratory Judgment the plaintiff asks a declaration that the defendant has no right as opposed to the plaintiff's privilege; that is to say that the plaintiff is under no duty to the defendant, or that the plaintiff is under an immunity from any power of, or control by the defendant. This, or course, was a violent departure from the Common Law conception of the duty of courts. It was only when some wrong had been perpetrated that the Common Law courts took any judicial notice of the fact. The scope of their judicial functions before the passage of the Declaratory Acts was entirely curative. The purpose of this Act is really to prevent litigation. Under the Act any party to a contract, for instance, may have a judicial construction of the same even before a breach thereof, without undue expense and at a time when the effect of an adverse decision is not likely to prove disastrous. In truth, the Declaratory Judgments Act is nothing more than a bill to make it possible for a citizen to ascertain what are his rights and what are the rights of others before taking steps which might involve him in costly litigation. The purpose of the Act and its effect is to enable the citizen to procure from a court guidance which will keep him out of trouble and to procure that guidance with materially less expense than he would have to incur if he should wait until the trouble came before having recourse to the court.

In order to have recourse to and take advantage of the Declaratory Judgment procedure it is not requisite that any wrong should have been done or any breach committed. It is to prevent and forestall such happenings by a Declaratory Judgment setting forth rights and duties for the guidance of those concerned and indicating the course to be followed, that a remedy is provided by the Act, and thus litigation is avoided. The measure is not merely preventive, it is also interpretative. It concerns itself not only with contracts, but with wills and other instruments of writing, with matters of governmental regulation, such as ordinances and the like, with respect to titles to property, and particularly with the status of family relations, man and wife, parent and child, guardian and ward, and also with provisions of trust. In all such cases the Act will be found of benefit. Under the Act the courts will have power to declare rights, status and other legal relations whether or not further relief is or could be demanded and no judgment will be open to the objection that it will be declaratory. It will therefore be binding. In other words, before war is openly declared between parties the courts may decide that there is no occasion there-for. The Uniform Act permits the court to construe a contract either before or after a breach thereof.

In every State of the Union we have always had bills in chancery to construe wills, to perpetuate testimony, to determine questions of title and the removal of a cloud. The

4

Declaratory Judgment is but an enlargement in scope and advantage of such proceedings. There is nothing experimental in the Uniform Act. It has been tested and has proved its worth by many years of constant use in the English speaking courts as well as in the courts of some of the countries of continental Europe.

It does not take anything from the law as it exists today. Every right is preserved and will be enforced. The Declaratory Judgment only increases the court's power for good. As stated in the bill itself:

> "This act is declared to be remedial; its purpose it to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered."

The Declaratory Judgment may be either affirmative or negative in form and effect; it may determine some right, privilege, power or immunity in the plaintiff, or some duty, no-right, liability or disability in the defendant. The judgment is not based on any wrong already done or any breach committed. It is not required to be executed, as it orders nothing to be done. It simply declared rights and duties so that parties may guide themselves in the proper legal road, and, in fact, and in truth, avoid litigation.

Most men are honest. Law suits for the most part arise from honest differences of opinion between parties as to their rights, and often arise from honest differences of opinion between their counsel. If the parties could find out their rights before acting, their action generally would conform to their rights. If an attorney had means of ascertaining without waiting for a breach of a contract the rights of his client, his client would be saved loss by acting within his rights. It is to be presumed that each party to a transaction intends to proceed with ordinary honesty and circumspection. But every party is not and cannot be informed as to his rights as well as his duties, and, in the absence of such definite knowledge, grave losses may be, and often are, incurred. As matters stand today litigation must await that loss, and there can be no coming into court to secure a ruling as to the status of liability. It often follows that this litigation, when at length it does come, is vindictive and expensive and that the injurious crimination and recrimination are never forgiven or forgotten. In many cases these unfortunate results would be avoided if recourse could be had, before such loss occurred and litigation arose, to the Declaratory Judgment procedure.

The opportunities for good that thus attach to this new procedure, are so numerous as not be permit of a full list being attempted. Instances will occur to every practicing lawyer, and to such laymen as may have experienced the fearful limitations under which modern American courts labor.

In most cases each party to a transaction wishes to do right and act honestly. If at the outset of a controversy over a jural relation, a judgment could be obtained setting forth rights and duties, every one would at once abide the decision, and all hostile litigation and bad feeling would be avoided. It is only because parties are now forced to wait until money loss has been suffered or criminal penalties are involved, before they are permitted to come into court, that so many bitter contests attend proceedings in court. Out of this bitterness, resulting from property

5

interests or personal liability being at stake, we have the practice of cases characterized by ugly charges and counter-charges, criminations and recriminations, false witnesses and perjury. If before injury has been inflicted, the parties could obtain a decision on questions in dispute, much of the undesirable features of present day litigation might be eliminated.

The highest function of the law is the preservation of peace. The State serves such purpose poorly when it compels a citizen to wait until a difference as to the construction of a contract has developed into a struggle to secure or save valuable property; when it delays a matter of the interpretation of a statute until it involves a fight for liberty.

"A stitch in time saves nine." Nowhere can this homely adage be applied to better advantage than in court affairs. Nowhere has its application been denied except in court. The Declaratory Judgment is "a stitch in time."

# AN ACT CONCERNING DECLARATORY JUDGMENTS AND DECREES AND TO MAKE UNIFORM THE LAW RELATING THERETO

*Be it enacted*

SECTION 1. [Scope.] Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

SECTION 2. [Power to Construe, etc.] Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

SECTION 3. [Before Breach.] A contract may be construed either before or after there has been a breach thereof.

SECTION 4. [Executor, etc.] Any person interested as or through an executor, administrator, trustee, guardian or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto:

7

  (a) To ascertain any class of creditors, devisees, legatees, heirs, next of kin or others; or

  (b) To direct the executors, administrators, or trustees to do or abstain from doing any particular act in their fiduciary capacity; or

  (c) To determine any question arising in the administration of the estate of trust, including questions of construction of wills and other writings.

 SECTION 5. [Enumeration Not Exclusive.] The enumeration in Section 2, 3, and 4 does not limit or restrict the exercise of the general powers conferred in Section 1, in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty.

 SECTION 6. [Discretionary.] The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceedings.

 SECTION 7. [Review.] All orders, judgments and decrees under this act may be reviewed as other orders, judgments and decrees.

 SECTION 8. [Supplemental Relief.] Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefore shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been

adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith.

SECTION 9. [Jury Trial.] When a proceeding under this Act involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending.

SECTION 10. [Costs.] In any proceeding under this act the court may make such award of costs as may seem equitable and just.

SECTION 11. [Parties.] When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance or franchise is alleged to be unconstitutional, the Attorney General of this State shall also be served with a copy of the proceeding and be entitled to be heard.

SECTION 12. [Construction.] This act is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered.

SECTION 13. [Words, Construed.] The word "person" wherever used in this act, shall be construed to mean any person, partnership, joint stock company, unincorporated association, or society, or municipal or other corporation of any character whatsoever.

SECTION 14. [Provisions Severable.] The several sections and provisions of this act except sections 1 and 2, are hereby declared independent and severable, and the invalidity , if any, of any part or feature thereof shall not affect or render the remainder of the act invalid or inoperative.

SECTION 15. [Uniformity of Interpretation.] This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those States which enact it, and to harmonize, as far as possible, with federal laws and regulations on the subject of declaratory judgments and decrees.

SECTION 16. [Short Title.] This act may be cited as the Uniform Declaratory Judgments Act.

SECTION 17. [Time of Taking Effect.] This act shall take effect (             ).