IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| PARAGON COMPONENT SYSTEMS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 1:24-cv-00246-CEA-CHS |
| QUALTIM, INC., et al., | ) |
| Defendants. | ) |

## **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO SUPPLEMENT**

Plaintiff Paragon Component Systems, LLC replies in support of its motion to file a supplemental complaint, Doc. 52.

As explained in its supporting brief, Doc. 53, Paragon seeks to file a tortious-interference claim against Defendants Kirk Grundahl, Qualtim, Inc., DrJ Engineering, LLC and Center for Business Innovations, LLC. *See* Doc. 53-1. The facts supporting this claim occurred months after Paragon had filed its declaratory-judgment complaint on July 23, 2024. *See* Doc. 53-1 ¶ 2; Doc. 1. For this reason, Paragon seeks to file a supplemental complaint under Federal Rule of Civil Procedure 15(d).

In response, Defendants ask the Court to deny the motion on the ground that the proposed supplemental claim does not arise from the same conduct, transaction, or occurrence as the original complaint. Doc. 59 at 2. To the contrary, the false publications by Mr. Grundahl and his companies relate directly to this lawsuit and the matters underlying Paragon's declaratory-judgment claims. *See* Doc. 53-1.

Regardless, it does not matter whether the supplemental claim arises from the same conduct, transaction, or occurrence as the original complaint. This standard, which Defendants ask this Court to apply, is entirely inapplicable to this case. First, Defendants cite *McNichols v. Lyons*,

1

No. 3:17-CV-688-RGJ, 2023 WL 5154525, at *5 (W.D. Ky. Aug. 10, 2023), for the proposition that "Plaintiff's allegation of tortious interference is a civil tort and would constitute a 'separate, distinct, and new cause of action' which is not the purpose of supplemental pleadings. [*Id.*] '[T]he Court does not allow amendment or supplementation … because it is a new claim and does not arise from the same conduct, transaction, or occurrence as the matters from [the original] complaint." Doc. 59 at 2. But Defendants fail to mention that *McNichols* concerns the question whether amending to assert a new claim against a *new defendant* under Rule 15(c) relates back, for *statute-of-limitation purposes*, to the filing of the original complaint:

> Rule 15(c)(1)(C) provides that an amendment that changes the party or the naming of the party against whom a claim is asserted relates back to the date of the original complaint only where: (1) the claim to be amended arose out of the same transaction or occurrence as the original complaint; (2) the party to be added received such notice that he will not be prejudiced in defending on the merits; (3) the party to be added knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him; and (4) the second and third requirements were satisfied within the period provided for service of the summons and complaint, 120 days.

*McNichols*, 2023 WL 5154525, at *5. This standard has nothing to do with this case. Mr. Grundahl, Qualtim, Inc., DrJ Engineering, LLC and Center for Business Innovations, LLC were Defendants to the original complaint, Doc. 1.

Second, when *McNichols* says that "[s]upplemental pleadings 'cannot be used to introduce a separate, distinct and new cause of action," 2023 WL 5154525, at *7, it is addressing the related question whether a supplemental claim under Rule 15(d) may be added against an *original* defendant when the new claim can avoid being *time-barred* only if it relates back to the filing of the original complaint. This issue also has nothing to do with this case. The tortious conduct at issue here occurred in October 2024, less than two months before Paragon filed its motion to supplement. Doc. 53-1 ¶ 2. Paragon's tortious-interference claim could not possibly be time-barred

under Tennessee's three-year limitation period for torts. *See Smith v. Rosenthal Collins Grp., LLC*, 340 F. Supp. 2d 860, 864 (W.D. Tenn. 2004); T.C.A. § 28-3-105(1).

In the absence of any statute-of-limitation and relation-back concerns, the Court's sole considerations are whether the Court will exercise its discretion to permit the supplementation. "[E]xercising its discretion, a trial court should be mindful that supplementation, like amendment, should be *freely granted*." *Bormuth v. Whitmer*, 548 F. Supp. 3d 640, 646 (E.D. Mich. 2021) (emphasis added, citation omitted). There has been no undue delay in Paragon's assertion of its supplemental complaint. The deadline for amending pleadings—April 1, 2025—is months away. Doc. 35 at 2. And Defendants have failed to explain how they could suffer any prejudice from the supplementation.

Instead, Defendants make it clear that they would prefer to litigate this case in Wisconsin, where they have recently filed (on January 2, 2025) a new state-court complaint against Paragon, which arises out of the same controversy at issue here. Doc. 59 at 2; Doc. 59-1. Defendants' impermissible attempt at forum-shopping provides no valid grounds for denying Paragon's motion to supplement its complaint in the instant case.

Respectfully submitted this 10th day of January 2025.

s/ Stephen E. Kabakoff

Stephen E. Kabakoff, GA Bar No. 143164,
*appearing pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street, NW
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Stephen.Kabakoff@millermartin.com

s/ Robert F. Parsley

James T. Williams, TN BPR 16341

3

Robert F. Parsley, TN BPR 23819
Erin E. Steelman, TN BPR 38463
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com
Bob.Parsley@millermartin.com
Erin.Steelman@millermartin.com

*Attorneys for Plaintiff Paragon Component Systems, LLC*

4

# CERTIFICATE OF SERVICE

I certify that on January 10, 2025 a copy of the foregoing Plaintiff's Reply is being served on all counsel of record by electronically filing it via the Court's filing system.

Stephen E. Kabakoff, GA Bar No. 143164,
*appearing pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street, NW
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Stephen.Kabakoff@millermartin.com

s/ Robert F. Parsley

James T. Williams, TN BPR 16341
Robert F. Parsley, TN BPR 23819
Erin E. Steelman, TN BPR 38463
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com
Bob.Parsley@millermartin.com
Erin.Steelman@millermartin.com

*Attorneys for Plaintiff Paragon Component Systems, LLC*
