IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| PARAGON COMPONENT SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:24-cv-00246-CEA-CHS |
| | ) | |
| QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, INSPIRED PURSUITS, LLC, KIRK GRUNDAHL, and SUZANNE GRUNDAHL, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY

Plaintiff Paragon Component Systems, LLC ("Paragon"), by and through its undersigned counsel, submits this response in opposition to the Defendants' Motion to Stay Discovery (Doc. 63) (the "Motion"). The Court should deny the Motion in its entirety, as Defendants failed to satisfy the prerequisite for seeking such relief under Rule 26(c) and cannot demonstrate good cause to justify a stay of discovery and an unnecessary delay of the current case schedule (Doc. 35).

"The Federal Rules of Civil Procedure do not specifically provide for a 'Motion to Stay Discovery.' Several courts have essentially held that a motion to stay discovery should be viewed as a motion for protective order under Fed. R. Civ. P. 26(c)(1)." *Collabera, Inc. v. Liggett*, 2021 WL 6496801, at *1 (M.D. Tenn. June 21, 2021) (citations omitted) (collecting cases). This Court has consistently analyzed motions to stay discovery under Federal Rule of Civil Procedure 26(c)(1). *See Univ. of Tennessee Rsch. Found. v. Caelum Biosciences, Inc.*, 2022

WL 2232192, at *4 (E.D. Tenn. June 21, 2022); *Gestamp Chattanooga, LLC v. Lincoln Elec. Automation, Inc.*, 2022 WL 20613653, at *2 (E.D. Tenn. June 7, 2022); *Travelers Cas. & Sur. Co. of Am. v. Pascarella*, 2010 WL 11494066, at *1 (E.D. Tenn. Dec. 13, 2010).

Rule 26(c)(1) provides, in relevant part, "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending" and "[t]he court may, for good cause, issue an order to protect a party" from responding to discovery. Fed. R. Civ. P. 26(c)(1). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action." *Id*.

As an initial matter, Defendants' Motion omits the certification required under Rule 26(c)(1) because Defendants made no effort to confer with Paragon before filing their Motion. In fact, on January 10, 2025, over a week before the instant Motion was filed, Defendants responded, albeit deficiently, to the very discovery requests that they now seek protection from.[1] Paragon thus was puzzled to see Defendants' Motion. Defendants' failure to comply with the meet-and-confer prerequisite under Rule 26(c)(1) is sufficient reason to deny the Motion. *See Toho Tenax Am., Inc. v. Linde, Inc*., 2014 WL 2574767, at *2 (E.D. Tenn. June 9, 2014) (emphasizing the moving party's failure to include the required certification in support of their request under Rule 26(c)).

Nevertheless, a stay of discovery under Rule 26(c) may be issued only for "good cause." Defendants correctly note that this Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003). However,

---

[1] Paragon intends to engage in the meet-and-confer process with Defendants in attempt to resolve the deficiencies it has identified.

the Court "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Valley Bank Co. v. MetaBank*, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quoting *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977)). The Court must "weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by the denial of discovery." *Acad. of Allergy & Asthma in Primary Care v. Amerigroup Tennessee, Inc.*, 2020 WL 8254263, at *2 (E.D. Tenn. Aug. 12, 2020).

Defendants offer only one justification for a stay of discovery in this case – pending motions (Doc. 63). That is, Defendants claim that the Parties have all information needed to respond to the pending Motion to Dismiss and Motion to Amend/Supplement the Complaint; therefore, according to Defendants, no further discovery is warranted at this juncture. (Doc. 63 at 2).[2] But this Court has clarified and reiterated that it "will not stay discovery because of a pending dispositive motion." *C.S. v. Union Gen. Affiliated Servs., LLC*, 2023 WL 6186908, at *1 (E.D. Tenn. Aug. 17, 2023) (collecting cases).[3] The mere fact that motions are pending is not enough to warrant a stay of discovery.

The only "burden" that Defendants identify for the Court to weigh is "the potentially unnecessary time and expense that will be necessitated to respond to [Plaintiff's] proffered

---

[2] This argument ignores that Paragon filed a Motion for Limited Jurisdictional Discovery (Doc. 36) in order to obtain factual information needed to fully respond to the arguments raised in Defendants' Motion to Dismiss.

[3] Other Sixth Circuit district courts have taken the same position. *See Ethridge v. Salter Labs, Inc.*, 2021 WL 1518645, at *1 (W.D. Ky. Apr. 16, 2021) ("Generally, however, the mere filing of a dispositive motion, such a [*sic*: as a] motion for judgment on the pleadings or motion to dismiss, is insufficient to support a stay of discovery."); *Boddie v. PNC Bank, NA*, 2012 WL 4088683, at *2 (S.D. Ohio Sept. 17, 2012) ("[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6) or other dispositive motion").

3

discovery requests." (Doc. 63 at 2). But this argument is wholly belied by the fact that Defendants already responded to Paragon's discovery requests, produced hundreds of documents in response to those requests, and propounded their own discovery requests on Paragon. Both the Motion to Dismiss and the Motion to Supplement/Amend the Complaint were pending when Defendants responded to Paragon's discovery requests, and nothing has changed since that time. Defendants cannot legitimately claim undue burden and seek protection from doing something they've already done.

Discovery should proceed in this case, despite the pending motions. Neither motion would be dispositive of Paragon's claims. Defendants' Motion to Dismiss merely challenges whether the Eastern District of Tennessee is a proper forum for this case; Paragon's Motion to Supplement/Amend the Complaint only seeks to add allegations to the Complaint based on Defendants' post-filing conduct. "[B]ecause these types of motions do not go to the merits of the case…there is even less reason to stay discovery pending their outcome." *Charvat v. NMP*, *LLC*, 2009 WL 3210379, at *2 (S.D. Ohio Sept. 30, 2009).

Furthermore, Paragon filed significant opposition to Defendants' Motion to Dismiss, demonstrating why this action should proceed in the Eastern District of Tennessee. There is a possibility that Defendants' Motion to Dismiss will be denied and the case will proceed before this Court. However, even if the Court were to grant Defendants' Motion to Dismiss for lack of jurisdiction, the case would simply be transferred or refiled in another District. Thus, "any discovery taken while such a motion is pending would be available for [] use if the case [proceeded] in another district." *C.S.*, 2023 WL 6186908, at *1 (citations omitted). The Parties would waste no time, effort, or expense by proceeding with discovery on relevant issues in the interim.

4

Conversely, Paragon would suffer significant hardship should the Court stay discovery. The Court already entered a Scheduling Order in this matter. (Doc. 35). Should the Court stay discovery, Paragon would be unable to move forward on the current litigation schedule and gather information needed to prepare its case for trial. Paragon would also be prevented from challenging the discovery responses that Defendants provided before filing the instant Motion. Effectively, a stay would stall all progress in this case, require the Parties to halt all litigation-related efforts until the Court resolves the pending motions, and prevent resolution of the present case in a timely fashion.

Ultimately, Defendants have failed to demonstrate "good cause" to justify a stay of discovery. The burden on Defendants of continuing to participate in discovery under the current case schedule is minimal, at best, and does not outweigh the hardship Paragon would face should discovery be stayed. Accordingly, Defendants' Motion to Stay (Doc. 63) should be denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay (Doc. 63) should be denied in its entirety. The Court should decline to stay discovery and order the Parties to move forward on the deadlines established in the Scheduling Order (Doc. 35).

Respectfully submitted this 3rd day of February, 2025.

**MILLER & MARTIN PLLC**

*/s/Erin E. Steelman*
James T. Williams, TN BPR 16341
Robert F. Parsley, TN BPR 23819
Erin E. Steelman, TN BPR 38463
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com

5

Bob.Parsley@millermartin.com
Erin.Steelman@millermartin.com

Stephen E. Kabakoff, GA Bar No. 143164,
*appearing pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street, NW
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Stephen.Kabakoff@millermartin.com

*Counsel for Plaintiff Paragon Component Systems, LLC*

## CERTIFICATE OF SERVICE

I certify that on February 3, 2025 a copy of the foregoing Plaintiff's Response in Opposition to Defendants' Motion to Stay Discovery is being served on all counsel of record by electronically filing it via the Court's filing system.

**MILLER & MARTIN PLLC**

<u>/s/Erin E. Steelman</u>
James T. Williams, TN BPR 16341
Robert F. Parsley, TN BPR 23819
Erin E. Steelman, TN BPR 38463
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com
Bob.Parsley@millermartin.com
Erin.Steelman@millermartin.com

*Counsel for Plaintiff Paragon Component Systems, LLC*
