## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

PARAGON COMPONENT SYSTEMS, LLC

                Plaintiff

v.

QUALTIM INC., CENTER FOR
BUILDING INNOVATION LLC
DRJ ENGINEERING LLC, INSPIRED
PURSUITS LLC, KIRK GRUNDAHL,
SUZANNE GRUNDAHL

                Defendants

Case No.:   I :24-cv-00246-CEA-CHS

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO STAY DISCOVERY

Defendants, by and through their undersigned counsel, submits this reply to Plaintiff's Opposition to Defendants' Motion to Stay Discovery (Doc. 64).

Plaintiff's opposition is factually deficient because discovery issues were discussed with Plaintiff on a call January 20, 2025 regarding a stay on discovery. The stay on discovery was discussed again in a January 22, 2025 call that discovery would apply to further production requests due to pending dispositive motion specifically the Amended Complaint regarding the tortious interference claim. There was no amicable resolution to the issue.

Plaintiff relies on a previous ruling in by this Court in *C.S. v. Union Gen. Affiliated Servs., LLC*, 2023 WL 6186908. However, their reliance falls short because there are distinguishable facts in this case. Plaintiffs in *Union Gen.* argued, and the court agreed, that relying solely on

pending dispositive motion does not rise to the level of "good cause" to warrant a stay in discovery. But that is not that case here. Aside from pending dispositive motions, the following are other causes of actions that make discovery at this stage unreasonable and unduly burdensome on Defendants:

1) The pending dispositive motions are not solely based on lack of personal jurisdiction but also on failure to join necessary parties and improper venue. Plaintiffs have already subpoenaed the Estate of Daniel Holland which is a pending party to be enjoined in this lawsuit. (Doc. 50, p. 16). Should the Estate of Daniel Holland be enjoined, the subpoena would be improper.

2) Defendants filed a cause of action in the Western District of Wisconsin, in October 24, 2024. This case is for *actual* damages caused by Plaintiff Paragon in misappropriating trade secrets, violating a nondisclosure agreement, and other civil violation. Due to potential diversity issues, it was re-filed in the State Court of Wisconsin on January 2, 2025. *See* Exhibit A. It is currently removed to Western District of Wisconsin, however, Defendants anticipate filing a motion to remand. *See* Exhibit B.

3) Lastly, a cause of action has been filed against Miller Martin and its attorneys pursuant to 18 U.S.C. §1836 for misappropriation of Defendants' trade secret. Consequently, there is likely a conflict of interest under Tenn. R. Sup. Ct. 1.7 as to the representation of Plaintiff's counsel. *See* Exhibit C.

Proceeding with discovery at this stage would further discombobulate this case and unduly burden Defendants. Therefore, Defendants respectfully request this Court to stay discovery until pending motions or causes of actions are decided.

Respectfully submitted,


By: s/Mayville La Rosa
     Mayville La Rosa *(pro hac vice)*
     Law Office of Mayville La Rosa, Esq.
     718 Sugar Maple Lane
     Verona, WI 53593
     Telephone: (608) 800-7353
     mlarosa@kfinnovations.com

     Michael J. Bradford, BPR No. 22689
     LUEDEKA NEELY, P.C.
     900 South Gay Street, Suite 1504
     P. O. Box 1871
     Knoxville, TN  37901-1871
     Phone: 865-546-4305
     mbradford@luedeka.com

     *Attorneys for Defendants*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of February, 2025, a copy of the foregoing Defendants' Reply to Plaintiff's Opposition to Stay Discovery was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Michael J. Bradford

Michael J. Bradford