IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| PARAGON COMPONENT SYSTEMS, LLC, | ) |
|---|---|
| Plaintiff, | ) ) ) ) |
| v. | ) Case No.: 1:24-cv-00246-CEA-CHS ) |
| QUALTIM, INC., et al., | ) ) ) |
| Defendants. | ) |

**MOTION TO DETERMINE WHETHER EXHIBITS TO COMPLAINT SHOULD BE UNDER SEAL**

Under Fed. R. Civ. P. 26(c), LR7.1, LR26.2(b), and this Court's Order, Doc. 5, Plaintiff Paragon Component Systems, LLC respectfully moves the Court to decide whether Documents 1-8 through 1-17 filed in this action, Exhibits A through J to the Complaint, should be under seal.

**I.      Grounds for the Motion.**

On July 23, 2024, Paragon filed its Complaint with Exhibits A through J. Doc. 1 – Doc. 1-17. These exhibits were filed in open Court. The exhibits, Doc. 1-8 – Doc. 1-17, contain (1) a memorandum from the Grundahls, which they circulated widely to numerous persons, including Paragon, and (2) subsequent correspondence between Mr. Grundahl and Paragon's legal counsel. These communications all occurred before Paragon filed its Complaint on July 23, 2024, and the communications generated and defined the dispute that is the subject of Paragon's declaratory-judgment claims. The communications are thus essential to those claims and inherent to the Complaint's allegations.

During the over six months since Paragon filed its Complaint and exhibits in open court, Defendants have never moved the Court to place the exhibits to the Complaint under seal. That is so even though Defendants moved (unsuccessfully) to place other documents under seal. *See* Doc. 45.

1

On January 31, 2025, however, Defendants filed a separate lawsuit in the United States District Court for the Western District of Wisconsin against Paragon's attorneys in this action, contending that they misappropriated trade secrets by filings Exhibits A through J to the Complaint in this action in open court. *See Qualtim, Inc. v. Miller & Martin PLLC, et al.*, Case No. 25-CV-73, W. Dist. Wisc.; Compl., Doc. 65-3.

Having raised this matter with the Court in this action, in the context of a discovery conference, Paragon moves the Court to determine whether Exhibits A through J in this action, Doc. 1-8 – Doc. 1-17, should be under seal.

Defendants contend that Exhibits A through J to the Complaint contain trade secrets. Paragon contends that even if the exhibits to the Complaint contain trade secrets (Paragon disagrees), Defendants have waived any such status and protection. During the nearly seven months since Paragon filed the exhibits in open court, on July 23, 2024, Doc. 1-8 – Doc. 17, Defendants have never moved the Court to place those documents under seal. That means the document no longer can be classified as trade secrets. It is Defendants' burden to otherwise show that the exhibits should be under seal. Paragon believes they cannot meet that burden.

Deciding these issues has become important, among other reasons, because Defendants have filed the above-referenced lawsuit in the Western District of Wisconsin against Paragon's counsel in this action, alleging that their filing of the exhibits in this action in open court constitutes the misappropriation of trade secrets. Only this Court, however, has jurisdiction to assess the appropriateness of such litigation conduct in this action.

II.     **Certification of Meet and Conferral.**

Counsel for Paragon certify that they have met and conferred with opposing counsel in good faith to determine which exhibits to the Complaint merit sealing and the relief sought by this motion. *See* Doc. 5 at 5. First, on December 30, 2024, counsel for Paragon, James Williams and

Bob Parsley, conferred with counsel for Defendants, May de La Rosa, concerning the parties' respective positions concerning the public status of the exhibits to the Complaint. Second, on February 13, 2025, counsel for Paragon, James Williams, further conferred with counsel for Defendants, May de La Rosa and Michael Bradford, concerning the parties' respective positions concerning the public status of the exhibits to the Complaint and the relief sought by this motion. Third, via email on February 17, 2025, counsel for Defendants, May de La Rosa, stated that Defendants contend that all exhibits to the Complaint filed in this action should be under seal. *See* James Williams Decl. ¶¶ 2–4.

## III. Request for Hearing.

Paragon respectfully requests a hearing of this motion. Because determining waiver and trade-secret protection are fact-intensive, *see James B. Oswald Co. v. Neate*, 98 F.4th 666, 675 (6th Cir. 2024), the Court should, if it deems it necessary, receive evidence relating to the issues posed by this motion.

Respectfully submitted this 26th day of February 2024.

*s/ James T. Williams*

Stephen E. Kabakoff, GA Bar No. 143164,
*appearing pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street, NW
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Stephen.Kabakoff@millermartin.com

*s/ Robert F. Parsley*

James T. Williams, TN BPR 16341
Robert F. Parsley, TN BPR 23819
Erin E. Steelman, TN BPR 38463
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600

James.Williams@millermartin.com
Bob.Parsley@millermartin.com
Erin.Steelman@millermartin.com

*Attorneys for Plaintiff Paragon Component Systems, LLC*

## CERTIFICATE OF SERVICE

I certify that on February 26, 2025, a copy of the foregoing Motion is being served on all counsel of record by electronically filing it via the Court's filing system.

>Stephen E. Kabakoff, GA Bar No. 143164,
>*appearing pro hac vice*
>MILLER & MARTIN PLLC
>1180 W. Peachtree Street, NW
>Suite 2100
>Atlanta, Georgia 30309
>Telephone: (404) 962-6100
>Stephen.Kabakoff@millermartin.com
>
>*s/ Robert F. Parsley*
>
>James T. Williams, TN BPR 16341
>Robert F. Parsley, TN BPR 23819
>Erin E. Steelman, TN BPR 38463
>MILLER & MARTIN PLLC
>832 Georgia Avenue, Suite 1200
>Chattanooga, TN 37402-2289
>Telephone: (423) 756-6600
>James.Williams@millermartin.com
>Bob.Parsley@millermartin.com
>Erin.Steelman@millermartin.com
>
>*Attorneys for Plaintiff Paragon Component Systems, LLC*