# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| PARAGON COMPONENT SYSTEMS, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>)  CIVIL ACTION NO.:<br>)  1:24-CV-00246-CEA-CHS |
| v. | )<br>) |
| QUALTIM, INC., et al., | )<br>)<br>) |
| Defendants. | )<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION TO SEAL EXHIBITS A AND C THROUGH I TO COMPLAINT

Defendants, Qualtim, Inc., et al., through their undersigned counsel, respectfully move this Court to seal Documents 1-8 and 1-10 through 1-16 filed in this action, Exhibits A and C through I to the Complaint. Redacted copies of the exhibits are provided herewith. *See* Exhibits 2 - 9. As grounds for this motion, Defendants submit the following.

BACKGROUND

Plaintiff Paragon Component Systems, LLC holds itself out as the creator of software related to designing structural trusses. Dkt. 1 at 7. Defendants are Wisconsin corporations and individuals who, plaintiff alleges, provided engineering consulting services for plaintiff's software. *Id.* at 9. In March 2024, Defendants sent Plaintiff a memorandum claiming co-ownership in the software on which they consulted. *Id.* at 11. Plaintiff disagreed. *Id.*

After months of discussion, plaintiff sued defendants in July 2024, seeking declaratory judgment that plaintiff was the sole owner of the software. Dkt. 1 at 1. The Complaint was filed

with all Exhibits in open court. These exhibits documented the pre-litigation correspondence between Plaintiff and Defendants. Exhibits A and C through I all contained Confidential and Trade Secret designations on the first page. *See* Doc. 1-8 and 1-10 - 1-16. Also, prior to filing the Complaint, Plaintiff entered into a Non-Disclosure Agreement with Defendants Qualtim, Inc., DrJ Engineering, LLC, and Center for Building Innovation, LLC on August 8, 2023. *See* Exhibit 1.

On February 26, 2025, Plaintiff filed a motion seeking a determination whether the exhibits to the Complaint should be sealed. *See* Doc. 67. On March 6, 2025, the case was transferred to the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. §§ 1406, 1631, and 1404. *See* Doc. 73, n. 8. Thereafter, on April 8, 2025, the Wisconsin court issued an Opinion and Order sealing Exhibits A-J to the Complaint.[1] *See Paragon Component Sys., LLC v. Qualtim, Inc.*, 2025 U.S. Dist. LEXIS 67255 (W.D. Wis. Mar. 6, 2025). However, the Opinion and Order noted that the parties needed to seek an order directly from this Court in order to seal the documents in this Court's records. *Id.* at *8. Accordingly, Defendants hereby respectfully request that this Court seal Exhibits A and C through I to the Complaint.

ARGUMENT

When a lawsuit has been transferred to another district under 28 U.S.C. § 1406(a) or 28 U.S.C. § 1631, the law of the transferee district applies to all further proceedings involving the case. *Newberry v. Silverman*, 789 F.3d 636, 640 (6th Cir. 2015). Accordingly, Wisconsin and Seventh Circuit law applies to this motion.

Civil litigation in federal court is presumptively conducted in public. *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545 (7th Cir. 2002); *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). This presumption applies primarily to the facts underlying judicial

---

[1] Defendants subsequently agreed that Exhibits B and J could be unsealed.

decisions. *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013); *Baxter*, 297 F.3d at 548; *Union Oil*, 220 F.3d at 568. It applies less to other information that may be discovered and disclosed throughout a case. *Union Oil*, 220 F.3d at 568.

Parties seeking to seal documents filed in the court record must show there is good cause to obtain an order protecting confidential information from public disclosure and to file information under seal. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). There is no single formula to make such a showing, but both confidentiality designations and nondisclosure agreements are relevant. *See e.g., Unverferth Mfg Co. Inc. v. Par-Kan Co., LLC*, No. 3:23-CV-653-GSL-MGG, 2024 WL 2883681, at *2 (N.D. Ind. May 20, 2024) ("The Court previously found [the agreement's confidentiality clause and the confidential nature of the agreement] sufficient in its order granting [defendant's] first motion to seal[.]"). Also, the stage of the case matters— *i.e.*, the court will enter standing protective orders to facilitate discovery of confidential information, *see Baxter Int'l*, 297 F.3d at 545 ("Secrecy is fine at the discovery stage, before the material enters the judicial record."), but once information influences a judicial decision, it presumptively becomes public. *Id.*

Applying Seventh Circuit law to the prior-filed motion to seal, the Wisconsin court explained the following in determining the exhibits to the Complaint should be sealed:

> Considering the nature of the exhibits, the context in which they were produced, and the fact that discovery is still ongoing, there is good cause to seal the exhibits at this time. There is evidence the parties were, at least to some extent, bound by a nondisclosure agreement, and the documents are clearly designated confidential and trade secrets. Dkts. 1-8–17. This *prima facie* showing that the exhibits may contain sensitive information is sufficient at this stage in the case.
>
> Of course, the legitimacy of any exhibit's confidential or trade secret designation may be fairly debated at some point in the future, but such determinations are inappropriate before a sufficient factual record is developed. *Baxter Int'l*, 297 F.3d at 545. Moreover, ruling on the merits of defendants' claims now would essentially prejudge their case against plaintiff's lawyers, in which the confidentiality of the exhibits is a central issue. *See Brady Corp. v. Wood*, No. 24-CV-265-JPS, 2024 WL

> 5398591, at *4–5 (E.D. Wis. Dec. 2, 2024) (refusing to rule on the ultimate legitimacy of alleged trade secrets at the pleading stage).
>
> In short, the exhibits possess sufficient hallmarks of confidentiality for the court to find good cause to seal them at this juncture. This status may evolve as the case progresses depending on the development of the evidentiary record. Further determinations of the merits of defendants' claims will be made separately only at an appropriate time and upon appropriate requests.

Defendants posit that the Court's reasoning is correct. The parties were, at least to some extent, bound by a nondisclosure agreement, and the documents are clearly designated confidential and trade secrets. Accordingly, Defendants have made a *prima facie* showing that the documents should be sealed. Additionally, it is improper to rule in the merits of Defendants trade secret claims at this early stage of the litigation, which would essentially prejudge the trade secret issue. If the documents are later determined not to be trade secrets by the Wisconsin Court, the documents will be unsealed and available to the public.

Accordingly, Defendants respectfully request that this Court adopt the findings of the Wisconsin Court and seal Exhibits A and C through I to the Complaint.

    Respectfully submitted,

By: s/Michael J. Bradford
Michael J. Bradford, BPR No. 22689
LUEDEKA NEELY, P.C.
900 South Gay Street, Suite 1504
P. O. Box 1871
Knoxville, TN 37901-1871
Phone: 865-546-4305
mbradford@luedeka.com

Mayville La Rosa (*pro hac vice*)
Law Office of Mayville La Rosa Esq.
200 E. Verona Ave #5003
Verona, WI 53593
info@attorneylarosa.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

    I hereby certify that on the 23rd day of May, 2025, a copy of the foregoing Defendants' Motion to Seal Exhibits A and C through I was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                              s/Michael J. Bradford
                                                Michael J. Bradford