# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PARAGON COMPONENT SYSTEMS, LLC<br><br>Plaintiff,<br><br>v.<br><br>QUALTIM INC., CENTER FOR BUILDING INNOVATION LLC DRJ ENGINEERING LLC, INSPIRED PURSUITS LLC, KIRK GRUNDAHL, AND SUZANNE GRUNDAHL<br><br>Defendants. | Case No.:   3:25-cv-00170-wmc |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DETERMINE WHETHER TO SEAL EXHIBITS TO INITIAL COMPLAINT

Defendants file this Response to Plaintiffs' Motion to Determine Whether to Seal Exhibits to the Initial Complaint.

### PROCEDURAL POSTURE CHANGES SINCE PLAINTIFF'S MOTION

Plaintiff ("Paragon") filed a Motion For Determination Whether To Seal Exhibits To Their Initial Complaint in the Eastern District of Tennessee ("EDTN"), case no. I:24-cv-00246-CEA-CHS, the case for declaratory judgment. That case was transferred to the Western District of Wisconsin ("WDWI") pursuant to a court order entered on March 6, 2025. *See* Document 73.

Since the case has been transferred to WDWI, Defendants in this case request that Exhibits A thru J of the initial Complaint, Documents 1-8 through 1-17 should be sealed based on previous finding of this court that there is good cause to seal them as alleged trade secrets. *See* Exhibits to cases, 25-CV-73 and 25-CV-75.

Defendants in this case also request this court to consider their Motion to Seal filed in Dane County for further support of this motion. *See* Exhibit A.

I. **STANDARD OF REVIEW FOR TRADE SECRETS AT THE PLEADING STAGE**

Paragon's motion for the court to determine whether the exhibits should be sealed based on the existence of a trade secret is an attempt to fast track this case in order to backtrack their improper public disclosure of documents that were conspicuously marked "Confidential intellectual property (IP) and trade secrets (TS)." Paragon took the law into their own hands by disregarding the designations on the documents. *See* Doc. 68, p. 12. In their motion, Paragon requests the court to find that Exhibits A through J of the Initial Complaint do not contain trade secrets. *See* Doc. 68, p. 15.

Factual disputes over trade secrets should not be resolved at the pleading stage. *Brady Corp. v. Wood,* No. 24-CV-265-JPS, 2024 WL 5398591 (E.D. Wis. Dec. 2, 2024). Therefore, despite the requests of Paragon and their counsel that this court prematurely determine trade secrets at the pleading stage, this court should seal Exhibits A through J based on the Defendants' assertion that they are in fact trade secrets.

II. **PARAGON AND MILLER MARTIN HAD SUFFICIENT KNOWLEDGE OF THE TRADE SECRETS THAT GAVE RISE TO A DUTY OF CONFIDENTIALITY**

Paragon and Miller Martin, PLLC argue that there was no notice to recipients as to their duty of confidentiality. This is resoundingly false, as Paragon and its employees were under a nondisclosure agreement signed in August 2023 in preparation for the market launch of the Paragon Truss Software. *See* Inspired Pursuits, LLC *et al* v. Paragon *et al,* Circuit Court for Dane County, WI *Case No. 2025-CV-000036* Exhibits D through L, where key employees of Paragon were in

attendance at Qualtim's offices in Madison, Wisconsin, and were required to sign nondisclosure agreements to ensure protection of intellectual property at issue.

Paragon lists persons to whom Defendant Suzanne Grundahl sent the March 22, 2024 memorandum, all of whom were under a nondisclosure agreement. *Id* in comparison to list of Paragon employees who received March 22, 2024, Doc. 1-8. Therefore, failure of those Paragon employees to notify Defendants here as to who has access to the salessupport@trusspal.com email address is a breach of their nondisclosure agreement. *See* Doc. 68, p. 10.

As Paragon's counsel, Miller Martin PLLC was also aware of the trade secrets surrounding the software. This was the very reason that they filed relief from filing with the Copyright Office. *See* Exhibit B, p. 2. Paragon's counsel accurately stated that the "Paragon Truss Software is not registered with the Copyright Office because it is a *trade-secreted* software that is kept confidential." *Id.* Aside from the documents being marked as trade secrets, Paragon and their counsel were aware of the significance trade secrets play in the software, even if they could not identify these with particularity during the negotiation. Despite their knowledge of the significant role trade secrets play regarding the software, they chose to recklessly disregard the documents marked trade secrets and publicly disclosed the designated documents.

### III. **MILLER MARTIN PLLC AND PARAGON'S COUNSEL ARE DEFENDANTS IN A RELATED CASE, THEREFORE SHOULD NOT BE ALLOWED TO LITIGATE THE TRADE SECRETS IN THIS COURT UNTIL DEFENDANTS' CASE IS ADJUDICATED IN THE WESTERN DISTRICT COURT OF WISCONSIN**

Paragon and Miller Martin PPLC's motion are filled with inapposite requests. The substantive suits in Wisconsin are regulating different actions than this Declaratory Judgment lawsuit. Defendants will not further address Miller Martin's point of contention regarding their duty to keep the exhibits confidential because Miller Martin PLLC is a Defendant in another related court proceeding. *See* Inspired Pursuits, LLC *et al* v. Miller Martin *et al*, 3:25-cv-00073-wmc. Therefore, in

the interest of keeping the integrity of the judicial system intact, until all pertinent issues are adjudicated, the Exhibits attached to the Initial Complaint in EDTN, and now also in WDWI, should be sealed as alleged trade secrets.

## IV.   CONCLUSION

For the reasons stated above, Exhibits A through J referenced in Paragon's Initial Complaint in the Eastern District of Tennessee ("EDTN"), case no. I:24-cv-00246-CEA-CHS should be sealed as alleged trade secrets.

Respectfully submitted,

*/s/Mayville La Rosa*
Mayville La Rosa, WI Bar #1119613
6300 Enterprise Ln.
Madison, WI 53719
Phone: (608) 800-7353
mlarosa@kfinnovations.com