# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PARAGON COMPONENT SYSTEMS,
LLC,

      Plaintiff,

v.

QUALTIM, INC., CENTER FOR
BUILDING INNOVATION, LLC,
DRJ ENGINEERING, LLC, INSPIRED
PURSUITS, LLC, KIRK GRUNDAHL,
and SUZANNE GRUNDAHL,

      Defendants.

Case No. 3:25-cv-00170-wmc

---

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DETERMINE
WHETHER EXHIBITS TO COMPLAINT SHOULD BE UNDER SEAL**

---

**GASS TUREK LLC**

*Counsel for Plaintiff Paragon
Component Systems, LLC*

Tamar B. Kelber, SBN 1101802
kelber@gassturek.com
Joshua S. Greenberg, SBN 1107959
greenberg@gassturek.com
241 North Broadway, Suite 300
Milwaukee, WI 53202
T: 414-223-3300

# TABLE OF CONTENTS

Table of Authorities ..................................................................................................iii

Argument ............................................................................................................. 1

I.   Defendants Have Waived Any Confidentiality Protection By Not
     Promptly Moving to Place the Exhibits Under Seal.......................................... 1

     A.   The recent transfer of this case from the Sixth Circuit to the Seventh
          Circuit does not change the Court's analysis. .............................................. 1

     B.   Seventh Circuit standards for placing documents under seal. ................. 2

     C.   Defendants have waived any confidentiality protection of the exhibits
          to the Complaint. ........................................................................................ 4

          1.   Seventh Circuit standards for determining whether confidentiality
               protections have been waived. ............................................................. 4

          2.   Filing of the exhibits to the Complaint. ............................................... 5

          3.   By allowing the exhibits to the Complaint to remain in the public
               record for seven months, Defendants waived any confidentiality
               protection pertaining to those documents. ........................................... 5

          4.   Defendants' sealing of documents in other cases does not support
               sealing the exhibits to the Complaint. .................................................. 9

II.  Defendants Have Not Established That the Exhibits Are Confidential or
     Trade Secrets.................................................................................................... 13

     A.   Defendants have not established that the exhibits to the Complaint
          meet the definition of a "trade secret" or are otherwise confidential....... 13

     B.   Even if the exhibits to the Complaint contain valuable confidential
          information or secrets, Defendants have forfeited confidentiality
          protection by unreasonably allowing the exhibits to remain in the
          public record for seven months. .................................................................. 19

III. Conclusion. ..................................................................................................... 20

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adams v. Ardcor Div. of Am. Roll Tooling, Inc.*,
  196 F.R.D. 345 (E.D. Wis. 2000) ................................................................ 4

*Anderson v. Aon Corp.*,
  614 F.3d 361 (7th Cir. 2010) ............................................................... 1, 2

*Baxter Int'l, Inc. v. Abbott Labs.*,
  297 F.3d 544 (7th Cir. 2002) ................................................ 3, 12, 13, 15

*Binney & Smith Inc. v. Rose Art Indus., Inc.*,
  No. 94 C 6882, 1995 WL 110127 (N.D. Ill. Mar. 13, 1995) ....................... 5

*Bond v. Utreras*,
  585 F.3d 1061 (7th Cir. 2009) ............................................................ 2, 3

*BondPro Corp. v. Siemens Power Generation, Inc.*,
  463 F.3d 702 (7th Cir. 2006) ................................................................ 19

*Bradley v. Van Norman*,
  No. 20-CV-49-JDP, 2022 WL 594542 (W.D. Wis. Feb. 28, 2022)............ 5, 8

*Brady Corp. v. Wood*,
  No. 24-CV-265-JPS, 2024 WL 5398591, (E.D. Wis. Dec. 2, 2024) ........... 12

*Brown & Williamson Tobacco Corp. v. F.T.C.*,
  710 F.2d 1165 (6th Cir. 1983) ............................................................ 2, 3

*Camilotes v. Resurrection Healthcare*,
  No. 10 C 366, 2012 WL 2192168 n.1 (N.D. Ill. June 14, 2012) .............. 16

*Chamberlain Grp., Inc. v. Techtronic Indus. Co., Ltd.*,
  No. 16 C 6097, 2017 WL 11884676 (N.D. Ill. Apr. 17, 2017) .................... 4

*Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*,
  178 F.3d 943 (7th Cir. 1999) .................................................... 3, 12, 15

*City of Greenville, Ill. v. Syngenta Crop Prot., LLC*,
  764 F.3d 695 (7th Cir. 2014) ............................................................. 3, 7

iii

*Craddock v. LeClairRyan*,
   No. 3:16-CV-11, 2019 WL 2437460 (E.D. Va. June 11, 2019)..................................8

*DF Inst., LLC v. Dalton Educ., LLC*,
   No. 19-CV-452-JDP, 2020 WL 4597122 (W.D. Wis. Aug. 11, 2020) .....................14

*Di Cosola v. CitiMortgage, Inc.*,
   No. 11 C 2308, 2011 WL 4808188 (N.D. Ill. Oct. 11, 2011)......................................9

*Eaton Corp. v. Appliance Valves Corp.*,
   526 F. Supp. 1172 (N.D. Ind. 1981) ...............................................................16, 17

*Fail-Safe, LLC v. A.O. Smith Corp.*,
   674 F.3d 889 (7th Cir. 2012) ............................................................................16, 19

*Forest River, Inc. v. inTech Trailers, Inc.*,
   699 F. Supp. 3d 712 (N.D. Ind. 2023) .....................................................................7

*Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*,
   24 F.3d 893 (7th Cir. 1994) ...............................................................................2, 3

*In re Bank One Sec. Litig.*,
   222 F.R.D. 582 (N.D. Ill. 2004)....................................................................3, 12, 16

*In re Testosterone Replacement Therapy Prods. Liab. Litig.*,
   301 F. Supp. 3d 917 (N.D. Ill. 2018) .......................................................................4

*Jessup v. Luther*,
   277 F.3d 926 (7th Cir. 2002) ....................................................................................2

*Kibbons v. Bd. of Educ. of Taft Sch. District 90*,
   No. 19 C 1468, 2025 WL 785063 (N.D. Ill. Mar. 4, 2025) ........................................9

*McMasters v. United States*,
   260 F.3d 814 (7th Cir. 2001) ....................................................................................1

*Marc Maghsoudi Enters., Inc. v. Tufenkian Imp./Exp. Ventures, Inc.*,
   08 C 441, 2009 WL 3837455 (N.D. Ill. Nov. 16, 2009) ...........................................19

*Milwaukee Elec. Tool Corp. v. Snap-On Inc.*,
   288 F. Supp. 3d 872 (E.D. Wis. 2017) ....................................................3, 8, 12, 14

*Motorola Sols., Inc. v. Hytera Commc'ns Corp.*,
   367 F. Supp. 3d 813 (N.D. Ill. 2019) ................................................................12, 13

*Nat'l Polymer Prods., Inc. v. Borg-Warner Corp.*,
    641 F.2d 418 (6th Cir. 1981) ................................................................... 5

*ProductiveMD, LLC v. 4UMD, LLC*,
    821 F. Supp. 2d 955 (M.D. Tenn. 2011) ................................................ 14

*Ruckelshaus v. Monsanto Co.*,
    467 U.S. 986 (1984) ............................................................................. 19

*Russo v. BRP US Inc.*,
    737 F. Supp. 3d 649 (E.D. Wis. 2024) .................................................... 7

*Schmalz v. Villlage of N. Riverside*,
    No. 13-CV-8012, 2015 WL 1598110 (N.D. Ill. Apr. 8, 2015) ................ 9

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*,
    825 F.3d 299 (6th Cir. 2016) ................................................................. 2

*Star Sci., Inc. v. Carter*,
    204 F.R.D. 410 (S.D. Ind. 2001) ............................................................ 4

*Tate v. Riverboat Servs., Inc.*,
    305 F. Supp. 2d 916 (N.D. Ind. 2004) .................................................. 10

*Thiesing v. Dentsply Int'l, Inc.*,
    No. 09-C-359, 2011 WL 4017968 (E.D. Wis. Sept. 7, 2011) ................ 16

*Union Oil Co. of California v. Leavell*,
    220 F.3d 562 (7th Cir. 2000) .............................................. 3, 13, 14, 16

*United States v. Brock*,
    724 F.3d 817 (7th Cir. 2013) ................................................................. 4

*Weather Shield Mfg., Inc. v. Drost*,
    No. 17-CV-294-JDP, 2018 WL 3824150 (W.D. Wis. Aug. 10, 2018) ...... 16

**Statutes**

28 U.S.C. § 1404 .................................................................................... 1

28 U.S.C. § 1406 .................................................................................... 1

28 U.S.C. § 1839(3) ......................................................................... 14, 18

Miss. Code Ann. § 75-26-3(d) ......................................................... 14, 18

T.C.A. § 47-25-1702(4) ............................................................... 14, 18

Wis. Stat. Ann. § 134.90(1)(c) .................................................... 14, 18

**Court Rules**

Fed. R. Civ. P. 5.2(d) ...................................................................... 3

Fed. R. Civ. P. 5.2(e) ...................................................................... 3

Fed. R. Civ. P. 26(c) ....................................................................... 3

Fed. R. Evid. 502(d) ........................................................................ 4

# ARGUMENT

Plaintiff Paragon Component Systems, LLC respectfully replies in support of its motion to determine whether the exhibits to the Complaint, which were publicly filed, should be under seal. *See* Doc. 67. Paragon's opening brief set forth multiple, independent grounds for why Defendants cannot meet their burden to establish a basis for sealing these documents, which Defendants have allowed to remain in the public domain for over seven months. In response, Defendants offer incomplete excuses for their inaction and otherwise fail to address the substance of Paragon's motion. The Court should hold that, as a matter of law, the publicly available exhibits cannot be regarded as "confidential" or "trade secret."

## I.    Defendants Have Waived Any Confidentiality Protection By Not Promptly Moving to Place the Exhibits Under Seal.

### A.    *The recent transfer of this case from the Sixth Circuit to the Seventh Circuit does not change the Court's analysis.*

The question whether a party has waived confidentiality protection of a document filed in a federal lawsuit is governed by federal law. On March 6, 2025, the district court presiding over this case in the Eastern District of Tennessee entered an order transferring this case to the Western District of Wisconsin. Doc. 73; Doc. 74. When a case is transferred from one Circuit to another under 28 U.S.C. § 1404 or under 28 U.S.C. § 1406, the transferee court applies its own Circuit's understanding of federal law. *Anderson v. Aon Corp.*, 614 F.3d 361, 365 (7th Cir. 2010); *McMasters v. United States*, 260 F.3d 814, 819 (7th Cir. 2001).

When Paragon filed its motion, Doc. 67, it relied on Sixth Circuit law because the case was then pending within that Circuit. *See* Doc. 68. In particular, Paragon

1

relied on the district court's standard Memorandum and Order Regarding Sealing Confidential Information, Doc. 5, which details the Sixth Circuit's and the Eastern District of Tennessee's standards. Since the transfer, Seventh Circuit law now governs the analysis of whether the Complaint's exhibits should be under seal. *See Anderson*, 614 F.3d at 365. In this reply, Paragon thus relies on Seventh Circuit law.

Paragon notes that Sixth Circuit law and Seventh Circuit law on these issues do not materially differ. *Compare, e.g., Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–07 (6th Cir. 2016) (outlining standards) *and Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177–80 (6th Cir. 1983) (same) *with Jessup v. Luther*, 277 F.3d 926, 927–28 (7th Cir. 2002) (outlining standards) *and Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 896–97 (7th Cir. 1994) (same). The arguments made in Paragon's initial supporting brief, Doc. 68, thus remain valid in this district, notwithstanding Paragon's reliance on Sixth Circuit law.

Because Defendants' response was filed in this district following transfer, *see* Doc. 76, Defendants had the opportunity to brief the issues raised by Paragon's motion under Seventh Circuit law. But they cite no federal law on point.

B.    *Seventh Circuit standards for placing documents under seal.*

"The general rule is that the record of a judicial proceeding is public." *Jessup*, 277 F.3d at 927. Documents filed in federal court are presumptively available for public view. *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009). Both the common law and the First Amendment to the United States Constitution support this presumption of openness. *Id*. at 1073–74; *accord Grove Fresh*, 24 F.3d at 897; *Brown & Williamson*, 710 F.2d at 1177; *see* Doc. 5.

2

The presumption of openness is based on several important public policies. First, it promotes community respect for the rule of law. *Grove Fresh*, 24 F.3d at 897. Second, it promotes accountability by providing a check on the activities of judges and litigants. *Id.* Third, it fosters more accurate fact finding. *Id.*; *see Brown & Williamson*, 710 F.2d at 1177–81. Fourth, "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). "Judicial proceedings are public rather than private property." *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). Fifth, "litigants who enjoy publicly subsidized dispute resolution should expect public oversight." *City of Greenville, Ill. v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 697 (7th Cir. 2014).

When a party wishes to submit a document under seal for a court's consideration, that party must provide a "compelling justification" for overcoming the presumption of openness. *Union Oil*, 220 F.3d at 568; *see* Fed. R. Civ. P. 5.2(d)–(e); Doc. 5 at 2. This burden is "far greater" than the good cause required for a Rule 26(c) protective order concerning discovery materials. *Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, 288 F. Supp. 3d 872, 910 (E.D. Wis. 2017); *see* Doc. 5 at 1.

A party seeking to seal judicial records must make a particularized showing of good cause for sealing documents. *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546–47 (7th Cir. 2002); *Citizens First*, 178 F.3d at 945; *In re Bank One Sec. Litig.*, 222 F.R.D. 582, 588 (N.D. Ill. 2004). Further, "[d]etermining whether good cause exists 'requires a balancing of the potential harm to litigants' interests against the public's right to obtain information concerning judicial proceedings.' The moving party must

3

show 'that disclosure will work a clearly defined and serious injury.'" *Star Sci., Inc. v. Carter*, 204 F.R.D. 410, 415–16 (S.D. Ind. 2001) (citations omitted). The "party seeking to cloak the record must demonstrate that suppression 'is essential to preserve higher values and is narrowly tailored to serve that interest.' Moreover, 'any doubts must be resolved in favor of disclosure.'" *Adams v. Ardcor Div. of Am. Roll Tooling, Inc.*, 196 F.R.D. 345, 347 (E.D. Wis. 2000) (citations omitted); Doc. 5 at 4.

C.    *Defendants have waived any confidentiality protection of the exhibits to the Complaint.*

1.    <u>Seventh Circuit standards for determining whether confidentiality protections have been waived.</u>

In the context of privileges, such as the attorney–client privilege, "an unprivileged disclosure amounts to a waiver." *United States v. Brock*, 724 F.3d 817, 821 (7th Cir. 2013). Even when a clawback provision applies to an inadvertent disclosure of privileged documents in discovery, *see* Fed. R. Evid. 502(d), the disclosing party must still take reasonable, "prompt steps to rectify the error." *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, 301 F. Supp. 3d 917, 926 (N.D. Ill. 2018). Waiting several days, weeks, or months to try to remedy an inadvertent disclosure is typically deemed an unreasonable delay that results in waiver. *See, e.g., Chamberlain Grp., Inc. v. Techtronic Indus. Co., Ltd.*, No. 16 C 6097, 2017 WL 11884676, at *2 (N.D. Ill. Apr. 17, 2017) (citing numerous cases).

Just as with waiver of privileges, a party can waive the ability to place or maintain a document under seal by engaging in conduct inconsistent with preserving the document's confidentiality. "It is well established that the release of information in open court is a publication of that information, and if no effort is made to limit its

disclosure, [it] operates as a waiver of any rights a party had to restrict its future use." *Binney & Smith Inc. v. Rose Art Indus., Inc.*, No. 94 C 6882, 1995 WL 110127, at *3 (N.D. Ill. Mar. 13, 1995); *accord Nat'l Polymer Prods., Inc. v. Borg-Warner Corp.*, 641 F.2d 418, 421–22 (6th Cir. 1981); *Bradley v. Van Norman*, No. 20-CV-49-JDP, 2022 WL 594542, at *2 (W.D. Wis. Feb. 28, 2022).

2.    <u>Filing of the exhibits to the Complaint</u>.

As explained in Paragon's opening brief, Doc. 68 at 4–9, nine exhibits were publicly filed on July 23, 2024, along with Paragon's Complaint, Exhibits A through I, Doc. 1-8 – Doc. 1-17. These exhibits contain Defendants' contentions concerning why they believe they co-own Paragon's intellectual property and their related demands. *See id*. These communications gave rise to this dispute, and they are central to the Complaint's declaratory-judgment claims; those claims could not be fully understood without the exhibits. Even though Defendants Kirk Grundahl and Suzanne Grundahl labeled the documents "confidential" and "secret," by June 13, 2024, they had voluntarily distributed them all directly to persons who had no duty to keep them confidential, including Paragon's counsel. Doc. 68 at 4–10; *see infra*.

3.    <u>By allowing the exhibits to the Complaint to remain in the public record for seven months, Defendants waived any confidentiality protection pertaining to those documents</u>.

On at least eight separate occasions, Defendants took actions regarding this dispute, yet they chose not to move to seal the exhibits to the Complaint.

On August 12, 2024, Defendants' counsel appeared, and waiver of service was filed for all parties. Doc. 11 – Doc. 14. By then, Defendants and their counsel were on

5

notice that the exhibits to the Complaint were not under seal. But Defendants did not then move to place the exhibits under seal.

On October 1, 2024, Defendants moved to dismiss or transfer this case. Doc. 21. On October 10, 2024, Defendants moved to redact and seal certain exhibits to their motion to dismiss or transfer (which they claimed contained "trade secrets" similar to Complaint's exhibits). Doc. 29; Doc. 30. The motion was denied. Doc. 45. But Defendants still did not move to place the exhibits to the Complaint under seal.

Throughout the remainder of October 2024, Mr. Grundahl posted information on Qualtim's website and sent emails widely to members of the truss industry that called attention to the Complaint and its exhibits. *See* Doc. 68 at 13–14. Defendants still did not move to place the Complaint's exhibits under seal.

On December 30, 2024, counsel for Paragon conferred with counsel for Defendants concerning the parties' respective positions on the public status of the exhibits to the Complaint. Doc. 67-1 ¶ 2. Once again, Defendants did not move to place the exhibits to the Complaint under seal.

On January 31, 2025, Defendants in this lawsuit filed a separate lawsuit in the Western District of Wisconsin against Paragon's attorneys who had appeared in the Eastern District of Tennessee, contending that Paragon's attorneys somehow "misappropriated" trade secrets by not filing the exhibits to the Complaint in *this* case under seal. *See* Doc. 65-3 (*Inspired Pursuits, LLC, et al., v. Miller Martin PLLC, et al.*, Case No. 3:25-cv-00073, W.D. Wis.). Yet Defendants still did not move the district court in this case to place the exhibits to the Complaint under seal.

6

On February 13, 2025, counsel for Paragon conferred with counsel for Defendants concerning the parties' respective positions on the public status of the exhibits to the Complaint and the relief Paragon intended to seek via this motion. Doc. 67-1 ¶ 3. Defendants did not then move to place the exhibits under seal.

On February 26, 2025, Paragon moved in the Eastern District of Tennessee to determine whether the exhibits to the Complaint should be under seal. Doc. 67; Doc. 68. Again, Defendants did not then move to place those exhibits under seal.

On March 6, 2025, the district court in the Eastern District of Tennessee entered an order transferring this case to the Western District of Wisconsin. Doc. 73. In reaching this decision, the district court's opinion expressly considers and relies on all nine exhibits to the Complaint, which remained in the public record. *Id*. at 3, 8–11. Because the district court in the Eastern District of Tennessee evaluated and expressly relied on the publicly available exhibits to the Complaint to reach its transfer decision, Doc. 73 at 3, the public now has an interest in those documents remaining publicly available permanently.

Documents that a district court has actually relied on to reach a decision are, above all, the kind of judicial records that the public has the right to inspect. "Once filed with the court, … '[d]ocuments that *affect the disposition of federal litigation* are presumptively open to public view ... unless a statute, rule, or privilege justifies confidentiality.'" *City of Greenville*, 764 F.3d at 697 (citation omitted) (emphasis added); *see, e.g., Russo v. BRP US Inc*., 737 F. Supp. 3d 649, 662 (E.D. Wis. 2024); *Forest River, Inc. v. inTech Trailers, Inc*., 699 F. Supp. 3d 712, 738 (N.D. Ind. 2023). A party waives the right to rely on the confidentiality protections of HIPAA, for

example, to the extent the party voluntarily places his or her medical condition at issue and a court relies on the party's medical records to reach a decision. *See Bradley v. Van Norman*, No. 20-CV-49-JDP, 2022 WL 594542, at *2 (W.D. Wis. Feb. 28, 2022).

On March 12, 2025, Defendants responded to Paragon's motion to determine whether the exhibits should be under seal. Doc. 76. In their response—filed over 230 days after the exhibits to the Complaint were filed and over 215 days after Defendants' counsel appeared in this case—Defendants for the first time contend, in merely conclusory fashion, that the exhibits to the Complaint "should be sealed as alleged trade secrets." Doc. 76 at 4; *see id*. at 1. This is too little, and far too late.

First, it is too late. Waiting well over 200 days is exponentially longer than what case law establishes as reasonable. In one case, for example, a party waived the ability to place a document under seal "by waiting 36 days to file a motion to seal once the Initial Final Award … (which contained all the information that [movant] wishes the Court to seal) was public." *Craddock v. LeClairRyan*, No. 3:16-CV-11, 2019 WL 2437460, at *6 (E.D. Va. June 11, 2019). In another case, a party waived the opportunity to seal portions of a trial transcript when it allowed the transcript to remain in the public record "for nearly a month" before moving to redact it. *Milwaukee Elec.*, 288 F. Supp. 3d at 910. "Whatever business interest [movant] had in keeping the confidential information secret is hard to square with that delay, and post-hoc sealing cannot put the cat back in the bag." *Id*.

The same conclusion applies here. Waiting seven months to first request that the exhibits to the Complaint be sealed, Doc. 76 at 4, is belated, unreasonable, and inconsistent with Defendants' contention that the exhibits contain confidential,

secret information. If Defendants really believed it, they would have promptly moved to place the exhibits under seal once they were served with the Complaint.

Second, even if it were not too late, Defendants' belated response does not even address the substance of Paragon's motion. Defendants never respond to Paragon's argument that Defendants have waived the opportunity to place the exhibits under seal or otherwise to treat them as confidential. *See* Doc. 68 at 12–14; Doc. 76.

To the extent Defendants have not responded to Paragon's arguments in its opening brief, Defendants have forfeited their opposition. "[A]n 'unresponsive response is no response' and means the [Defendants have] 'forfeited [the] right to continue litigating'" the issue of whether they waived the opportunity to seal the exhibits. *See Schmalz v. Villlage of N. Riverside*, No. 13-CV-8012, 2015 WL 1598110, at *3 (N.D. Ill. Apr. 8, 2015) (citation omitted) (motion-to-dismiss context); *see also, e.g., Kibbons v. Bd. of Educ. of Taft Sch. Distict 90*, No. 19 C 1468, 2025 WL 785063, at *5 (N.D. Ill. Mar. 4, 2025) (summary judgment context); *Di Cosola v. CitiMortgage, Inc.*, No. 11 C 2308, 2011 WL 4808188, at *1 (N.D. Ill. Oct. 11, 2011) (Plaintiffs' brief "fails to respond substantively to Defendants' arguments for dismissal. Accordingly, Plaintiffs have forfeited any arguments they might have had against dismissal.").

    4.    <u>Defendants' sealing of documents in other cases does not support sealing the exhibits to the Complaint.</u>

Regardless, Defendants' sole asserted ground for sealing the exhibits is "based on previous finding of this court to seal them as alleged trade secrets." Doc. 76 at 1 (citing Case Nos. 25-cv-73 and 25-cv-75). This assertion is inaccurate and misleading.

On January 2, 2025, Inspired Pursuits, LLC, and other Defendants in this case filed a state-court lawsuit against Paragon, John Holland, and others. *See Inspired*

9

*Pursuits, LLC et al., v. Paragon Component Systems, LLC, et al.*, Case No. 2025CV000036, in the Circuit Court for Dane County, Wisconsin. That case has been removed to this District, where it is pending as *Inspired Pursuits, LLC, et al., v. Paragon Component Systems, LLC, et al.*, Case No. 3:25-cv-00075, W.D. Wis. The Court may take judicial notice of those court records. *Tate v. Riverboat Servs., Inc.*, 305 F. Supp. 2d 916, 919 (N.D. Ind. 2004).

In the state court, Inspired Pursuits and the other plaintiffs filed several exhibits to their complaint under seal. *See* Case No. 3:25-cv-00075, W.D. Wis., Doc. 1-4. Those exhibits differ from the exhibits to the Complaint filed in this action. *Compare* Case No. 3:25-cv-00075, W.D. Wis., Doc. 1-2 at 23–24 ¶ 35 (non-disclosure agreements) *with* Doc. 1-8 – Doc. 1-17. Defendants' motion to the state court seeking to place exhibits to their Wisconsin state-court complaint under seal, Doc. 75-1, is thus inapposite. The state-court motion relies on Wisconsin state law, which does not govern sealing in federal court. *Id.* And in any event, its analysis for sealing incorrectly assumes that merely conclusory *allegations* can suffice to warrant sealing a document, and it otherwise does not address federal standards. *Id.*

On removal, out of an abundance of caution, Paragon moved to temporarily place those exhibits under seal, pending an adjudication by the district court. Paragon does not concede that they meet the standard for sealing. *See* Case No. 3:25-cv-00075, W.D. Wis., Doc. 2. Sealing of exhibits in the removed state-court case thus offers no support for contending that different exhibits in *this* case should be under seal.

Similarly, in Defendants' separate lawsuit against Paragon's counsel over the filing of the exhibits in this case, *see* Doc. 65-3 (*Inspired Pursuits, LLC, et al., v. Miller*

*Martin PLLC, et al.*, Case No. 3:25-cv-00073, W.D. Wis.), Inspired Pursuits and the other plaintiffs moved ex parte to file certain documents under seal. *See* Case No. 3:25-cv-00073, W.D. Wis., Doc. 2. The ex parte motion to seal was granted in a minute entry. *See* Case No. 3:25-cv-00073, W.D. Wis., Doc. 4. Although the exhibits placed under seal in that case contain some information also in the exhibits to the Complaint in this action, *see* Case No. 3:25-cv-00073, W.D. Wis., Doc. 2-1; Doc. 2-2, they do not include the exhibits to the Complaint. There has thus been no adjudication whether the exhibits to the Complaint in this action should be placed under seal.

Nor could there be, for that could occur only in *this* case. Moreover, the district court's minute order in that case, No. 3:25-cv-00073, is interlocutory, subject to revision, based on an ex parte motion. Courts routinely put documents under seal provisionally when a case is initiated, to give all parties an opportunity to state their position under the applicable standards. At the appropriate time, Paragon may challenge the sealing in Case No. 3:25-cv-00073 based on the Seventh Circuit standards for sealing set forth above.

For example, to the extent the exhibits in that case, No. 3:25-cv-00073, have information similar to the exhibits in this case, Paragon may assert that Defendants, by not making any reasonable efforts to seal similar, publicly available information in this case, have waived any confidentiality protection. In such event, the district courts in both Case No. 3:25-cv-00073 and Case No. 3:25-cv-00075 would be required to exercise their independent duty to determine whether the sealed documents in those cases deserve to remain under seal in light of the waiver of confidentiality concerning some similar information (though not the same documents) in this case.

"The Court has an independent duty to review requests for sealing in light of the public's interest in open judicial proceedings.'" *Milwaukee Elec.*, 288 F. Supp. 3d at 910 (quoting *Citizens First*, 178 F.3d at 944–45); *see* Doc. 5 at 3.

Defendants' perfunctory reference to cases 3:25-cv-00073 and 3:25-cv-00075 thus provides no legitimate support for contending that the exhibits to the Complaint in *this* case, Doc. 1-8 – Doc. 1-17, meet the standards for being placed under seal. Nor is it accurate for Defendants to say that another court has already "found" that the exhibits to the Complaint in this case should be sealed.

Moreover, Defendants are wrong when they suggest that their burden of placing documents under seal "at the pleading stage" differs from and is lighter than the standards for sealing set forth above. *See* Doc. 76 at 2. Defendants ask the Court to place the exhibits to the Complaint under seal based solely on a conclusory, blanket *allegation* that they contain unspecified trade secrets. The case *Brady Corp. v. Wood*, No. 24-CV-265-JPS, 2024 WL 5398591, (E.D. Wis. Dec. 2, 2024), which Defendants rely on for this assertion, concerns the sufficiency of pleading and has nothing to do with placing documents under seal. Doc. 76 at 2. Defendants' contention is thus entirely unsupported by any relevant, applicable law.

To the contrary, at any stage of litigation, a party wishing to place a document under seal must always provide a compelling, particularized, factually supported justification. *See Baxter*, 297 F.3d at 546–47; *Citizens First*, 178 F.3d at 945; *In re Bank One Sec. Litig.*, 222 F.R.D. at 588. "The determination of good cause [to seal materials] cannot be elided by allowing the parties to seal whatever they want ...." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 367 F. Supp. 3d 813, 816 (N.D. Ill.

12

2019) (citation omitted). "A party hoping to file materials in secret must justify the claim of secrecy…. Simply asserting, as [Defendants do] with frequency, that something should be filed under seal is not enough." *Id*.

In sum, even if the exhibits to the Complaint qualified as trade secrets (they do not), and even if Paragon and its counsel had had a duty to keep them confidential (they did not), it would not matter. *See* Doc. 76 at 2–3. Defendants have waived any such protection by permitting the exhibits to remain in the public record for seven months without making *any* effort (much less a reasonable one) to place them under seal. The Court should thus hold that the exhibits to the Complaint, Doc. 1-8 – Doc. 1-17, do not qualify for sealing and must remain part of the public record in this case.

The Court need not have an evidentiary hearing to decide this. Everything it needs to consider is contained in the docket in this case, which shows that Defendants have allowed the exhibits to remain in the public record for seven months without making any reasonable effort to seal them.

## II.    Defendants Have Not Established That the Exhibits Are Confidential or Trade Secrets.

To warrant sealing the exhibits to the Complaint as containing trade secrets, Defendants bear the burden of showing that each of the exhibits meets the definition of a "trade secret." *Union Oil*, 220 F.3d at 568. They cannot meet this burden.

### A.    Defendants have not established that the exhibits to the Complaint meet the definition of a "trade secret" or are otherwise confidential.

Establishing that a document contains a valuable trade secret, the disclosure of which would harm its owner, can potentially justify maintaining a judicial record under seal. *See Baxter*, 297 F.3d at 545–46.

13

Under any law that might apply here, a "trade secret" is, by definition, something that its owner has taken reasonable steps to keep "secret." *See* 28 U.S.C. § 1839(3) (defining "trade secret" as information "the owner thereof has taken reasonable measures to keep such information secret" and that "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information"); Wis. Stat. Ann. § 134.90(1)(c) (defining "trade secret" as information that "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use" and that "is the subject of efforts to maintain its secrecy that are reasonable under the circumstances"); *accord* Miss. Code Ann. § 75-26-3(d); T.C.A. § 47-25-1702(4).

It follows that, even if a document has competitive value, it is not a trade "secret," and thus deserves no protection as such, if its owner has not taken reasonable steps to keep it secret. *See, e.g., DF Inst., LLC v. Dalton Educ., LLC*, No. 19-CV-452-JDP, 2020 WL 4597122, at *3 (W.D. Wis. Aug. 11, 2020) (stating that information qualifies as a "trade secret" only if it has competitive value *and* its owner made reasonable efforts to keep it secret); *ProductiveMD, LLC v. 4UMD, LLC*, 821 F. Supp. 2d 955, 962 (M.D. Tenn. 2011) ("[B]y definition, a trade secret requires reasonable efforts to maintain secrecy."). The burden falls on Defendants to show this. *See Union Oil*, 220 F.3d at 568; *Milwaukee Elec.*, 288 F. Supp. 3d at 910.

14

In its opening brief, Paragon showed how the exhibits to the Complaint could not possibly qualify as trade secrets because, before the Complaint was filed, Defendants had circulated them widely to persons having no duty to keep them secret, including Paragon's counsel. Doc. 68 at 15–17.

First, Ms. Grundahl sent the March 22, 2025 memo (Exhibit A to the Complaint, Doc. 1-8) to Paragon's customer-support email address, which is accessed by all of Paragon's employees and customer-support independent contractors, regardless of whether they have a non-disclosure agreement with Defendants. *See* Doc. 67-3 ¶ 3. Further, on March 25, 2024, on her own volition, Ms. Grundahl also emailed this memo directly to Rob Eason and James Holland, neither of whom had signed the August 2023 non-disclosure agreement that Defendants reference, Doc. 76 at 2–3, and who otherwise had no duty to keep the memo confidential. *See* Ex. 1, Rob Eason Decl. & Ex. A; Ex. 2, James Holland Decl.[1]

Second, Mr. Grundahl voluntarily sent the correspondence that makes up the remainder of the exhibits to the Complaint, Exhibit B through I, Doc. 1-9 – Doc. 1-17, directly to Mr. Kabakoff and Ms. Lanus, even though they had no duty to keep them confidential. *See* Doc. 68 at 5–10.

This means that, as of June 13, 2024, Mr. Grundahl and Ms. Grundahl had voluntarily disclosed all nine exhibits to the Complaint directly to persons having no duty to keep the documents confidential. It follows that, as of June 13, 2024, none of

---

[1] Out of abundance of caution, Paragon has separately moved to file Exhibit A to the Eason Declaration under seal provisionally, not because Paragon believes it warrants sealing, but rather because Defendants have filed a lawsuit over its prior public filing.

15

the exhibits could properly be classified as confidential or a "trade secret" because Defendants had not taken reasonable measures to keep them secret. *See Fail-Safe, LLC v. A.O. Smith Corp.*, 674 F.3d 889, 892 (7th Cir. 2012).

Paragon invited the Defendants to try to prove otherwise. As explained above, to prove that exhibits deserve to be under seal, Defendants must make a compelling, particularized factual showing that each exhibit meets the definition of a trade secret, including that Defendants have reasonably kept it secret. *See Baxter*, 297 F.3d at 546–47; *Citizens First*, 178 F.3d at 945; *In re Bank One Sec. Litig.*, 222 F.R.D. at 588; *Weather Shield Mfg., Inc. v. Drost*, No. 17-CV-294-JDP, 2018 WL 3824150, at *1 (W.D. Wis. Aug. 10, 2018). Defendants have not made this showing. Doc. 76 at 2–3. In fact, we do not even know which of the Defendants is said to own the "trade secrets."

First, Defendants contend—incorrectly—that a vague, blanket *allegation* that the exhibits contain trade secrets will suffice to seal exhibits to a complaint. Doc. 76 at 2. "[I]t is not enough that a party seeking the protection of an alleged trade secret simply states that a document contains a trade secret," as Defendants have done. *See In re Bank One Sec. Litig.*, 222 F.R.D. at 588. Defendants must prove it.

Second, regardless, Defendants have not made a factually supported showing that they made reasonable efforts to keep the exhibits secret. Simply labeling something "confidential does not make it a trade secret …." *See Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000); *accord, e.g.*, *Camilotes v. Resurrection Healthcare*, No. 10 C 366, 2012 WL 2192168, at *1 n.1 (N.D. Ill. June 14, 2012); *Thiesing v. Dentsply Int'l, Inc.*, No. 09-C-359, 2011 WL 4017968, at *10 (E.D. Wis. Sept. 7, 2011); *Eaton Corp. v. Appliance Valves Corp.*, 526 F. Supp. 1172, 1178 (N.D.

Ind. 1981), *aff'd* 688 F.2d 842 (7th Cir. 1982). Businesspersons and litigants frequently label documents as "confidential" or "secret" even when they cannot meet the standards for such protection, as occurred here. Contrary to Defendants' assertion, Doc. 76 at 2, such mere labeling does not create a duty by the recipient to maintain the documents as confidential or secret.[2]

Third, Defendants have not rebutted the undisputed fact that Defendants Suzanne Grundahl and Kirk Grundahl voluntarily sent the Complaint's exhibits directly to persons who had no duty to keep them secret. Defendants do not contend that Paragon's attorney Stephen Kabakoff and his assistant Deloris Lanus, to whom Mr. Grundahl sent eight of the nine exhibits to the Complaint (including a letter from Mr. Kabakoff himself), Doc. 1-9 – Doc. 1-17, ever agreed to keep the correspondence confidential. In fact, neither they nor any Miller & Martin PLLC attorney ever signed a non-disclosure agreement or otherwise agreed to keep the correspondence confidential. *See* Ex. 3, Stephen Kabakoff Supp. Decl. ¶ 2.

This correspondence discussed in detail the substance of the ninth exhibit, the March 22, 2024 memo. Doc. 1-8. Defendants make no showing that Ms. Grundahl even knew the names of the people she was emailing when she sent the March 22, 2024 memo, Doc. 1-8, to a generic sales-support address, let alone had a basis for her incorrect assumption that they were all necessarily people who had signed a non-

---

[2] A recent google search for "Qualtim" and "DTSA" or "confidential or "trade secret" yielded numerous publicly available Qualtim-related documents that are similarly labeled as "Confidential Intellectual Property" and the like. *See* Ex. 3, Kabakoff Supp. Decl. ¶¶ 3–4. The boilerplate designation is contained in the documents regardless of whether they actually contain trade secrets to the Complaint. *See id.* The exhibits to the Complaint contain similar boilerplate designations. Doc. 1-8 – Doc. 1-17.

disclosure agreement. *See* Doc. 76 at 3. All employees and independent customer-support contractors had access. Doc. 67-3 ¶ 3. And Ms. Grundahl also sent this memo directly to other persons, Mr. Eason and James Holland, who had no duty to keep it confidential. *See* Ex. 1, Eason Decl. & Ex. A; Ex. 2, James Holland Decl. Further, Defendants fail to explain how distributing the memo this way constitutes a reasonable effort to maintain secrecy.

Defendants thus fail to show that Miller & Martin, its attorneys, and staff had any duty, contractual or otherwise, to keep any of the exhibits confidential. Nor have Defendants even demonstrated that the exhibits to the Complaint contain information that is covered by a non-disclosure agreement.

Fourth, the fact that Paragon's software code is a trade secret is irrelevant to the question whether the exhibits to the Complaint, which do not contain software code, are trade secrets. *See* Doc. 76 at 3. Efforts to keep Paragon's software code secret are an entirely separate matter from Defendants keeping other information secret.

Fifth, Defendants have made no attempt whatsoever—much less a particularized effort—to meet the second prong of the definition of a trade secret: showing that the information in the exhibits "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." 28 U.S.C. § 1839(3); *see* Wis. Stat. Ann. § 134.90(1)(c); Miss. Code Ann. § 75-26-3(d); T.C.A. § 47-25-1702(4). This also is fatal to their claim that the exhibits to the Complaint contain trade secrets.

B.     *Even if the exhibits to the Complaint contain valuable confidential information or secrets, Defendants have forfeited confidentiality protection by unreasonably allowing the exhibits to remain in the public record for seven months.*

Even if Defendants *had* met their burden of providing that the exhibits to the Complaint were trade secrets or otherwise confidential, it would not matter. Defendants have forfeited any such definition or protection by allowing the exhibits to remain in the public record for seven months. The exhibits can no longer meet the statutory definition of a trade secret because Defendants have thus "failed to take reasonable steps to protect the secrecy of [their] claimed trade secret[s]." *See Fail-Safe, LLC*, 674 F.3d at 892. In other words, for the same reason that Defendants have waived the ability to put the exhibits under seal, they have also permanently forfeited any trade secret or confidential status that the exhibits might once have had.

This is because a "trade secret that becomes public knowledge *is no longer a trade secret*." *BondPro Corp. v. Siemens Power Generation, Inc*., 463 F.3d 702, 706 (7th Cir. 2006) (emphasis added). "Because of the intangible nature of a trade secret, the extent of the property right therein is defined by the extent to which the owner of the secret protects his interest from disclosure to others." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984). "Information that is public knowledge or that is generally known in an industry cannot be a trade secret. If an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, *his property right is extinguished*." *Id*. (citations omitted) (emphasis added); *see Marc Maghsoudi Enters., Inc. v. Tufenkian Imp./Exp. Ventures, Inc*., No. 08 C 441, 2009 WL 3837455, at *2 (N.D. Ill. Nov. 16, 2009).

19

Here, Defendants extinguished any property right they might have had in the exhibits to the Complaint as trade secrets or confidential business information not only by disclosing them to persons having no duty to keep them confidential, but also by unreasonably allowing them to remain in the public record for seven months without making any effort to place them under seal. The information contained in the exhibits to the complaint is thus, as a matter of law, incapable of meriting confidentiality or trade-secret protection.

## III.    Conclusion.

Defendants have made no factual showing for filing any of the exhibits under seal.  The Court should hold they have waived the opportunity to place the exhibits to the Complaint under seal through their conduct inconsistent with maintaining the exhibits as confidential or secret. The Court should also hold, based on this waiver and Defendants' failure to meet their burden, that the exhibits cannot meet the definition of a trade secret or otherwise merit protection as confidential. The Court should also grant Paragon any other relief deemed appropriate.

Respectfully submitted this 18th day of March 2025.

> **GASS TUREK LLC**
> *Counsel for Plaintiff Paragon*
> *Component Systems, LLC*
>
> *s/ Tamar B. Kelber*
> Tamar B. Kelber, SBN 1101802
> kelber@gassturek.com
> Joshua S. Greenberg, SBN 1107959
> greenberg@gassturek.com
> 241 North Broadway, Suite 300
> Milwaukee, WI 53202
> T: 414-223-3300

20