# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PARAGON COMPONENT
SYSTEMS, LLC,

        Plaintiff,       OPINION and ORDER

 v.

                        25-cv-170-wmc

QUALTIM, INC., *et al.*,

        Defendants.

---

  Plaintiff Paragon Component Systems, LLC, a Tennessee corporation, is suing Qualtim, Inc., a Wisconsin corporation, and other defendants for declaratory judgment that Paragon is the sole owner of structural truss design software on which defendants consulted, and which defendants now claim to co-own.  Plaintiff filed its complaint publicly and attached to it a memorandum and e-mails that defendants had previously marked as confidential and now argue are subject to nondisclosure agreements.  Although defendants never moved to seal the exhibits, they later sued plaintiff's attorneys for trade secret misappropriation for publicly docketing them.

  Now before the court is plaintiff's motion asking the court to decide whether the complaint exhibits should be sealed.  For the reasons stated in this opinion, the court ORDERS that they should—at least for now when the case is still at its relatively early stages and the confidential status of the documents is still the subject of discovery and in dispute.  The court also ORDERS the parties to submit a proposed protective order governing the discovery and filing of confidential information in this case and plaintiff to submit public redacted versions of the complaint exhibits pursuant to the resulting order.  Finally, the court GRANTS plaintiff's motion to seal Exhibit 1 to the instant motion.

BACKGROUND

Plaintiff and defendants are parties to three cases pending in this court, 25-cv-170-wmc, 25-cv-75-wmc, and 25-cv-73-wmc, explained below.

Plaintiff Paragon holds itself out as the creator of software related to designing structural trusses. Dkt. 1 at 7. Defendants are Wisconsin corporations and individuals who, plaintiff alleges, provided engineering consulting services for plaintiff's software. *Id.* at 9. In March 2024, defendants sent plaintiff a memorandum claiming co-ownership in the software on which they consulted. *Id.* at 11. Plaintiff disagreed. *Id.* After months of discussion, plaintiff sued defendants in July 2024 in the U.S. District Court for the Eastern District of Tennessee, case no. 24-cv-00246-CEA-CHS, seeking declaratory judgment that plaintiff was the sole owner of the software. Dkt. 1 at 1. That case was transferred here in March 2025. Dkts. 73 & 74.

Plaintiff attached to the complaint ten exhibits documenting the pre-litigation correspondence between it and defendants. Dkts. 1-8–17. The confidential status of these exhibits is still a topic of active dispute. Defendants stress that the exhibits contain confidential information. And, indeed, they do bear labels characterizing their contents as such. *Id.* Yet, plaintiff contends that at least some of these same exhibits were sent to an email address that directs correspondence to a Slack channel accessible by every Paragon employee and contractor that provides customer support to Paragon. Dkt. 67-3 at 1. And, plaintiff argues, while some of these employees and contractors had previously entered into a nondisclosure agreement with defendants, some had not. *See* Dkts. 1-9–17.

In January 2025, defendants filed two lawsuits. First, defendants sued plaintiff in Wisconsin state court alleging fourteen causes of action relating to their business relationship

2

with plaintiff. The case was removed to this court. *Inspired Pursuits, LLC, et al., v. Paragon Component Systems LLC, et al.*, 25-cv-75-wmc (W.D. Wis. Jan. 31, 2025) (*Inspired Pursuits I*).

Second, defendants filed suit against the lawyers representing plaintiff in this case, also in this court. Defendants allege that plaintiff's lawyers misappropriated defendants' trade secrets by publicly filing the correspondence documents as exhibits to the complaint in this case. *Inspired Pursuits LLC et al., Miller Martin PLLC et al*, 25-cv-73-wmc (W.D. Wis. Jan 31, 2025) (*Inspired Pursuits II*).

Although more than seven months have passed since the initiation of this case, defendants never moved to seal the complaint exhibits. The issue arose when plaintiff filed the instant motion, apparently in response to the allegations forming the basis of *Inspired Pursuits II*.

LEGAL STANDARDS

Civil litigation in federal court is presumptively conducted in public. *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545 (7th Cir. 2002); *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). This presumption applies primarily to the facts underlying judicial decisions. *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013); *Baxter*, 297 F.3d at 548; *Union Oil*, 220 F.3d at 568. It applies less to other information that may be discovered and disclosed throughout a case. *Union Oil*, 220 F.3d at 568. The Federal Rules of Civil Procedure allow for some protection of confidential information during discovery. Fed. R. Civ. P. 26(c). And courts, including this one, have corresponding rules allowing parties to file appropriate information under seal. *See* Administrative Order No. 337.

3

Parties must show there is good cause to obtain an order protecting confidential information from public disclosure and to file information under seal. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). There is no single formula to make such a showing, but both confidentiality designations and nondisclosure agreements are relevant. *See e.g., Unverferth Mfg Co. Inc. v. Par-Kan Co., LLC*, No. 3:23-CV-653-GSL-MGG, 2024 WL 2883681, at *2 (N.D. Ind. May 20, 2024) ("The Court previously found [the agreement's confidentiality clause and the confidential nature of the agreement] sufficient in its order granting [defendant's] first motion to seal[.]"). Also, the stage of the case matters— *i.e.*, the court will enter standing protective orders to facilitate discovery of confidential information, *see Baxter Int'l*, 297 F.3d at 545 ("Secrecy is fine at the discovery stage, before the material enters the judicial record."), but once information influences a judicial decision, it presumptively becomes public. *Id.*

ANALYSIS

Plaintiff has moved the court to determine whether the exhibits to the complaint, Dkts. 1-8–17, should be sealed and, relatedly, moves to seal an exhibit in support of this motion that incorporates some of those exhibits. Plaintiff argues that, despite being labeled confidential trade secrets, the court should find the exhibits do not meet the definition of a trade secret and, even if they do, that defendants waived any claim to their continued secrecy by indiscriminately distributing the documents to individuals who never signed the nondisclosure agreement and by failing to move for their sealing after more than seven months of their posting to the public docket. Dkt. 68 at 2.

4

Defendants respond that the exhibits' confidentiality was evident from the parties' nondisclosure agreement and the exhibits' conspicuous "confidential trade secret" labeling. Dkt. 76 at 2–3. Further, defendants argue that, because the exhibits' confidentiality is a factual dispute in their other case against plaintiff's lawyers, the exhibits should be sealed pending resolution of that case. *Id.* at 3–4.

Considering the nature of the exhibits, the context in which they were produced, and the fact that discovery is still ongoing, there is good cause to seal the exhibits at this time. There is evidence the parties were, at least to some extent, bound by a nondisclosure agreement, and the documents are clearly designated confidential and trade secrets. Dkts. 1-8–17. This *prima facie* showing that the exhibits may contain sensitive information is sufficient at this stage in the case.

Of course, the legitimacy of any exhibit's confidential or trade secret designation may be fairly debated at some point in the future, but such determinations are inappropriate before a sufficient factual record is developed. *Baxter Int'l*, 297 F.3d at 545. Moreover, ruling on the merits of defendants' claims now would essentially prejudge their case against plaintiff's lawyers, in which the confidentiality of the exhibits is a central issue. *See Brady Corp. v. Wood*, No. 24-CV-265-JPS, 2024 WL 5398591, at *4–5 (E.D. Wis. Dec. 2, 2024) (refusing to rule on the ultimate legitimacy of alleged trade secrets at the pleading stage).

In short, the exhibits possess sufficient hallmarks of confidentiality for the court to find good cause to seal them at this juncture. This status may evolve as the case progresses depending on the development of the evidentiary record. Further determinations of the merits of defendants' claims will be made separately only at an appropriate time and upon appropriate requests.

5

ORDER

IT IS ORDERED that:

1. Complaint exhibits A–J, Dkts. 1-8–17, shall be sealed on this court's docket. This order does not order the Eastern District of Tennessee or any Wisconsin state court to handle the exhibits in question in any particular way—the parties will need to seek orders directly from those courts.

2. Plaintiff's motion to seal Exhibit A to Declaration of Rob Eason, Dkt. 83, is GRANTED.

3. The parties are ORDERED to submit a protective order governing confidentiality of discovery for this court's review and approval. In doing so, parties are ORDERED to consult this court's Administrative Order No. 337.

4. Defendants shall submit redacted public versions of complaint exhibits, redacting only those portions that they in good faith believe construe trade secret or confidential information, pursuant to Order No. 337.

Entered April 8, 2025.

BY THE COURT:

/s/

_____

ANITA MARIE BOOR
Magistrate Judge

6