# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

PARAGON COMPONENT SYSTEMS,
LLC,

      Plaintiff,

 V.                                   Case No. 1:24-cv-00246-CEA-CHS

QUALTIM, INC., CENTER FOR
BUILDING INNOVATION, LLC,
DRJ ENGINEERING, LLC, INSPIRED
PURSUITS, LLC, KIRK GRUNDAHL, and
SUZANNE GRUNDAHL,

      Defendants.

## PLAINTIFF'S SUR-REPLY
## IN OPPOSITION TO DEFENDANTS' MOTION TO SEAL

Plaintiff Paragon Component Systems, LLC sur-replies to Defendants' Reply

Briefs (Docs. 80, 81, and 82) in support of their Motions to Seal (Docs. 74 and 75).

A.  <u>Defendants' Reply Brief Is Improper</u>

According to Local Rule 7.1(c), "[a] reply brief shall not be used to reargue the

points and authorities included in the opening brief, but shall directly reply to the

points and authorities contained in the answering brief." Despite this, Defendants'

reply (refiled three times, Docs. 80-82) includes arguments and theories that were

never presented in their opening motions (Docs. 74-75).[1] Furthermore, Defendants'

---

[1] Defendants filed two motions to seal, but only a single reply for both motions.

reply relies on a new supporting declaration (filed as three different versions, Docs. 80-1, 81-1, and 82-1) that could have been submitted earlier, but was not.

Paragon submits this sur-reply since it otherwise had no opportunity to respond to the new arguments and evidence presented in Defendants' reply. Paragon alternatively asks the Court to strike Defendants' reply (Docs. 80-82) and new declarations (Docs. 80-1, 81-1, and 82-1) in their entireties because they are procedurally improper under Sixth Circuit precedent and this Court's local rules. *See Wang v. General Motors, LLC*, 2018 WL 4501487, at \*2 (E.D. Mich. Sept. 20, 2018) (collecting cases) ("Under Sixth Circuit precedent, arguments raised for the first time in a reply brief generally are not considered"); *S. Env't L. Ctr. v. Tennessee Valley Auth.*, 2025 WL 496458, at \*3 (E.D. Tenn. Feb. 13, 2025) (collecting cases) ("It is well-settled that a movant cannot raise new issues for the first time in a reply brief because consideration of such issues deprives the non-moving party of its opportunity to address the new arguments"); E.D. Tenn. Local Rule 7.1(c) ("A reply brief . . . shall directly reply to the points and authorities contained in the answering brief").

Nevertheless, even if Defendants' reply brief is considered, it still fails to meet Defendants' heavy burden of showing a compelling reason to justify sealing. *See Shane Grp., Inc. v. Blue Cross Blue Sheild of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). Defendants fail to "analyze in detail, document by document, the proprietary of secrecy" as required. *Id.* (internal citations omitted); *see also* Doc. 5.

B.  The Kirk Grundahl Declaration Is Untimely and Should Be Stricken

Defendants filed three different substantive declarations from Kirk Grundahl, all allegedly signed and dated the same day. The first declaration (Doc. 80-1) filed

2

June 27, 2025 (Defendants' reply brief deadline) contains only text; the second declaration (Doc. 81-1) also filed June 27th, appears to contain the same text plus additional embedded document excerpts; the third declaration (Doc. 82-1) filed June 29th, *two days after the filing deadline*, is substantively different than the first two declarations and contains several additions and changes. The attached **Exhibit 1** highlights the changes between Docs. 82-1 and 81-1 and includes annotation pages showing the specific tracked changes between these different declarations.

Defendants claim the three declarations were filed "due to technical issues" (Doc. 83), but "technical issues" do not explain the substantive differences between the declarations filed.[2] *See* **Exhibit 1**. Nor do "technical issues" excuse the untimeliness of Defendants' filing or explain how they were able to timely file two declarations (Doc. 80-1 and 81-1) and reply briefs (Docs. 80-81) on their due date.

Given the numerous substantive differences and timeliness issues, it seems Defendants were unable to meet the June 27 filing deadline because revisions were ongoing. The third Grundahl declaration (Doc. 82-1) should be stricken as untimely.

C. Defendants' Reply Misstates Relevant Facts

Defendants' reply contains numerous incorrect factual statements. For example, Defendants claim they "were not given an opportunity to file [the exhibits at issue] under seal" until now. Doc. 82 at 2 ("Defendants were not given an

---

[2] These substantive differences include an added footnote alleging the Court has connections to the law firm representing Paragon, suggesting the Court is biased and cannot adequately resolve this matter. (Doc. 82-1 at 7, n.9.) This assertion is entirely baseless and inappropriately questions the credibility and ethics of the Court and undersigned counsel.

opportunity to file them under seal"); *id.* at 3 ("Defendants were not provided an opportunity to file exhibits under seal from the beginning"). This is incorrect. *Defendants* filed the pending motions to seal (Docs. 74-75) and could have done so any prior time, but instead chose to keep the exhibits in the public record for 10 months. Defendants argue they should not be punished for waiving trade-secret assertions of the exhibits "due to Plaintiff's unilateral action" (*id.* at 3), but *Defendants'* conduct (not Plaintiff's) resulted in waiver. Not only did they wait nearly a year before seeking to seal the exhibits, but in the interim they publicly promulgated the information to their advantage. *See id.* at 3 (admitting "[s]ince Plaintiff had already filed the documents publicly, Defendants subsequently filed some of the exhibits publicly in support of other filings"); *id.* at 8 (admitting Mr. Grundahl publicly sent self-published articles that "very generally discussed some of the trade secret subject matter" in October 2024).

Defendants' reply argues they "attempted to reach an agreement with Paragon" regarding the unsealed exhibits on October 3 and December 30, 2024, and "again in December discussions." *Id.* at 4. Paragon's counsel does not recall the exhibits at issue being discussed during all of these meetings; but regardless, this argument demonstrates that Defendants were fully aware the exhibits were in the public record, yet chose not to file motions to seal until late May and early June 2025.

D. Defendants' Reply Mischaracterizes Applicable Legal Standards

Defendants' reply argues that 18 U.S.C. § 1835(a) and T.C.A. § 47-25-1706 require the Court to seal any information that a party "asserts" or "allege[s]" is a trade secret without any further evidence. (Doc. 82 at 2). This is wrong. Under

4

Defendants' view, every document would need to be sealed merely by a party asserting, without more, that the exhibit is a trade secret. This Court's precedent finds otherwise. (*See* Doc. 5 at 1-4). Defendants also argue this Court's sealing standard for private business matters "should not be as stringent" as its sealing standard for class action lawsuits. (Doc. 82 at 5). But, again, this is not the standard.

Defendants contend their delay in filing the present motions to seal did not waive trade secret protection because they did not make "an Express Waiver as Required Under 18 U.S.C. § 1835(b)." (Doc. 82 at 5-6). This is not the legal test. First, 18 U.S.C. § 1835(b) relates to prosecution of federal trade-secret misappropriation actions and is inapplicable to this declaratory-judgment action pertaining to ownership of software (and intellectual property rights therein). Second, while express waiver is certainly one way to forego trade-secret assertions, waiver is possible in other ways, *e.g.*, through estoppel, acquiescence, implied consent or agreement, etc. Finally, the legal standard for filing documents in the public record does not require each document's owner to expressly waive trade-secret status, which obviously would make filing *any* exhibits in court pleadings excessively burdensome.

Defendants attempt to distinguish cases in Paragon's opposition brief by suggesting the cases only apply when the moving party to seal a document is the same party who initially filed the document. (Doc. 82 at 6-7). To the contrary, the legal standard for determining whether sealing is warranted does not depend whatsoever on which party filed the documents. (*See e.g.*, Doc. 5).

Respectfully submitted this 14th day of July 2025.

s/ Stephen E. Kabakoff

Stephen E. Kabakoff, GA Bar No. 143164,
*appearing pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street, NW
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Stephen.Kabakoff@millermartin.com

James T. Williams, TN BPR 16341
Erin E. Steelman, TN BPR 38463
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com
Erin.Steelman@millermartin.com

Robert F. Parsley, TN BPR 23819
BRADLEY ARANT BOULT CUMMINGS, LLP
South Building, Suite 302
1110 Market Street
Chattanooga, TN 37402
Telephone: (423) 275-4250
bparsley@bradley.com

*Attorneys for Plaintiff Paragon Component Systems, LLC*

6