UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| PARAGON COMPONENT SYSTEMS, LLC, | ) ) | |
| Plaintiff, | ) ) | Case No. 1:24-cv-246 |
| v. | ) ) | Judges Atchley/Steger |
| QUALTIM, INC., *et al*., Defendants. | ) ) ) | |

**ORDER**

This matter is before the Court on Defendants' motion to seal exhibits A, C, D, E, F, G, H, and I to the Complaint [Doc. 74], as well as Defendants' Motion to [Seal] Other Exhibits [Doc. 75] (collectively "Motions to Seal"). The Court conducted a hearing on these motions by videoconference on July 18, 2025. For reasons that follow, Defendants' Motions to Seal will be **GRANTED**.

By way of background, the parties were engaged in a business relationship involving the development of software applications for the truss industry. [Doc. 76 at 1]. Subsequently, a dispute arose between the parties about the ownership of the resulting applications. [*Id.*]. Thus, Plaintiff filed this declaratory judgment action on July 23, 2024. [*Id.* at 2]. Eventually, the Court determined that it lacked jurisdiction over Defendant Inspired Pursuits and transferred this case to the United States District Court for the Western District of Wisconsin ("Wisconsin District Court"). [*See* Doc. 73].

In their Motions to Seal, Defendants seek to seal two tranches of documents: (1) eight exhibits to Plaintiff's Complaint [Docs. 1-8, 1-10, 1-11, 1-12, 1-13, 1-14, 1-15, and 1-16]; and (2) eight exhibits filed by Defendants relating to motions to dismiss [Docs. 29-9, 29-10, 54-3, 54-4, 54-20, 54-21, 54-23, 54-25]. At the hearing, the parties represented that all of these documents

were sealed by the Wisconsin District Court (at least temporarily) following the transfer of the instant case to that venue.

Regarding the first tranche of documents, there were a number of exhibits referenced in and appended to Plaintiff's Complaint. [*See* Doc. 1]. Neither Defendants nor Plaintiff made any attempt to seal those exhibits from the date the Complaint was filed, July 23, 2024—for a period of seven months—until February 26, 2025. Even then, the issue of sealing the exhibits was raised with this Court, not by Defendants, but by Plaintiff's counsel through the filing of Plaintiff's Motion to Determine Whether Exhibits to Complaint Should be Under Seal [Doc. 67]. However, before that motion was ripe for review, the Court transferred this case to the Wisconsin District Court on March 6, 2025. Therefore, this Court was never given an opportunity to address the merits of the sealing issue regarding exhibits to the Complaint.

The second tranche of documents consists of eight exhibits filed by Defendants relating to motions to dismiss. Regarding this second tranche of documents, the Court previously denied sealing for two exhibits [Docs. 29-9, 29-10] under Sixth Circuit caselaw. [*See* Doc. 45]. Further, Defendant requests that the Court completely seal three documents [Docs. 54-3, 54-4, 54-23] with respect to which the Court previously denied partial sealing via redactions [Docs. 29-9, 29-10, 29-11, respectively] under Sixth Circuit caselaw. [*See id.*]. Finally, the Court has not had a previous opportunity to address sealing of the remaining three documents [Docs. 54-20, 54-21, 54-25].

While the Court has analyzed the sealing of some of the documents at issue under the Sixth Circuit standard, it has not done so under Seventh Circuit caselaw. If a case is transferred for lack of jurisdiction, "the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." 28 U.S.C. § 1631. The Court transferred this case to the Wisconsin

District Court under 28 U.S.C. § 1631 for lack of personal jurisdiction regarding "at least Inspired Pursuits." [Doc. 73 at 12 n.8]. The Court then found that other Defendants did not need to be analyzed for personal jurisdiction and/or proper venue in "the interests of judicial economy." [Doc. 73 at 12 n.8].

Therefore, this case proceeds as though originally filed in the Wisconsin District Court with Seventh Circuit caselaw controlling sealing. In the interests of comity, judicial economy, and judicial consistency, this Court concludes that deferring to the Wisconsin District Court with respect to the management of the sealing of documents under Seventh Circuit caselaw is the proper course of action. The Wisconsin court has already commenced that process with its order allowing sealing "at this juncture." [Doc. 76-6 at 6]. If this Court were to analyze the documents and decline to seal some of the documents, it would defeat the utility of the Wisconsin District Court's decision to seal those documents.

To be clear, this Court has not conducted an independent analysis under Seven Circuit caselaw with respect to the propriety of sealing the requested documents and is not making a merits determination on that issue. Although this Court has authority to control its docket and to determine whether documents placed on the electronic docketing system should be sealed, the Court will elect to defer to the sealing decisions of the Wisconsin District Court as the actively presiding authority in this case. Accordingly, this Court will mirror the decisions of the Wisconsin District Court with respect to the sealing of documents at this time.

Therefore, it is hereby **ORDERED** that:

1. Defendants' Motion to Seal Exhibits A and C Through I to Complaint [Doc. 74] is **GRANTED**.

2. Defendants' Motion to [Seal] Other Exhibits [Doc. 75] is **GRANTED**.

3. Documents 1-8, 1-10 through 1-16, 29-9, 29-10, 54-3, 54-4, 54-20, 54-21, 54-23, and 54-25 shall be **SEALED**.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE