IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| PARAGON COMPONENT SYSTEMS, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>QUALTIM, INC., CENTER FOR )<br>BUILDING INNOVATION, LLC, )<br>DRJ ENGINEERING, LLC, )<br>INSPIRED PURSUITS, LLC, )<br>KIRK GRUNDAHL and )<br>SUZANNE GRUNDAHL )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>1:24-cv-00246-CEA-CHS |

MOTION FOR CLARIFICATION OF ORDER ON SEALING

I, Kirk Grundahl, respectfully move pro se for clarification of this Court's August 18, 2025 Order on Sealing (Doc. 93). This motion is made in good faith to ensure that the record accurately reflects the requirements of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1835, and the governing standards of the Sixth Circuit.

I. STATUTORY DUTY UNDER THE DTSA

The DTSA provides that in any action involving trade secrets, the court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835(a).

Section 1835(b) further provides that a court may not authorize disclosure of alleged trade secrets "unless the court allows the owner the opportunity to file a submission under seal" describing the confidentiality interest. The statute also makes clear that disclosure in litigation does not waive trade secret status unless the owner expressly consents.

These protections are mandatory, and were enacted by Congress[1] to ensure that trade secret owners are not prejudiced by premature public disclosure during litigation, which is likely to irreparably harm trade secret value.

---

[1] https://www.congress.gov/bill/114th-congress/senate-bill/1890/text; https://www.congress.gov/committee-report/114th-congress/senate-report/220/1; https://www.congress.gov/committee-report/114th-congress/house-report/529/1; The bill, S. 1890, was first introduced in the Senate on July 29, 2015. It passed the Senate on April 4, 2016. The House of Representatives passed the bill on April 27, 2016. President Obama signed the bill into law on May 11, 2016, at which point it was codified as Public Law No. 114-153. https://www.justice.gov/criminal/criminal-ccips/file/640271/

## II. SIXTH CIRCUIT CASE LAW AND COMPELLING REASONS

This Court has previously cited Sixth Circuit precedent, including *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Circuit, June 23, 2016), which holds that sealing is appropriate where "compelling reasons" outweigh the public's right of access.

Clarification is respectfully sought to confirm that, where trade secrets are asserted, the DTSA itself supplies the compelling reason required under *Shane*. Thus, there is no conflict between the DTSA and Sixth Circuit precedent: DTSA § 1835 mandates protection, and *Shane* requires only that compelling justification be shown on the record.

## III. CLARIFICATION SOUGHT REGARDING DOC. 93

In Doc. 93, the Court granted sealing of specified exhibits but explained that it was deferring to the Western District of Wisconsin and had not conducted an independent merits analysis.

To avoid ambiguity, I respectfully request clarification of the following points:

1. That the Court's sealing order (Doc. 93) was made consistent with the DTSA's requirement to preserve confidentiality, even while deferring to Wisconsin's active jurisdiction.
2. That the Court's order was not intended as a determination that trade secret status had ever been forfeited.

## IV. NON-WAIVER OF TRADE SECRET RIGHTS

Section 1835(b) makes clear that disclosure in a court proceeding does not waive trade secret protection absent express consent. As one of the trade secret owners in this case that was before this court, I have never consented to public disclosure of the materials at issue. To avoid any misinterpretation, I respectfully request that the Court clarify that Doc. 93 was not intended to find waiver of trade secret protections.

## V. REQUESTED RELIEF

For these reasons, I respectfully request that the Court clarify its August 18, 2025 Order (Doc. 93) by:

1. Acknowledging the applicability of 18 U.S.C. § 1835, in matters involving alleged trade secrets.
2. Confirming that the Court's order did not determine the merits of trade secret status or waiver.

## VI. CONCLUSION

This motion is submitted pro se and with respect for the Court. My sole aim is to ensure that the record reflects both the requirements of the DTSA and the governing standards of the Sixth Circuit, so that the protections mandated by Congress are considered and the integrity of trade secret rights is preserved.

August 23, 2025

Respectfully submitted,

Kirk Grundahl
Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2025, a true and correct copy of the foregoing Motion to Proceed Pro Se was served upon all counsel of record via email.

> Respectfully submitted,
>
> *[signature]*
>
> Kirk Grundahl, Pro Se
> 1130 Fairway Ct.
> Lake Mills, WI 53551
> Phone: (608) 217-3712
> kgrundahl@qualtim.com