# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| PARAGON COMPONENT SYSTEMS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:24-cv-00246-CEA-CHS |
| QUALTIM, INC., CENTER FOR BUILDING INNOVATION, LLC, DRJ ENGINEERING, LLC, INSPIRED PURSUITS, LLC, KIRK GRUNDAHL and SUZANNE GRUNDAHL | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

FILED AUG 26 2025
Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

## MOTION FOR CLARIFICATION OF ORDER ON SEALING

I, Kirk Grundahl, respectfully move pro se for clarification of this Court's August 18, 2025 Order on Sealing (Doc. 93). This motion is made in good faith to ensure that the record accurately reflects the requirements of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1835, and the governing standards of the Sixth Circuit.

### I. STATUTORY DUTY UNDER THE DTSA

The DTSA provides that in any action involving trade secrets, the court "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835(a).

Section 1835(b) further provides that a court may not authorize disclosure of alleged trade secrets "unless the court allows the owner the opportunity to file a submission under seal" describing the confidentiality interest. The statute also makes clear that disclosure in litigation does not waive trade secret status unless the owner expressly consents.

These protections are mandatory, and were enacted by Congress[1] to ensure that trade secret owners are not prejudiced by premature public disclosure during litigation, which is likely to irreparably harm trade secret value.

---

[1] https://www.congress.gov/bill/114th-congress/senate-bill/1890/text; https://www.congress.gov/committee-report/114th-congress/senate-report/220/1; https://www.congress.gov/committee-report/114th-congress/house-report/529/1; The bill, S. 1890, was first introduced in the Senate on July 29, 2015. It passed the Senate on April 4, 2016. The House of Representatives passed the bill on April 27, 2016. President Obama signed the bill into law on May 11, 2016, at which point it was codified as Public Law No. 114-153. https://www.justice.gov/criminal/criminal-ccips/file/640271/

II. SIXTH CIRCUIT CASE LAW AND COMPELLING REASONS

This Court has previously cited Sixth Circuit precedent, including *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Circuit, June 23, 2016), which holds that sealing is appropriate where "compelling reasons" outweigh the public's right of access.

Clarification is respectfully sought to confirm that, where trade secrets are asserted, the DTSA itself supplies the compelling reason required under *Shane*. Thus, there is no conflict between the DTSA and Sixth Circuit precedent: DTSA § 1835 mandates protection, and *Shane* requires only that compelling justification be shown on the record.

III. CLARIFICATION SOUGHT REGARDING DOC. 93

In Doc. 93, the Court granted sealing of specified exhibits but explained that it was deferring to the Western District of Wisconsin and had not conducted an independent merits analysis.

To avoid ambiguity, I respectfully request clarification of the following points:

1. That the Court's sealing order (Doc. 93) was made consistent with the DTSA's requirement to preserve confidentiality, even while deferring to Wisconsin's active jurisdiction.
2. That the Court's order was not intended as a determination that trade secret status had ever been forfeited.

IV. NON-WAIVER OF TRADE SECRET RIGHTS

Section 1835(b) makes clear that disclosure in a court proceeding does not waive trade secret protection absent express consent. As one of the trade secret owners in this case that was before this court, I have never consented to public disclosure of the materials at issue. To avoid any misinterpretation, I respectfully request that the Court clarify that Doc. 93 was not intended to find waiver of trade secret protections.

V. REQUESTED RELIEF

For these reasons, I respectfully request that the Court clarify its August 18, 2025 Order (Doc. 93) by:

1. Acknowledging the applicability of 18 U.S.C. § 1835, in matters involving alleged trade secrets.
2. Confirming that the Court's order did not determine the merits of trade secret status or waiver.

VI. CONCLUSION

This motion is submitted pro se and with respect for the Court. My sole aim is to ensure that the record reflects both the requirements of the DTSA and the governing standards of the Sixth Circuit, so that the protections mandated by Congress are considered and the integrity of trade secret rights is preserved.

August 23, 2025

Respectfully submitted,

Kirk Grundahl
Pro Se

# CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2025, a true and correct copy of the foregoing Motion to Proceed Pro Se was served upon all counsel of record via email.

Respectfully submitted,

*/s/ Kirk Grundahl/*

Kirk Grundahl, Pro Se
1130 Fairway Ct.
Lake Mills, WI 53551
Phone: (608) 217-3712
kgrundahl@qualtim.com

FedEx Express shipping label:

Part # 156297-433 RHDW2 EXP 06/26

ORIGIN ID:MSNA (608) 271-1176
INSPIRED PURSUITS LLC
6300 ENTERPRISE LN

MADISON, WI 53719
UNITED STATES US

SHIP DATE: 25AUG25
ACTWGT: 0.15 LB
CAD: 6570248/RDSA2650

TO US DISTRICT COURTHOUSE
900 GEORGIA AVE
ROOM 309
CHATTANOOGA TN 37402

(000) 000-0000
INV:
PO:
REF:
DEPT:

X-RAYED

TUE - 26 AUG 10:30A
PRIORITY OVERNIGHT
DSR
37402
TN-US CHAA

TRK# 8838 3996 8994
0201

X4 CHAA

---

4426 TUE 08/26 07:08
900 GEORGIA AVE
PRIORITY OVERNIGHT
234-1558
37402-2259.84
CHATTANOOGA, TN
88383996B994
ETP: 1 SP PD 100-Y