FILED
SEP 16 2025
Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| PARAGON COMPONENT SYSTEMS, LLC, </br></br>Plaintiff, </br></br>v. </br></br>QUALTIM, INC., et al., </br></br>Defendants. | Civil Action No. 1:24-cv-00246-CEA-CHS |

### DEFENDANT KIRK GRUNDAHL'S OPPOSITION TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER SEALING DOCUMENTS

I. Introduction

I, Kirk Grundahl, appear pro se and respectfully oppose Plaintiff Paragon's Objection (Doc. 100) to Magistrate Judge Steger's Order (Doc. 93) sealing certain exhibits. This Opposition is filed independently from the corporate defendants' counsel-filed response and is based on my personal communications and knowledge. Fundamentally, this response is aligned with the corporate defendants' response with respect to its underlying legal principles.

Paragon has not demonstrated that the Magistrate Judge's ruling was clearly erroneous or contrary to law, as required by Fed. R. Civ. P. 72(a).

The Magistrate Judge's Order faithfully applied Sixth Circuit standards for sealing, balanced the public's qualified right of access against compelling intellectual property, including trade secret protections, and aligned with Congress's directive in the Defend Trade Secrets Act (18 U.S.C. § 1835, "DTSA"), where it clearly states that courts must preserve confidentiality. Moreover, further relief is warranted to prohibit Paragon from continuing to

publicly/commercially use and disclose my confidential intellectual property, and also in consideration of my legislature defined professional engineering mandate to hold paramount the safety, health, and welfare of the public (*see* Exhibit A: Kirk Grundahl Decl. ¶¶ 1, 4, 6, 23-42).

**II. Factual Background** (For more detailed specifics surrounding the chronology of events and actions taken regarding confidentiality, *see* Exhibit A: Kirk Grundahl Decl. ¶¶ 20-46.)

1. On August 8, 2023, Paragon personnel executed nondisclosure agreements. This was prior to receiving my confidential documents that Paragon, and Paragon's legal counselors/agents, later disclosed. Hence, all correspondence with Paragon, and each individual associated with Paragon, was never intended to be disclosed to the public.

2. In March through June of 2024, I marked correspondence "Confidential," limited recipients to necessary counterparties, and conveyed aspects of my proprietary business concepts, ideas, trade secrets, and all related intellectual property under obligations of confidentiality.

3. On July 23, 2024, Paragon, and Paragon's legal counselors/agents, filed my confidential correspondence and memos publicly with its Complaint. This was done without either notification to me or my express consent.

4. In October of 2024, Motions to seal were filed; Paragon, and in particular Paragon's legal counselors/agents, aggressively opposed.

5. On August 18, 2025, Magistrate Judge Steger issued an Order (Doc. 93) sealing the exhibits, finding good cause to protect their confidentiality.

**III. Legal Standard**

Under Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), a magistrate judge's order on a nondispositive matter may be set aside only if it is "clearly erroneous or contrary to law." The

Sixth Circuit requires compelling reasons, document-specific findings, and narrow tailoring to justify sealing. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–10 (6th Cir. 2016); *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 641–43 (6th Cir. 2019). Trade secrets are a recognized exception to the presumption of access. *See Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983).

## IV. Argument

### A. Standard of Review under Rule 72(a) – Paragon Fails to Meet Its Burden

Under Rule 72(a), a magistrate judge's non-dispositive order may only be set aside if it is "clearly erroneous or contrary to law." That is a highly deferential standard. Paragon's objection merely re-argues issues already considered by Magistrate Judge Steger and does not identify any error of law or fact.

### B. The Magistrate Judge Correctly Applied Governing Precedent

Judge Steger faithfully applied Sixth Circuit sealing precedent and balanced the presumption of public access against compelling trade-secret concerns. His decision was also consistent with principles of comity and judicial efficiency in light of parallel rulings in Wisconsin. Nothing in Paragon's objection demonstrates legal error.

### C. The Defend Trade Secrets Act Requires Preservation of Confidentiality

Congress directed in 18 U.S.C. § 1835(b) that federal courts "shall enter such orders as may be necessary and appropriate to preserve the confidentiality of trade secrets," and that disclosure in litigation does not waive protection absent the trade-secret owner's express consent. I never consented to public filing of my confidential communications.

The Senate Judiciary Committee emphasized this protection in its legislative history. Senate Report No. 114-220 states that the DTSA *"balances the need for efficient recovery of a*

*stolen trade secret with the rights of defendants and third-parties"* (S. Rep. No. 114-220, at 2 (2016)). The Report further clarifies that *"information relating to a trade secret ... [is] to be disclosed in a complaint or other document filed under seal in a judicial proceeding"* (id. at 10–11). Finally, the Committee stressed the limits of disclosure: *"The Committee stresses that this provision immunizes the act of disclosure in the limited circumstances set forth ... it does not immunize acts that are otherwise prohibited by law."* (id. at 13).

This legislative history makes Congress's intent clear: courts must err on the side of preserving confidentiality and preventing tactical misuse of sensitive information. Binding Sixth Circuit precedent aligns with that directive. In *Nat'l Polymer Prods., Inc. v. Borg-Warner Corp.*, 641 F.2d 418, 421 (6th Cir. 1981), the court held that public filing does not waive trade-secret protection when the owner consistently objects. In *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–10 (6th Cir. 2016), the Sixth Circuit confirmed that compelling reasons justify sealing when narrowly tailored to protect trade secrets. In *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179–80 (6th Cir. 1983), the court recognized that while public access is strongly presumed, it may be outweighed by "the protection of a party's interest in confidential commercial information, such as a trade secret." And in *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474–76 (6th Cir. 1983), the court stressed that district courts must balance the public's right of access with the need to preserve confidentiality, and that sealing is appropriate where trade secrets are at risk of competitive harm.

Judge Steger's sealing order is directly consistent with both pre-DTSA binding Sixth Circuit authority and Congress's 2016 DTSA mandate. Paragon's objection asks this Court to disregard those safeguards, but the law requires preservation of confidentiality, not its forfeiture.

### D. No Waiver Occurred – Reasonable Measures Were Taken

Paragon argues that sealing was waived because the exhibits remained on the public docket for months. That argument is inconsistent with both the facts and controlling law. For more detailed specifics surrounding the chronology of events and actions taken regarding confidentiality, *see* Exhibit A: Kirk Grundahl Decl. ¶¶ 20-45.

First, I consistently took reasonable measures to preserve confidentiality: nondisclosure agreements were executed with Paragon personnel, correspondence was labeled "Confidential," distribution was limited to necessary recipients, and I promptly objected to public disclosure once it occurred. I also sought sealing through motions in this Court and related proceedings in Wisconsin. These actions show diligence, not waiver.

Second, Sixth Circuit precedent makes clear that mere public filing does not automatically waive trade-secret protection. In *Nat'l Polymer*, the court held that public disclosure in litigation does not destroy trade-secret status when the owner consistently asserts confidentiality. Similarly, in *Doe v. Lockwood*, 89 F.3d 833, at *4–5 (6th Cir. 1996) (table), the court recognized that waiver arises only when a party intentionally relinquishes a known right—not when disclosure is compelled or unilateral. Other courts applying Sixth Circuit standards have rejected waiver arguments based on delay alone. See *LifeBio, Inc. v. Eva Garland Consulting, LLC*, 672 F. Supp. 3d 512, 518 (S.D. Ohio 2023); *Kines v. Ford Motor Co.*, 2021 WL 1328475, at *4 (W.D. Tenn. Apr. 9, 2021). These cases confirm that waiver requires intentional abandonment, not an opponent's (i.e. Paragon's) unilateral and tactical filing.

Third, the Magistrate Judge was aware of the timeline and still found good cause to seal. See *In re Knoxville News-Sentinel*, 723 F.2d at 476 (district court may appropriately seal even after initial public access where trade secrets remain at risk).

In short, Paragon cannot manufacture waiver out of its own conduct. The DTSA expressly prevents waiver absent the trade-secret owner's express consent, 18 U.S.C. § 1835(b), and the Sixth Circuit requires intentional abandonment before waiver can be found. No such abandonment occurred here.

### E. Further Relief Is Necessary to Prevent Ongoing Harm

Paragon continues to publicized and use my confidential information in ways that cause ongoing harm. Rule 26(c)(1)(G) authorizes the Court to issue orders to prevent disclosure or use of trade secrets outside of litigation. Likewise, the DTSA directs that courts *"shall enter such orders as may be necessary to preserve the confidentiality of trade secrets"* (18 U.S.C. § 1835(b)).

Sixth Circuit law (consistent with DTSA) confirms that orders are an appropriate and necessary remedy when public disclosure risks competitive injury. See *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474–76 (6th Cir. 1983) (district courts must balance public access against confidentiality). The purpose of sealing is not frustrated if the Court takes additional steps to bar continued exploitation of confidential information.

Accordingly, to preserve the status quo and prevent further misuse, the Court should order that Paragon may not make any further public or commercial use, dissemination, or disclosure of the sealed materials. Such information should remain available solely for use in this litigation under appropriate restrictions.

### V. Conclusion and Relief Requested

For the reasons stated above, and consistent with Rule 72(a)'s deferential standard, the Court should find that Magistrate Judge Steger's sealing order (Doc. 93) was not "clearly erroneous or contrary to law." Paragon has failed to meet its burden. The record demonstrates that I consistently treated the disputed information as confidential; I never consented to its public filing;

and both statutory text and case law confirm that the opponent's (i.e. Paragon's) unilateral filing and tactical disclosure does not waive trade-secret status.

Accordingly, I respectfully request that the Court enter the following relief:

1. Deny Plaintiff's Objection (Doc. 100).
2. Affirm Magistrate Judge Steger's Order (Doc. 93) sealing the identified exhibits.
3. Find that Paragon's July 23, 2024 public filing did not waive trade-secret status, consistent with DTSA § 1835(b), because no express consent was given.
4. Enter a protective order under 18 U.S.C. § 1835 and Fed. R. Civ. P. 26(c)(1)(G) directing that:
   - Paragon shall not make any further public or commercial use, dissemination, or disclosure of Defendants' confidential information, including the software and related materials at issue.
   - Such information may be used solely for purposes of this litigation under appropriate confidentiality restrictions.

This relief is narrowly tailored, consistent with both the DTSA's congressional mandate ("the court shall enter such orders as may be necessary to preserve confidentiality," S. Rep. No. 114-220, at 11 (2016)) and with Sixth Circuit precedent.

Respectfully submitted this 15th day of September, 2025.

*/s/ Kirk Grundahl*

Kirk Grundahl
Pro Se
1130 Fairway Court
Lake Mills, WI 53551
Ph.: 608-217-3713
kgrundahl@qualtim.com

# CERTIFICATE OF SERVICE

I, Thomas P. Vita, Jr., hereby certify that on September 15, 2025, I served a copy of the following document(s):

- Defendant Kirk Grundahl's Opposition to Plaintiff's Objection to Magistrate Judge's Order Sealing Documents, and

- Exhibit A: Declaration of Kirk Grundahl in Support of Defendant Kirk Grundahl's Opposition to Plaintiff's Objection to Magistrate Judge's Order Sealing Documents

by email in Adobe PDF format, pursuant to Rule 5.02(2)(a) of the Tennessee Rules of Civil Procedure, to the following parties:

>Stephen E. Kabakoff, GA Bar No. 143164,
>appearing pro hac vice
>MILLER & MARTIN PLLC
>1180 W. Peachtree Street, NW
>Suite 2100
>Atlanta, Georgia 30309
>Telephone: (404) 962-6100
>stephen.kabakoff@millermartin.com, deanna.dowlatpanah@millermartin.com,
>laura.burnett@millermartin.com
>
>James T. Williams, TN BPR 16341
>Robert F. Parsley, TN BPR 23819
>Erin E. Steelman, TN BPR 38463
>MILLER & MARTIN PLLC
>832 Georgia Avenue, Suite 1200
>Chattanooga, TN 37402-2289
>Telephone: (423) 756-6600
>James.Williams@millermartin.com, bparsley@bradley.com,
>Erin.Steelman@millermartin.com, dedie.curtis@millermartin.com,
>hannah.maddox@millermartin.com, jennifer.taylor@millermartin.com,
>rachel.cox@millermartin.com, sarah.lord@millermartin.com,
>deanna.mears@millermartin.com, claire.langford@millermartin.com,
>gail.spaulding@millermartin.com
>Attorneys for Plaintiff Paragon Component
>Systems, LLC
>
>Michael J. Bradford
>900 S. Gay Street, Suite 1504
>P. O. Box 1871

Knoxville, TN 37901-1871
Tel: 865-546-4305
MBradford@Luedeka.com
Attorney for Defendants, Qualtim, Inc., et al.

I am not a party to this case but performed service on behalf of Kirk Grundahl.

The subject line of the email included language indicating that the document was being served pursuant to Rule 5.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 15, 2025

Signature: _____
Printed Name: Thomas P. Vita, Jr.
Address: 6300 Enterprise Ln.
Phone: Madison, WI 53719
Email:tvita@qualtim.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| PARAGON COMPONENT SYSTEMS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:24-cv-00246-CEA-CHS |
| QUALTIM, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## NOTICE OF MANUAL FILING

Please take notice that the following document(s) are being manually filed with the Clerk of Court:

- Defendant Kirk Grundahl's Opposition to Plaintiff's Objection to Magistrate Judge's Order Sealing Documents, and

- Exhibit A: Declaration of Kirk Grundahl in Support of Defendant Kirk Grundahl's Opposition to Plaintiff's Objection to Magistrate Judge's Order Sealing Documents

These documents are not being filed electronically because I am filing pro se, and pursuant to E.D. Tenn. ECF Rules and Procedures Section 4.7, a Notice of Manual Filing is required.

A copy of this notice will be provided with the manually filed documents.

Dated: September 15, 2025

*/s/ Kirk Grundahl*

Kirk Grundahl
Pro Se
1130 Fairway Court
Lake Mills, WI 53551
Ph.: 608-217-3713
kgrundahl@qualtim.com