**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**

PARAGON COMPONENT SYSTEMS, )
LLC, )
                               )
          Plaintiff, )
                               )
v.                         )      Civil Action No. 1:24-cv-00246-CEA-CHS
                               )
QUALTIM, INC., et al., )
                               )
          Defendants. )

## DECLARATION OF KIRK GRUNDAHL IN SUPPORT OF OPPOSITION TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER SEALING DOCUMENTS

     I, Kirk Grundahl, am over the age of 21 and competent to make this declaration based on my personal knowledge of the matters testified herein. I hereby declare:

**Definitions**

1.    "Engineering" includes the term "professional engineering" and means any service or creative work, the adequate performance of which requires engineering education, training, and experience in the application of special knowledge of the mathematical, physical, and engineering sciences to such services or creative work as consultation, investigation, evaluation, planning, and design of engineering works and systems, planning the use of land and water, teaching of the principles and methods of engineering design, engineering surveys, and the inspection of construction for the purpose of determining in general if the work is proceeding in compliance with drawings and specifications, any of which embraces such services or work, either public or private, in connection with any utilities, structures, buildings, machines, equipment, processes, work systems, projects, and industrial or consumer products or equipment of a mechanical,

electrical, hydraulic, pneumatic, or thermal nature, insofar as they involve safeguarding life, health, or property; and includes such other professional services as may be necessary to the planning, progress, and completion of any engineering services. A person who practices any branch of engineering; who, by verbal claim, sign, advertisement, letterhead, or card, or in any other way, represents himself or herself to be an engineer or, through the use of some other title, implies that he or she is an engineer or that he or she is licensed under this chapter; or who holds himself or herself out as able to perform, or does perform, any engineering service or work or any other service designated by the practitioner which is recognized as engineering shall be construed to practice or offer to practice engineering within the meaning and intent of this chapter.[1]

2.　　"Intellectual property" (IP) refers to creations of the mind, such as inventions; literary and artistic works; designs; and symbols, names and images used in commerce. IP is an important driver for innovation.[2]

3.　　"Orders to preserve confidentiality" in pertinent part:

    a. In General. — In any prosecution or other proceeding under this chapter, the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets, consistent with the requirements of the Federal Rules of Criminal and Civil Procedure, the Federal Rules of Evidence, and all other applicable laws.....

    b. Rights of Trade Secret Owners. The court may not authorize or direct the disclosure of any information the owner asserts to be a trade secret unless the court allows the owner the opportunity to file a submission under seal that describes the interest of the owner in keeping the information confidential. No submission under seal made under this subsection may be used in a prosecution under this chapter for any purpose other than those set forth in this section, or otherwise required by law. The provision of information relating to a trade secret to.... the court in connection with a prosecution under this chapter shall not constitute a waiver of trade secret

---

[1] https://law.justia.com/codes/mississippi/title-73/chapter-13/engineers/section-73-13-3/; https://law.justia.com/codes/indiana/title-25/article-31/chapter-1/section-25-31-1-2/; https://www.flsenate.gov/laws/statutes/2014/471.005

[2] https://www.wipo.int/en/web/about-ip - The World Intellectual Property Organization (WIPO) serves the world's innovators and creators, ensuring that their ideas travel safely to the market and improve lives everywhere. https://thelawdictionary.org/?s=intellectual+property

protection, and the disclosure of information relating to a trade secret in connection with a prosecution under this chapter shall not constitute a waiver of trade secret protection unless the trade secret owner expressly consents to such waiver.[3]

4.      "Practice of professional engineering" includes any professional service requiring the application of engineering principles and data, in which the public welfare or the safeguarding of life, health or property is concerned and involved, such as consultation, investigation, evaluation, planning, design, or responsible supervision of construction, alteration, or operation, in connection with any public or private utilities, structures, projects, bridges, plants and buildings, machines, equipment, processes and works. A person offers to practice professional engineering if the person by verbal claim, sign, advertisement, letterhead, card or in any other way represents himself or herself to be a professional engineer; or who through the use of some other title implies that he or she is a professional engineer; or who holds himself or herself out as able to practice professional engineering.[4]

5.      "Representations to the Court." By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1)     it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)     the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)     the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

---

[3] https://www.law.cornell.edu/uscode/text/18/1835 - 18 U.S. Code § 1835 - Orders to preserve confidentiality

[4] https://docs.legis.wisconsin.gov/statutes/statutes/443/01/6#:~:text=(a)%20to%20(e),(6).

        (4)    the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. [5]

6.      Rules of Engineering Practice in pertinent part:

    a.    Engineers shall hold paramount the safety, health, and welfare of the public......

    b.    Engineers shall not permit the use of their name or associate in business ventures with any person or firm that they believe is engaged in fraudulent or dishonest enterprise.

    c.    Engineers shall not aid or abet the unlawful practice of engineering by a person or firm.

    d.    Engineers having knowledge of any alleged violation of this Code shall report thereon to appropriate professional bodies and, when relevant, also to public authorities, and cooperate with the proper authorities in furnishing such information or assistance as may be required. [6]

7.      "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if (A) the owner thereof has taken reasonable measures to keep such information secret, and (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.[7]

---

[5] https://www.law.cornell.edu/rules/frcp/rule_11 - Federal Rules of Civil Procedure - Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions
[6] https://www.nspe.org/career-growth/nspe-code-ethics-engineers#:~:text=II.,assistance%20as%20may%20be%20required
[7]
https://www.law.cornell.edu/definitions/uscode.php?width=840&height=800&iframe=true&def_id=18-USC-1484837652-1439925513&term_occur=999&term_src=title:18:part:I:chapter:90:section:1835

**Personal and Professional Background**

8.      I am the President of Qualtim, Inc. ("Qualtim"), President of DrJ Engineering, LLC ("DrJ"), and a member and manager of Inspired Pursuits, LLC ("IP-LLC") and Center for Building Innovation, LLC ("CBI"). I have personal knowledge and direct evidence for the matters stated herein.

9.      I hold a B.S. in Civil Engineering and an MBA focused upon product marketing and market development from the University of Wisconsin-Madison, both conferred with honors. I am a licensed professional engineer in 47 states[8] and Washington D.C. This includes Tennessee (License No. 117734). In addition, I have been a retained and court qualified expert witness as a forensic structural engineer, since 1983. My CV is found in Document 41-2 Exhibit A, filed November 1, 2024.

10.     Since 1989, I have owned and operated Qualtim, which provides professional services in ISO/IEC 17025 accredited testing, ISO/IEC 17020 in-plant and special inspections, ISO/IEC 17065 accredited certification, professional engineering, specialty engineered design drawings, building science, product development and market development for the light frame construction industry. From 1992 to 2021, Qualtim managed the Structural Building Components Association (SBCA), formerly the Wood Truss Council of America (WTCA), where I served as Executive Director, overseeing and implementing industry policy, engineering, testing, standards, regulatory management, building codes, legislative activities, industry legal issues management, chapters, tradeshows, publications, board and committee meetings, etc.

---

[8] Nevada was added to this list on June 27, 2025. The CV in 2024 is outdated.

11.     Under pertinent non-disclosure agreement contracts, my extensive experience in the structural framing and building envelope industry, spanning over 46 years, includes but is not limited to; 1) compiling trade secrets and intellectual property related to structural framing and building science, including all aspects of metal plate connected wood trusses, 2) creating and preparing truss industry financial performance surveys and related business models, 3) creating and preparing truss and structural component engineered designs, 4) evaluating manufacturing processes and prototypes for truss bracing, truss design, and quality control efficiency, 5) creating and implementing market development strategies, 6) creating and implementing product pricing and profitability strategies, 7) creating and implementing business strategies, 8) writing and codifying structural framing industry design responsibility procedures, 9) writing and codifying building construction regulations, to name some of the knowledge and intellectual property that I own, which are central to this case.

**Formation and Purpose of IP-LLC** (*See* also Doc 82-1 Grundahl Decl. ¶¶ 17-23).

12.     In 2009, I began collaborating with Suzanne Grundahl ("Suzi"), and Daniel Holland ("Dan") by utilizing the combined industry knowledge, expertise and intellectual property of the "Core Businesses." The Core Businesses were Qualtim's business/sales acumen, DrJ's professional engineering, CBI's testing, and the structural component manufacturing acumen of Clearspan Components, Inc. ("CCI"). Dan was majority owner, and business decision-maker, for both CCI and Paragon Component Systems, LLC ("Paragon"). Paragon was created to provide data processing to make the engineering and structural component manufacturing trade secret business plan and business model function in a manner that would be efficient, and therefore profitable. This unique business plan and business model creation culminated in the formation of IP-LLC in Texas in 2017, which was reorganized in Wisconsin in 2022. As the acronym of the

name suggests, IP-LLC was created to hold and protect all of our compiled intellectual property, including all structural building component industry trade secrets for future implementation via a business plan and model that no one else had, the Core Businesses powered by Paragon's data processing.

13. The three partners intentionally structured IP-LLC as a confidential entity to safeguard the collective work that Dan, Suzi and I created from the variety of testing, engineering, manufacturing, management information, economic data, processes and procedures that the Core Businesses were undertaking daily. These trade secrets were known only to Dan, Suzi, and me. They were not provided to others, including Paragon's employees. Secrecy was retained until Paragon unilaterally publicly disclosed detailed information regarding the business activities of IP-LLC. This took place on July 23, 2024 without my knowledge or notification.

14. IP-LLC's trade secrets derive independent structural framing economic value from their secrecy. This knowledge enables unique competitive advantages to be created through proprietary testing, engineering calibration, professionally engineered and copyrighted design drawings, manufacturing efficiencies and market development experience, which, prior to July 23, 2024, were not generally known nor readily ascertainable by actual or potential competitors that exist within the entire structural framing industry.

15. I have done my best to follow my understanding of 18 U.S. Code Chapter 90 Part I - PROTECTION OF TRADE SECRETS. The reason this is important to me to understand and apply is that Qualtim, DrJ, and CBI provide services for customers that have a wide variety trade secrets they are turning into proprietary intellectual property. Many of these customers compete with one another. Protecting trade secrets and intellectual property are an essential aspect of the success of

the businesses for which I have a fiduciary responsibility. (See also Doc 82-1 Grundahl Decl. ¶¶ 24-29).

16.    The Dane County[9] and Western District of Wisconsin[10,11] courts have filed documents under seal because of my assertion that trade secrets leading to intellectual property, whether

---

[9] **Inspired Pursuits, LLC et al vs. Paragon Component Systems LLC et al; 2025CV000036; Dane County Courts;**
Event: Motion to seal/redact court record;
Event: Order on motion to seal/redact court record; Court Official: Peacock, Ann; Additional Text: The original document was titled: Exhibit B thru M The original history event date is: 01-02-2025

[10] **Inspired Pursuits LLC et al v. Paragon Component Systems LLC et al; 3:25-cv-00075;**
(#11) ** TEXT ONLY ORDER **For good cause, defendants' motion to seal, Dkt. #2 , is GRANTED. Signed by Magistrate Judge Anita Marie Boor on 2/6/25. (jat) (Entered: 02/06/2025)
(#43) ** TEXT ONLY ORDER **For good cause, the parties' joint motion for protective order, Dkt. #42 , is GRANTED, and the proposed agreed protective order, Dkt. #42 -1, is entered as the court's own. Signed by Magistrate Judge Anita Marie Boor on 5/1/25. (jat) (Entered: 05/01/2025);

[11] **Paragon Component Systems, LLC v. Qualtim, Inc. et al; 3:25-cv-00170;**
(#98) ORDER IT IS ORDERED that: 1. Complaint exhibits A-J, Dkts. #1 -8-17, shall be sealed on this court's docket. This order does not order the Eastern District of Tennessee or any Wisconsin state court to handle the exhibits in question in any particular way--the parties will need to seek orders directly from those courts. 2. Plaintiff's motion to seal Exhibit A to Declaration of Rob Eason, Dkt. #83 , is GRANTED. 3. The parties are ORDERED to submit a protective order governing confidentiality of discovery for this court's review and approval. In doing so, parties are ORDERED to consult this court's Administrative Order No. 337.4. Defendants shall submit redacted public versions of complaint exhibits, redacting only those portions that they in good faith believe construe trade secret or confidential information, pursuant to Order No. 337. Signed by Magistrate Judge Anita Marie Boor on 4/8/2025. (voc) (Entered: 04/08/2025)
(#108) ** TEXT ONLY ORDER **Defendants have filed a motion, Dkt. #107, asking to seal certain exhibits previously sealed from the docket. Defendants explain the exhibits warrant sealing and were filed without their consultation. They provide redacted public versions along with their motion. For the reasons discussed in the court's April 8, 2025 order, Dkt. #98 , the court finds good cause to seal these exhibits for now. The clerk's office is directed to seal Dkts. #29 -9, #29 -10, #54 -3, #54 -4, #54 -23, #54 -20, #54 -21, #54 -22, and #54 -23. Signed by Magistrate Judge Anita Marie Boor on 5/30/25. (jat) (Entered: 05/30/2025)
(#111) ** TEXT ONLY ORDER ** For good cause, the parties' joint motion for protective order, Dkt. #110 , is GRANTED and the proposed order, Dkt. #110 -1, is entered as the court's own. Signed by Magistrate Judge Anita Marie Boor on 6/5/2025. (voc) (Entered: 06/05/2025)

tangible or intangible, are an issue that is in dispute, and because my trade secret ownership rights, embodied in an overall intellectual property preservation and development plan, have not been waived.

17.    It seems obvious that any reasonable person objectively reading the confidential correspondence that I sent to Mr. Stephen Kabakoff, who is counselor of law and agent of Paragon, that my confidential, forthright, and personal sentiment was never to be in a legal dispute over what Dan, Suzi, and I owned and were developing. This is best exemplified by the following item that I wrote at the origin of the matter before us:

May 29, 2024

Mr. Stephen E. Kabakoff
Miller & Martin, PLLC
1180 W. Peachtree St., NW, Ste 2100
Atlanta, GA 30309-7706

Via Email at stephen.kabakoff@millermartin.com and Deloris.Lanus@millermartin.com

Dear Mr. Kabkoff:

It is impossible to find any appropriate words to describe what John Holland is doing. That said, the very best approach forward is facts and truth, as truth is always the best offense and defense.

Given all the facts provided above, here are two possible paths forward, one healing and one destructive:
Path #1

1.  Restore the mission of creating the unique IP and TS, which is wholly owned by IP-LLC. This IP and TS was intended to accrue to the exclusive benefit of the sales of CCI's truss, wall panel, and component manufacturing business and DrJ's engineering business through Paragon's math and data processing skill set.

Since Dan's tragic and untimely death, and because so many businesses and individual livelihoods are at stake, we had been requesting to meet with the Holland family and all key parties of CCI, Paragon, Qualtim, and IP-LLC to work together through each of facts provided above. The last communication on this topic follows:

From: Wesley Oliver <wesley@oliveryoung.com>
Sent: Thursday, April 11, 2024 10:17 AM
To: Kirk Grundahl <kgrundahl@qualtim.com>
Cc: Suzi Grundahl <sgrundahl@qualtim.com>
Subject: Re: Ue sation of Inspired Partners, LLC

Thank you for your reply and the email about Dan I was always impressed with his knowledge about the area of law work that I did for him so I'm not surprised by his thought leadership in your industry

I spoke with Lesa yesterday about our communication and she thinks a meeting is a good idea and will be in touch with us about that

Wesley

Hampton W. Oliver III
Oliver Young Hammack Weiss & Summers PLLC
1234 23rd Avenue
Meridian Mississippi 39301
601 693 1301 ext 231
wesley@oliveryoung.com
www.oliveryoung.com

The creation of IP-LLC was intimately understood by Dan, Suzi, and Kirk. We sincerely thought it best to communicate face to face, and verbally, to define the next steps that would move us all toward providing a future that would realize the epic success of Dan and Kirk's 2009 business model vision. The lack of communication back, to set this meeting in motion, is seriously unfortunate.

Unless Path #1 is implemented, this will likely be our last communication.

Sadly then, the vision to create a component manufacturing and engineering team that has unlimited potential to be the most innovative, unique, and profitable component manufacturing operation in North America will have come to an end. There will never again be a team like this anywhere in the world that is in a position to do this type of unique and exclusive business. And the full economic value of Dan and Kirk's unique business vision will never be able to serve others in the positive manner intended.

Thank you for your letter. It is valuable to know John's point of view.

Respectfully,

*Kirk Grundahl*

Kirk Grundahl, P.E. (47 states)
President
608-217-3713

PS Please note that nothing contained in this letter, nor any act or omission to act by IP-LLC and/or Qualtim, is intended or should be deemed a waiver or modification of any rights or remedies that IP-LLC and/or Qualtim may have at law or in equity, and all such rights are expressly reserved.

18.    This legal matter did not arise from a desire to have any type of dispute over what I knew to be true, particularly given the tragic circumstance context. This unanticipated occurrence was certain to affect the value of work that Dan, Suzi and I had been undertaking in secret. The hard work and all the preparation for a unique and innovative outcome was disrupted by an unexpected death. My personal desire was to focus on the work needed to make the CCI and DrJ team successful.

19.    All correspondence needs to be read in the context of the facts contained herein. The delicate balance was to share a few high-level facts where the hope was that the team vision would be acknowledged, comprehended, and positively acted upon, and from this, an individually adversarial action, by Paragon, could be rehabilitated. Clearly, the mission and goal was not to have to deal with this is in a legal forum, where, as a court approved expert witness, I have directly

seen, rules, procedures and dysfunction cause outcomes contrary to truth, rule of law and impartial justice. Given forty-two years of experience observing actions that involve our taxpayer funded judicial system mission, which is to uphold the rule of law to protect civil rights, my personal mission was to stay as far away from court as possible. To this end, I provided confidential information that I thought to be helpful in facilitating a positive outcome through good faith, fact-based and truthful communication. Considering the way Dan and I protected our confidential information since 2009, Dan would have felt the same way. Paragon, through Paragon's agent and legal counsel, Attorney Kabakoff, obviously took actions with other goals and objectives in mind. (See items 21-44).

20.     In the June-July 2024 timeframe, the last thought on my mind was that my personal and confidential correspondence would be made public, particularly given the NDAs that are in place, and all the past effort that the IP-LLC partners diligently undertook to keep everything we were doing secret. A review of the chronology of events is high-level evidence of truth.

**Factual Background, Chronology of Events and Confidentiality Designations**

21.     August 8, 2023 – Non-disclosure agreement (NDA) signed by Plaintiff Paragon Component Systems, LLC ("Paragon") staff. (Doc. 54-5)





QUALTIM OF-37 Mutual Non-Disclosure Agreement

IN WITNESS WHEREOF, each Party has caused this Agreement to be duly signed and delivered as of the date first set forth above

Sincerely,

*Suzanne Grundahl*
Suzanne Grundahl
Vice President
sgrundahl@qualtim.com
608-310-6710

22. Paragon employees signing the August 8, 2023 NDA

| | |
|---|---|
| John Holland | President of Paragon Component Systems; Computer science, programmer, MBA. |
| Jeremy Bierema | Paragon staff member interacting with DrJ professional engineers; Computer science, programmer. |
| Nathan Bierema | Paragon technical consultant interacting with DrJ professional engineers, in the context of working with his brother Jeremy; Computer science, programmer. |
| Seth Duncan | Organized Paragon/Truss Pal business meetings Director of Operations, using email addresses: Truss Pal Sales Support salessupport@trusspal.com; Seth Duncan <sethd@trusspal.com>;Sales |
| Michael Pitts | Sales. |
| Avery Radmacher | Computer science, programmer. |
| Andrew Ewin | Computer science, programmer. |
| Scott Hoelsma | Computer science, programmer. |
| David Reed | Computer science, programmer. |

a. As an aside, the following statement was made by Paragon, signed as an accurate fact by Paragon's legal counselors/agents. (See Doc 1 Paragon Complaint ¶ 141)[12]:

---

[12] Under Federal Rule of Civil Procedure 11, any signature on a pleading, motion, or other paper submitted to a court certifies that the signer has made an objectively reasonable inquiry into the law and facts. Specifically, the signer certifies that the document is not being presented with insufficient factual support: The factual allegations have evidentiary support or will have such support after a chance to conduct further discovery. Sanctions are designed to deter future misconduct and may include: 1) Attorney's fees and expenses: An order directing payment of the moving party's reasonable attorney's fees and other expenses that directly resulted from the violation. 2) Monetary penalties: An order to pay a penalty into court.

141. DrJ did not take reasonable measures to keep its engineering consulting services secret. For instance. DrJ did not require that Paragon execute a non-disclosure agreement or confidentiality agreement in association with the engineering consulting services DrJ provided to Paragon. Additionally. DrJ's proposed values to use in the Paragon Truss Software are made available to users of the Paragon Truss Software and are therefore not kept secret. And DrJ's proposed values provided to Paragon are well-known and independently derivable by any qualified licensed engineers in the industry based on standard mathematical equations.

b. In addition, the following statement was made by John Holland, who had signed a non-disclosure agreement for Paragon and Truss Pal, a DBA of Paragon, certified within a motion made by Paragon's legal counselors/agents and John Holland's legal counselors/agents, and signed as accurate (See Doc 67 Motion to Determine Whether Exhibits to Complaint Should be Under Seal, and Doc 67-3 John Holland Declaration ¶ 3)[13]:

---

[13] ibid

3.    As shown in Exhibit 1, Ms. Grundahl's email dated March 25, 2024 was sent to, among other recipients, the email address salessupport@trusspal.com. This email address is owned and operated by Paragon and is designed to receive service-related inquiries from customers of Paragon's Truss Pal software applications. Emails sent to this address are routed to persons who

can help address customer questions and concerns. The email address salessupport@trusspal.com automatically directs emails and attachments to a collaborative Slack channel that every employee of Paragon and every independently contracting individual who provides customer support for Paragon can access. Thus, when Ms. Grundahl sent her email and attachment on March 25, 2024, such persons had unfettered access to them. Only Paragon can know the scope of such persons at any particular time.

23. March 25, 2024 Paragon-Clearspan-Qualtim-Truss Pal Business Roadmap Follow-up, in

pertinent part.

Mon 3/25/2024 11:03 AM

 Suzi Grundahl

**Paragon-Clearspan-Qualtim-Truss Pal Business Roadmap Follow-up**

To    Matt van Stele;   Truss Pal Sales Support

Cc    **John Holland**;   Ryan Dexter;   Keith Hershey; Ops

ⓘ You forwarded this message on 5/23/2024 12:40 PM.
   This message was sent with High importance.

📄 Paragon-Clearspan-Qualtim Truss Pal IP-TS Roadmap.240325 Final Draft.docx
   414 KB

Hi Matt and Seth,

Thank you for the discussion last week. I've attached a document that provides updated background and a business plan roadmap and implementation concepts. This contains essential information to help all of us in managing the business development fundamentals and consistently communicating in a way that complies with professional engineering laws, as well as protecting Paragon-CCI-DrJ intellectual property.

With regard to the request from Rodrigo Morales and setting up a process for specific **potential** sealed engineering jobs that are referred to DrJ from Truss Pal, the section highlighted in blue in the document provides our thought process, which can be refined. This specific request from Rodrigo can be a beta site for the process in order to determine how to make this most efficient for everyone. As we talked about, it will be important for this communication process to be clearly separate from the workflow used with our <u>existing customers</u> (our truss manufacturer customers who request sealed engineering and sealed repairs from DrJ on an ongoing basis). This way, we avoid the situation where it isn't clear to our repair team that Truss Pal is turning over a <u>prospective</u> customer to DrJ. As you know, in all cases with these types of potential projects, a proposal will be needed since we don't yet have approval from the prospective customer to do the work at the price we will estimate. We don't want our repair design team spending time on it until we have a confirmed customer, an approved job and pre-payment for the work. In this case, once we have all the background from you (as defined in the document), we can then prepare a proposal to be sent to Rodrigo.

Please let us know if you would like to discuss any of this further.

Thanks much,

Suzi



|Confidential Paragon/CCI Market Research, IP/TS, Engineering & Business Regulations Roadmap
Truss Pal Project
March 22, 2024

**Confidential Intellectual Property (IP) and/or Trade Secrets (TS)[1][2][3]**

Activity:    <u>Paragon/CCI/Qualtim — Truss Pal Market Research, IP/TS, Engineering & Business Regulations</u>

**Paragon/CCI/Qualtim Development Staff .**

 PUSHING    *Where building innovation thrives.*

Paragon/CCI Truss Pal Market Research, IP/TS, Engineering & Business Regulations
Confidential ... and ... is protected by ... © 2024 Qualtim, Inc.

Paragon/CCI Truss Pal Market Research, IP/TS, Engineering & Business Regulations          March 22, 2024
Confidential – include trade secret (TS) and _____ is protected by _____ Truss Secrets and Laws & 2024 Qualtim, Inc          Page 2 of 13

Paragon/CCI Truss Pal Market Research, IP/TS, Engineering & Business Regulations          March 22, 2024
Confidential – include trade secret (TS) and _____ is protected by _____ Truss Secrets and Laws, © 2024 Qualtim, Inc          Page 12 of 13



QUALTIM

[1] All ideas, engineering analysis and test data are proprietary intellectual property (IP) and trade secrets (TS) and should not be provided to anyone. In particular, public regulatory officials are subject to freedom of information act requests – federal and state public records acts. This means that IP and TS will be in the public domain when any information is provided. In addition, each state also has legislation that mimics the federal Defend Trade Secrets Act 2016 (DTSA), where providing test reports, engineering analysis and/or other related IP/TS is subject to prison of not more than 10 years and/or a $5,000,000 fine or 3 times the value of the IP and TS. To follow DTSA and to comply with state public records and trade secret legislation requires approval through ANSI ISO/IEC 17065 accredited certification bodies or approved sources. For more information, please visit the following websites [links illegible] and [links illegible]
[2] Approval of an RDP takes place when the RDP is properly licensed in the pertinent jurisdiction. Commercial and professional engineering laws affirm that the RDP has the ability to undertake commerce applying engineering principles in their area of expertise without restraint or discrimination. Ohio has set legal precedent.
[3] Capitalized terms and responsibilities are defined pursuant to the applicable building code, applicable reference standards, the latest edition of TPI 1, the NDS, ANSI 8232, US professional engineering law, Canadian building code, Canada professional engineering law and Appendix A, Definitions/Commentary. Otherwise, terms not defined shall have ordinarily accepted meanings as the context implies.
[4] https://www.ftc.gov/news-events/topics/truth-advertising
[5] https://www.dictionary.com/browse/discriminating
[6] 443.01(6) – Wisconsin Legislature
[7] https://www.dictionary.com/browse/shortfalls
[8] https://www.ftc.gov/news-events/topics/truth-advertising
[9] https://en.wikipedia.org/wiki/Ignorantia_juris_non_excusat
[10] https://www.tpinst.org/s/ANSI_TPI1-2014StdONLY-WEB_WP-w868.pdf; https://www.tpinst.org/documents; https://www.tpinst.org/freedownloads
[11] https://www.datus.com/fsm-viewer?utm_source=google&utm_medium=cpc&utm_campaign=us_bm&utm_id=6916236057_131223_01&gad_source=1&gclid=CoKCAduJQ6BhALEzwhxi9zvkzdhySU0UNvLu5xUp7nt6FVTBtAuncuFZKRTYGqGOdavFhk2hhyCOZAQAvD_BwE
[12] https://www.nspe.org/resources/licensure/licensing-boards

24.    May 23, 2024, Paragon Component Systems, LLC, in pertinent part.

Thu 5-23-2024 2:30 PM

Deloris Lanus <Deloris.Lanus@millermartin.com>

Paragon Component Systems, LLC

To    ☐ Kirk Grundahl

[icon] 2024-05-23 Qualtim, Inc., Letter to K. Grundahl re_ Paragon's Sole and Exclusive Ownership of its Proprietary Truss Design...(27527262.1).pdf
      715 KB

**SENT ON BEHALF OF STEPHEN KABAKOFF**

Attached please find correspondence regarding the above-referenced company. If you have any questions, please feel free to contact Stephen Kabakoff at (404) 962-6494 or Stephen.Kabakoff@millermartin.com.

We look forward to hearing from you.

**Deloris Lanus**
Assistant to Joe Ali, Stephen Kabakoff, John David Lind, Cory McKenna, Phiran Evans and Charles Foridas

d (404) 962-6130
f (404) 962-6300
Suite 2100 | 1180 W Peachtree Street, NW | Atlanta, GA 30309

MILLER&MARTIN



1170 W. PEACHTREE STREET NW
SUITE 2100
ATLANTA, GA 30309-7706
404-962-6100
FAX 404-962-6300

STEPHEN E. KABAKOFF
Direct Dia 404-962-6494
Direct Fax 404-962-6300
stephen.kabakoff@millermartin.com

May 23, 2024

**VIA FEDEX AND EMAIL**

Mr. Kirk Grundahl
President and Owner
Qualtim, Inc.
6300 Enterprise Lane
Madison, WI 53719

RE:    **Paragon's Sole and Exclusive Ownership of Its Proprietary Truss Design Software and All Intellectual Property Rights Therein**

Dear Mr. Grundahl:

Our firm represents Paragon Component Systems, LLC ("Paragon"). We are in receipt of a memorandum dated March 22, 2024, entitled "Confidential Intellectual Property (IP) and/or Trade Secrets (TS)," that Paragon received from Qualtim (the "Memorandum"). This letter

**Inspired Pursuits Is an Unrelated Legal Entity**

Unless otherwise stated, the discussion herein relates solely to Paragon's ownership of the Paragon Truss Software and does not relate to ownership of any other products or intellectual property of the parties. For example, a separate analysis would be required to consider ownership of intellectual property developed through Inspired Pursuits, LLC ("Inspired Pursuits"), which is a separate Wisconsin-based legal entity focused on developing physical (non-software) products that combine trusses and truss-mounting braces.

Mr. Kirk Grundahl
May 23, 2024
Page 7

With this response, Paragon believes that this matter is fully resolved and no further action is required. If you disagree, please let us know. Any further communication on this or related matters should be directed to my attention.

Sincerely,

Stephen E. Kabakoff

25. May 29, 2024 - Paragon Component Systems, LLC - Requested Response from Qualtim and Inspired Pursuits, in pertinent part.



Wed 5/29/2024 4:44 AM

Kirk Grundahl

RE: Paragon Component Systems, LLC – Requested Response from Qualtim and Inspired Pursuits

To    stephen.kabakoff@millermartin.com

Cc    Deloris Lanus;   Sue Grundahl;   JJ Zimmerman;   TJ Keith Hershey

You forwarded this message on 7/15/2024 7:47 AM.

STR-2404-707 Response to Miller & Martin, PLLC re Paragon.240529.pdf
2 MB

Exhibit 1 Truss Industry Luminaries Honoring Dan Holland.240526.pdf
639 KB

Exhibit 2 -- 2301 Kirk Grundahl CV.pdf

Mr. Kabakoff,

As requested below, please find attached our response along with the following:

1. Exhibits 1 to 3 provide a bit of background information that may be useful.
2. Exhibit 4 is a letter that was drafted for us to sign and send back to you, which will not be.
3. Exhibit 5 is your letter to us just to have everything in one place.

Please direct Paragon to preserve all video and audio recordings (i.e. google meet, etc.) and all email of all interactions with Qualtim, DrJ, CBI and Inspired Pursuits, LLC (IP-LLC) that they have, as deleting anything at this point despoils direct evidence.

If there are any questions please call.

Please also note that nothing contained in this email or attachments, nor any act or omission to act by IP-LLC and/or Qualtim, is intended or should be deemed a waiver or modification of any rights or remedies that IP-LLC and/or Qualtim may have at law or in equity, and all such rights are expressly reserved.

Thank you.

Kirk

608-217-9713

**QUALTIM**

6200 Enterprise Lane · Madison, WI 53719    608-274-1176 | qualtim.com

May 29, 2024

Mr. Stephen E. Kabakoff
Miller & Martin, PLLC
1180 W. Peachtree St., NW, Ste 2100
Atlanta, GA 30309-7706

Via Email at stephen.kabakoff@millermartin.com and Deloris.Lanus@millermartin.com

Dear Mr. Kabkoff:

It is impossible to find any appropriate words to describe what John Holland is doing. That said, the very best approach forward is facts and truth, as truth is always the best offense and defense.

As an attorney, you are very aware of the importance of definitions, chronology of events, direct evidence, and then a common sense or plain language approach to understanding facts and subsequent management of issues. My management of the issues in the context of accurate definitions, truth, direct evidence, adopted building regulation law, and professional engineering law follows.

 **Where building innovation thrives.**

Confidential Intellectual Property is protected by Defend Trade Secrets Act 2016, © 2024 Qualtim, Inc.

Thank you for your letter. It is valuable to know John's point of view.

Respectfully,



**Kirk Grundahl, P.E. (47 states)**
**President**
**608-217-3713**

PS Please note that nothing contained in this letter, nor any act or omission to act by IP-LLC and/or Qualtim, is intended or should be deemed a waiver or modification of any rights or remedies that IP-LLC and/or Qualtim may have at law or in equity, and all such rights are expressly reserved.

Confidential Intellectual Property is protected by Defend Trade Secrets Act 2016, © 2024 Qualtim, Inc.



**QUALTIM**

26. May 29, 2024 - Inspired Pursuits, LLC (IP-LLC) Preserve and Protect All Intellectual Property (IP) and Trade Secrets (TS), in pertinent part.



Wed 5-29-2024 9:23 AM

Kirk Grundahl

**Inspired Pursuits, LLC (IP-LLC) Preserve and Protect All Intellectual Property (IP) and Trade Secrets (TS)**

To   Keith Hershey; Rob Eason
Cc   Winky Glover; Suzi Grundahl; Jill Zimmerman
ℹ️ You forwarded this message on 6/14/2024 8:47 AM.

📄 Exhibit 5 - 2024-05-23 Qualtim, Inc. Paragon (27527292.1).M.1.pdf
   657 KB
📄 Exhibit 4 John Proposed Letter for Qualtim to Send to M&M.pdf
   961 KB
📄 STR-2404-707 Response to Miller & Martin, PLLC re Paragon.240529.pdf

Rob and Keith,

I hope that you both had a relaxing and rehabilitating long weekend. Please find attached a very important letter from Inspired Pursuits, LLC (IP-LLC).

Please take action accordingly and preserve all knowledge of, information about, machinery and correspondence that may be related to, in any way, the IP and TS of IP-LLC.

Please review in the following order, "Exhibit 5", "Exhibit 4", "STR-2404-707", and then "Inspired Pursuits" for best context and perspective. This will not be a short read.

Thank you both so very much and we look forward to getting over this speed bump and back to fulfilling the mission and vision that Dan and I had for creating the most unique engineered component, manufacturing, and engineering company on the planet.

Cc Winky Glover

Winky,

Hope that you had a great weekend as well. Suzi is sorry to miss speaking with you this morning, to provide a professional heads-up. Obviously heart-wrenching is not even close to a good word on all of this. Would sincerely appreciate your help, in any manner that is possible, to ensure that Clearspan and DrJ have the opportunity to exceed everyone's best opportunities and expectations.

Thank you so very much.

Kirk
608-217-3713

### Inspired Pursuits, LLC
6300 Enterprise Ln
Madison, WI 53719

To:        Rob Eason, President of Clearspan Components, Inc.
           Keith Hershey, General Manager of Qualtim, Inc., DrJ Engineering, LLC (DrJ) and Center for Building Innovation (CBI)

Cc:        Winky Glover, Glover Young

From:      Kirk Grundahl, Member and Manager

Date:      May 29, 2024

Subject:   Urgent notice to parties, other than those already notified by other means, that have knowledge of and can affect the business value of the intellectual property (IP) and trade secrets (TS) of Inspired Pursuits, LLC (IP-LLC).

I am a manager of the following IP-LLC team of businesspeople:



Inspired Pursuits, LLC
Confidential intellectual property (IP) and trade secrets (TS) is protected by Defend Trade Secrets Act 2016. © 2024 Inspired Pursuits, LLC                    Page 1 of 2

Please know that IP-LLC will take all action needed to protect and preserve all its intellectual property and trade secret rights. Please take all action needed, with the sense of protection required, given the issues and issues management at hand.

Thank you so very much.

Respectfully Yours,

*Kirk Grundahl*

Kirk Grundahl, P.E. (47 states)
Manager
608-217-3713

PS Please note that nothing contained in this letter, nor any act or omission to act by IP-LLC and/or Qualtim, is intended or should be deemed a waiver or modification of any rights or remedies that IP-LLC and/or Qualtim may have at law or in equity, and all such rights are expressly reserved.

Inspired Pursuits, LLC
Confidential intellectual property (IP) and trade secrets (TS) is protected by Defend Trade Secrets Act 2016. © 2024 Inspired Pursuits, LLC          Page 2 of 2

27.    May 29, 2024 - RE: Paragon Component Systems, LLC - Requested Response from Qualtim and Inspired Pursuits, in pertinent part.

Wed 5/29/2024 3:10 PM

Stephen **Kabakoff** <Stephen.Kabakoff@millermartin.com>

RE: Paragon Component Systems, LLC - Requested Response from Qualtim and Inspired Pursuits

To    ■ Kirk Grundahl

Cc    Delora Lanius;  Suzi Grundahl;  Jil Zimmerman;  Keith Hershey

ⓘ You replied to this message on 5/30/2024 7:30 AM.

Dear Mr. Grundahl,

Thank you for your response, including your new 23-page letter and 5 exhibits, which we have forwarded to our client. While your letter demands certain responses by 5 pm CDT today and tomorrow, this timeframe does not provide a reasonable amount of time for us to adequately review your contentions, coordinate with our client, and prepare a response, especially since these new materials appear to include additional allegations and demands relative to the original Memorandum discussed in our previous letter. To provide sufficient time to respond, we will endeavor to have our client's response to your letter and demands in the next 7-10 days or sooner if possible.

In addition, without acquiescing or agreeing to any statements or allegations in your response, and solely as a courtesy while we consider your new letter and attachments received today, our client has agreed to restore DrJ's access to the Paragon software while we analyze these materials. This courtesy is not a waiver or concession of any rights or remedies, and Paragon reserves all available rights and remedies to which it is entitled.

Please continue to address any further correspondence regarding this matter to my attention.

With best regards,
Stephen

**Stephen Kabakoff**

d (404) 962-6494
f (404) 962-6359
Suite 2100 | 1180 W Peachtree Street, NW | Atlanta, GA 30309

MILLER
&MARTIN

28.    May 30, 2024 - RE: Paragon Component Systems, LLC - Requested Response from Qualtim and Inspired Pursuits, in pertinent part.

Thu 5/30/2024 11:16 AM

■ Kirk Grundahl

RE: Paragon Component Systems, LLC - Requested Response from Qualtim and Inspired Pursuits

To    Stephen Kabakoff

Cc    Delora Lanius;  Suzi Grundahl;  Jil Zimmerman;  Keith Hershey

ⓘ You replied to this message on 5/31/2024 8:39 AM.
This message was sent with High importance.

Dear Mr. Kabakoff,

I sincerely appreciate your response. I am just about to walk out the door to attend our son's state of Wisconsin track meet so am pressed for time.

Pursuant to your email below you state "and solely as a courtesy while we consider your new letter and attachments received today, our client has agreed to restore DrJ's access to the Paragon software while we analyze these materials." As of this email being sent to you, this has not taken place. We understand the situation well, and we will have a degree of patience, yet demonstration of good faith in healing is essential to be acted upon.

In addition, to clarify one item of past communication, the March 22, 2024 memorandum that you mention in your May 23, 2024 letter was focused on violations of engineering law by Paragon, the Truss Pal website and the business and engineering concepts that DrJ Engineering and Truss Pal had to be implementing to be in compliance with professional engineering law. We have communicated regarding these violations multiple times, as is our professional engineering duty.

Please kindly keep us informed on all good faith and positive actions.

As you are aware, nothing contained in this email, nor any act or omission to act by IP-LLC and/or Qualtim, is intended or should be deemed a waiver or modification of any rights or remedies that IP-LLC and/or Qualtim may have at law or in equity, and all such rights are expressly reserved.

Thank you.

Kirk
608-217-3713

29. May 31, 2024 - RE: Paragon Component Systems, LLC - Requested Response from Qualtim and Inspired Pursuits, in pertinent part.



From: Kirk Grundahl
Sent: Friday, May 31, 2024 8:40 AM
To: Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>
Cc: Deloris Lanus <Deloris.Lanus@millermartin.com>; Suzi Grundahl <sgrundahl@qualtim.com>; Jill Zimmerman <zimmerman@qualtim.com>; Keith Hershey <khershey@qualtim.com>
Subject: RE: Paragon Component Systems, LLC - Requested Response from Qualtim and Inspired Pursuits

Dear Mr. Kabakoff,

I hope you have had a great week. I have just been informed that Paragon has re-established the data processing capabilities that our professional engineers need to undertake their professional engineering work, as efficiently as has been done in the past; in support of our professional engineering work, undertaken on behalf of Clearspan Components (CCI). In addition, this includes the data processing needed for us to undertake the engineering of "other than CCI customer's truss engineering work", which also appears to be as efficient as has existed in the past.
Thank you and I also hope you're looking forward to a fun filled weekend.
Kirk
608-217-3713

30. June 3, 2024 - RE: Paragon Component Systems, LLC - Requested Response from Qualtim and Inspired Pursuits, in pertinent part.



Mon 6/3/2024 5:33 AM
Kirk Grundahl
RE: Paragon Component Systems, LLC - Requested Response from Qualtim and Inspired Pursuits
To    Stephen Kabakoff
Cc    Delora Lanus;   Suzi Grundahl;   Jill Zimmerman;   Keith Hershey;
ⓘ You forwarded this message on 6/3/2024 6:05 AM.

STR-2404-707 Qualtim to Miller & Martin, PLLC re Paragon 240603.pdf
468 KB

Dear Mr. Kabakoff,
I hope that you had a wonderful fun filled weekend. In addition, I apologize in that I believe I have, a couple of times in correspondence, misspelled your last name. Please find attached our current thoughts which continues our corresponding with you on this matter.
Thank you.
Kirk
608-217-3713

QUALTIM

6300 Enterprise Lane I Madison, WI 53719    608-271 1176  I  qualtim.com

June 3, 2024

Mr. Stephen E. Kabakoff
Miller & Martin, PLLC
1180 W. Peachtree St., NW, Ste 2100
Atlanta, GA 30309-7706

Via Email at stephen.kabakoff@millermartin.com and Deloris.Lanus@millermartin.com

Dear Mr. Kabakoff:

Thank you for your recent email communication, which follows in chronological order:

From: Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>
Sent: Wednesday, May 29, 2024 3:10 PM
To: Kirk Grundahl <grundahl@qualtim.com>
Subject: RE: Paragon Component Systems, LLC ("Paragon") - Requested Response from Qualtim and Inspired Pursuits

Dear Mr. Grundahl,



With this letter and your subsequent confirmation of actions that will be taken by your client, Qualtim and DrJ believe that the matter we have been communicating about is fully resolved and no further action is needed. Beyond this, all future communication shall be directed to IP-LLC.

Thank you very much.

Respectfully,

*Kirk Grundahl*

Kirk Grundahl, P.E. (47 states)
President
608-217-3713

PS Please note that nothing contained in this letter, nor any act or omission to act by IP-LLC and/or Qualtim, is intended or should be deemed a waiver or modification of any rights or remedies that IP-LLC and/or Qualtim may have at law or in equity, and all such rights are expressly reserved.

31.     June 4, 2024 - RE: Paragon Component Systems, LLC - Requested Response from Qualtim and Inspired Pursuits, in pertinent part.

Mon 6/3/2024 2:11 PM

Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>

RE: Paragon Component Systems, LLC - Requested Response from Qualtim and Inspired Pursuits

To   Kirk Grundahl
Cc   Delond Lonust;   Suz Grundahl;   JP Zimmerman;   Keith Hershey
You replied to this message on 6/4/2024 5:35 AM.

Hi Kirk,

Thank you for your additional letter that you sent this morning. I have forwarded it to our client. However, you again provided an unreasonably quick deadline for response by noon CDT tomorrow, which will not give us sufficient time to discuss your new demands with our client. It appears that you are asking for certain confirmations from Paragon that you had not previously demanded. Again, we will review your new demands with our client and respond as soon as practicable.

In addition, we request further clarification based on your letter that you sent today.

First, your letter states that you are "100 percent confident that we do not need to discuss anything further with respect to copyright, intellectual property (IP), trade secrets (TS) and the engineering business we have been transacting with Dan since 2009." And your new demands all relate to Paragon's "conformance with all professional engineering laws."

Can you please confirm if your statement that you are "100 percent confident that we do not need to discuss anything further with respect to copyright, intellectual property (IP), trade secrets (TS) ... " indicates that you agree that Paragon is the sole owner of all IP and TS rights in the Paragon Truss Software and that the outstanding dispute is limited to Paragon's compliance with unspecified "engineering laws"? Or is it your position that 100 percent confidence relates to your position previously stated in your letters? This clarification is needed so we can tailor our client's response to the disputed issue(s).

Second, your new letter includes an entire section relating to Inspired Pursuits and the "CCI-DrJ-Paragon team." Can you please explain what demands (if any) you are making of CCI? It is our position that CCI, Paragon, and Inspired Pursuits are completely independent business entities. While you have made demands on Paragon, we are unaware of any specific demands that you are making against CCI or Inspired Pursuits. Please clarify if there are any demands on CCI or Inspired Pursuits that are separate from your demands on Paragon.

I look forward to your responses to the two questions above.

With best regards,
Stephen

**Stephen Kabakoff**

d (404) 962-6494
f (404) 962-6359
Suite 2100 | 1180 W Peachtree Street, NW · Atlanta, GA 30309

MILLER
& MARTIN

32.    June 4, 2024 - RE: Paragon Component Systems, LLC - Requested Response from Qualtim and Inspired Pursuits, in pertinent part.



Tue 6/4/2024 5:36 AM

■ Kirk Grundahl

RE: Paragon Component Systems, LLC - Requested Response from Qualtim and Inspired Pursuits

To    Stephen Kabakoff

Cc    Deloris Lanus;  Suzi Grundahl;  Jill Zimmerman;  Kevin Hershey

📄  STR-2404-707 Qualtim to Miller & Martin, PLLC re Paragon.240604.pdf  ▾
     331 KB

Dear Mr. Kabakoff,

I hope that you had a great Monday. Thank you for your quick response to my letter as it is helpful with respect to understanding all the issues before us, which appear to not have been perfectly clear.

My response is attached.

Thanks again.

Kirk

608-217-3713



6300 Enterprise Lane   Madison WI 53719   608-271-1176 I qualtim.com

June 4, 2024

Mr. Stephen E. Kabakoff
Miller & Martin, PLLC
1180 W. Peachtree St., NW, Ste 2100
Atlanta, GA 30309-7706

Via Email at stephen.kabakoff@millermartin.com and Deloris.Lanus@millermartin.com

Dear Stephen:

Thank you for your June 3, 2024 email communication, which follows:

> From: Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>
> Sent: Monday, June 3, 2024 2:11 PM
> To: Kirk Grundahl <kgrundahl@qualtim.com>
> Subject: RE: Paragon Component Systems, LLC (Paragon) - Requested Response from Qualtim and Inspired Pursuits
> Hi Kirk,

    

Confidential Intellectual Property is protected by Defend Trade Secrets Act 2016, © 2024 Qualtim, Inc.

info@inspiredpursuitsllc.com.

Thank you very much.

Respectfully,

Kirk Grundahl, P.E. (47 states)
President
608-217-3713

PS Please note that nothing contained in this letter, nor any act or omission to act by IP-LLC, Qualtim, DrJ and/or CBI, is intended or should be deemed a waiver or modification of any rights or remedies that IP-LLC, Qualtim, DrJ and/or CBI may have at law or in equity, and all such rights are expressly reserved.

33.   June 4, 2024 - RE: Paragon Component Systems, LLC - Requested Response from Qualtim and Inspired Pursuits, in pertinent part.



34.   June 7, 2024 - Paragon Component Systems, LLC - Requested Response from Inspired Pursuits, in pertinent part.



• · · î

**Inspired Pursuits, LLC**
6300 Enterprise Ln
Madison, WI 53719

June 7, 2024

Mr. Stephen E. Kabakoff
Miller & Martin, PLLC
1180 W. Peachtree St., NW, Ste 2100
Atlanta, GA 30309-7706

Via Email at stephen.kabakoff@millermartin.com and Deloris.Lanus@millermartin.com

Dear Stephen:

I apologize for the delay in responding to your email below. Our son graduated from high school on May 26, then last weekend participated in the Division 2 Wisconsin State track meet where they became the fifth 2-time D2 champions, and we are holding his graduation party later today. Given that I received your first letter on May 23, 2024, I have not been able to focus on all the issues before us in as detailed and non-distracted manner as I otherwise would have.

team's success, versus the significant damage to all past very positive relationships that your client have been and continues to unilaterally cause.

Respectfully,

*Kirk Grundahl*

Kirk Grundahl
Manager
608-217-3713

PS Please note that nothing contained in this letter, nor any act or omission to act by IP-LLC is intended or should be deemed a waiver or modification of any rights or remedies that IP-LLC may have at law or in equity, and all such rights are expressly reserved.

35.     June 7, 2024 - Paragon Component Systems, LLC - Requested Response on Engineering Law - DrJ Engineering, LLC/Qualtim, Inc., in pertinent part.





QUALTIM

6300 Enterprise Lane    Madison WI 53719    608-273-1176 | qualtim.com

June 7, 2024

Mr. Stephen E. Kabakoff
Miller & Martin, PLLC
1180 W. Peachtree St., NW, Ste 2100
Atlanta, GA 30309-7706

Via Email at stephen.kabakoff@millermartin.com and Delois.Lanus@millermartin.com

Dear Stephen:

Thank you for your June 4, 2024 email communication that contains a question regarding engineering law, which follows:

> From: Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>
> Sent: Tuesday, June 4, 2024 1:53 PM

  a.  Please also let me know when that has been done as, again, professional engineering obligations have to always be taken very seriously.

Thank you very much.

Respectfully,

Kirk Grundahl, P.E. (47 states)
President
608-217-3713

PS Please note that nothing contained in this letter, nor any act or omission to act by Qualtim and/or DrJ is intended or should be deemed a waiver or modification of any rights or remedies that Qualtim and/or DrJ may have at law or in equity, and all such rights are expressly reserved.

36.    June 10 2024 - Paragon Component Systems, LLC - Point of View of Inspired Pursuits, LLC, in pertinent part.

Mon 6/10/2024 8:06 AM

■ Kirk Grundahl

Paragon Component Systems, LLC - Point of View of Inspired Pursuits, LLC

To      Stephen Kabakoff
Cc      Delois Lanus;  Sua Grundahl;  JX Zimmerman;  Keith Hershey;  Info-InspiredPursuitsLLC

📎  IP-LLC Facts & Potential Action Letter to M&M.240610.pdf
     862 KB

Stephen,
I hope that you had a great weekend.
Please attached our letter from Inspired Pursuits, LLC defining current facts and perspectives.
Thank you.
Kirk
Manager of Inspired Pursuits, LLC
President of Qualtim, Inc.
608-217-3713
info@inspiredpursuitsllc.com

**Inspired Pursuits, LLC**
6300 Enterprise Ln
Madison, WI 53719
info@inspiredpursuitsllc.com
608-217-3712

June 10, 2024

Mr. Stephen E. Kabakoff
Miller & Martin, PLLC
1180 W. Peachtree St., NW, Ste 2100
Atlanta, GA 30309-7706

Via Email at stephen.kabakoff@millermartin.com and Deloris.Lanus@millermartin.com

Dear Stephen:

Thank you for each piece of correspondence since your original May 23, 2024 letter to Qualtim, Inc. (Qualtim). As I am sure you are aware by now, I am one of the members and managers of the following company:

I am fully familiar with the vision, mission, goals and objectives of each of the companies I own and operate, which is a very important fiduciary responsibility. We find ourselves in a situation where the issues before us and how they will be

**Inspired Pursuits, LLC**
Confidential intellectual property ( P) and trade secrets (TS) are protected by Defend Trade Secrets Act 2016. © 2024 Inspired Pursuits, LLC          Page 1 of 10

managed, and potentially prosecuted, are now completely dependent upon the counsel that you provide to your client, and the acceptance of, hopefully, wise counsel. I am hopeful, yet remain heartbroken and cautious.

Please let me know, as soon as reasonably possible, and certainly, this decision does not need to take any longer than end of business on Tuesday June 11, 2024, if your client is going to continue to be an adversary to the success of IP-LLC. On the other hand, in the very positive alternative, if your client is going to take the positive action of being in the business of having a servant's heart toward realizing the best interests of CCI and IP-LLC. I sincerely hope it is the latter.

Respectfully,

*Kirk Grundahl (signature)*

Kirk Grundahl
Manager
608-217-3713

PS Please note that nothing contained in this letter, nor any act or omission to act by IP-LLC is intended or should be deemed a waiver or modification of any rights or remedies that IP-LLC may have at law or in equity, and all such rights are expressly reserved.

**Inspired Pursuits, LLC**
Confidential intellectual property ( P) and trade secrets (TS) is protected by Defend Trade Secrets Act 2016. © 2024 Inspired Pursuits, LLC          Page 5 of 10

**Appendix A**

37.    June 11 2024 - Paragon Component Systems, LLC - Point of View of Inspired Pursuits, LLC, in pertinent part.

Tue 6 11 2024 5:53 PM

Stephen **Kabakoff** <Stephen.Kabakoff@millermartin.com>

RE: Paragon Component Systems, LLC - Point of View of Inspired Pursuits, LLC

To    ■Kirk Grundahl

Cc    Delora Lanus;   Sue Grundahl;   Jill Zimmerman;   Keith Hershey; Info-InspiredPursuitsLLC

ⓘ You replied to this message on 6/13/2024 8:32 AM.

Hi Kirk,

We appreciate your providing additional information on your positions and helping us understand your perspectives. I forwarded your letter yesterday to our client and we are still coordinating with him about whether your last letter may necessitate us to update how we would like to respond.

Also, it would be helpful if you could please identify any specific documents that you are relying upon. For example, when you mention the "Truss Pal business model," is there any specific document(s) (other than your March 2024 memorandum) that describes what you are referencing? I have the same question regarding your reference to a "Paragon-Clearspan-Qualtim-Truss Pal Business Roadmap" (on page 3).

You also make defamation allegations for the first time in your letter yesterday (on page 5). We disagree. However, please let me know if there are any specific instances of alleged defamation so we may investigate them.

Thank you in advance for your clarifications.

Best regards,
Stephen

**Stephen Kabakoff**          🔲 📘 ▶ 📷

d (404) 962-6494
f (404) 962-6359
Suite 2100 | 1180 W Peachtree Street, NW | Atlanta, GA 30309

MILLER
&MARTIN

38.    June 13 2024 - Paragon -- Addressing 240611 M&M Questions by IP-LLC, in pertinent part.

Thu 6/13/2024 8:32 AM

■Kirk Grundahl

Paragon -- Addressing 240611 M&M Questions by IP-LLC

To    Stephen **Kabakoff**

Cc    Delora Lanus;   Sue Grundahl;   Jill Zimmerman;   Keith Hershey; Info-InspiredPursuitsLLC

📄 Addressing 240611 M&M Questions by IP-LLC.240613.pdf
⤓ 816 KB

Stephen,

I hope that you are looking forward to a wonderful weekend.

Please find attached information, from Inspired Pursuits, LLC, intended to provide additional clarifying information and a response to your June 11th questions.

We also appreciate the on-going communication, as it helps us with discernment. We look forward to getting thoughts back as quickly as we can gain that benefit. Thank you so much.

Kirk
Manager of Inspired Pursuits, LLC
608-217-3713
info@inspiredpursuitsllc.com

**Inspired Pursuits, LLC**
6300 Enterprise Ln
Madison, WI 53719
info@inspiredpursuitsllc.com
608-217-3712

June 13, 2024

Mr. Stephen E. Kabakoff
Miller & Martin, PLLC
1180 W. Peachtree St., NW, Ste 2100
Atlanta, GA 30309-7706
Via Email at stephen.kabakoff@millermartin.com and Deloris.Lanus@millermartin.com

Dear Stephen:

Thank you for the following email:

> From: Stephen Kabakoff <Stephen.Kabakoff@millermartin.com>
> Sent: Tuesday, June 11, 2024 5:53 PM
> To: Kirk Grundahl <kgrundahl@qualtim.com>
> Subject: RE: Paragon Component Systems, LLC - Point of View of Inspired Pursuits, LLC
>
> Hi Kirk,
>
> We appreciate your providing additional information on your positions and helping us understand your perspectives. I forwarded your letter
> yesterday to our client and we are still coordinating with him about whether your last letter may necessitate us to update how we would like
> to respond.

In simple terms, this is the fundamental ownership principle which, presumably, your client does not agree with. To repeat
stridently, it is essential that your client has substantive direct evidence, contrary to IP-LLC direct evidence, which
supports his yearning for what he assumes Paragon was created to be.

Based upon your May 23, 2020 letter and subsequent emails, and the questions contained in each of them, it appears
necessary to define via a summary of IP-LLC stipulations that are backed up facts through direct evidence, IP-LLC

**Inspired Pursuits, LLC**
Confidential intellectual property ( P) and trade secrets (TS) are protected by Defend Trade Secrets Act 2016, © 2024 Inspired Pursuits, LLC     Page 1 of 10

## IP-LLC

requested questions to be addressed, and IP-LLC requested actions to be taken.

On the other hand, in the very positive and proactive alternative, if your client is going to take the conclusive action of being in the business of being part of the team that focuses on serving the best interests of deploying the unique and exclusive assets that IP-LLC and the team have, then we will, under the direction of IP-LLC, build a second to none set of businesses. Likewise, I will guide Quatim, DrJ and CBI in the context of this affirmative action. I sincerely hope affirmation is the outcome of your discussions with your client.

Thank you again for our correspondence.

Respectfully,

*Kirk Grundahl*

Kirk Grundahl
Manager
608-217-3713

PS Please note that nothing contained in this letter, nor any act or omission to act by IP-LLC is intended or should be deemed a waiver or modification of any rights or remedies that IP-LLC may have at law or in equity, and all such rights are expressly reserved.

Inspired Pursuits, LLC
Confidential intellectual property ( IP) and trade secrets (TS) is protected by Defend Trade Secrets Act 2016. © 2024 Inspired Pursuits, LLC
Page 5 of 10

IP-LLC

Appendix A

39.    June 14 2024 - Inspired Pursuits, LLC (IP-LLC) Update Pursuant to Fiduciary Responsibilities, in pertinent part.



| To: | Rob Eason, President of Clearspan Components, Inc. (CCI) |
|---|---|
| | Keith Hershey, General Manager of Qualtim, Inc., DrJ Engineering, LLC (DrJ) and Center for Building Innovation (CBI) |
| From: | Kirk Grundahl, Member and Manager |
| Date: | June 14, 2024 |
| Subject: | Inspired Pursuits, LLC (IP-LLC) Update -- Actions that Could Affect The CCI and DrJ Relationship |

As everyone should anticipate, in my role as a manager and leading executive operations on behalf of IP-LLC, I have fiduciary responsibilities[1] and duties to inform[2] with respect to events that could negatively affect business teammates. This is one of those times where what I want to do personally, and what I have to do professionally are in conflict; fiduciary responsibilities must always take unemotional precedence.

Sadly, I genuinely do not know the direction that the journey forward will take. I merely need to protect and advance the best interests of IP-LLC and our teammates that desire to build a unique and innovative businesses together. The hope is always for the positive path forward, yet it is wise to passionately, intelligently, assertively prepare for the worst.

If there are ever any questions or the need for more depth of knowledge, of which Suzi and I have much detail, conversation is available any of the 7 days in a week. I remain a heartbroken teammate, while thanking you both for your patience and endurance as this process is navigated.

Kirk
608-217-3713

---

[1] A fiduciary holds ethical and legal responsibilities to the business they operate, business partners and customers -- a relationship that requires trust and prudence on the part of the fiduciary. Part of the fiduciary's role is to act, always and first and foremost, in the best interests of the business they operate, business partners and customers

Inspired Pursuits, LLC
Confidential intellectual property (IP) and trade secrets (TS) are protected by Defend Trade Secret Act 2016. © 2024 Inspired Pursuits, LLC          Page 1 of 2

---

**IP-LLC**

---

[2] In business, business partners/relationships/teammates have fiduciary duties to each other and the relationship that include acting with integrity and good faith. For example, the relationship may have a duty to disclose conflicts of interest, avoid harming the relationship, and exercise reasonable care in managing its affairs. If a partner/teammate doesn't fulfill these duties, they may breach their ethical obligations and could be liable for damages

40. June 14 2024 - RE: Paragon -- Addressing 240611 M&M Questions by IP-LLC, in pertinent part.

Fri 6/14/2024 2:42 PM

Stephen **Kabakoff** <Stephen.**Kabakoff**@millermartin.com>

RE: Paragon -- Addressing 240611 M&M Questions by IP-LLC

To     ▇ Kirk Grundahl

Cc     Delora Lanus;    Suzi Grundahl;    JJ Zimmerman;    Keith Hershey; Info-InspiredPursuitsLLC

✉ You replied to this message on 6/16/2024 6:26 PM.

Hi Kirk,

Thank you very much for sending this additional information, which again I have shared with our client. In particular, I appreciate that you identified several documents that you are relying upon in the graphic below. Would you kindly share copies of these documents for us to review?

Thank you in advance for your further explanation of how you believe these third parties relate to any of the issues that we have been discussing up to this point.

Best regards,
Stephen

**Stephen Kabakoff**

d (404) 962-6494
f (404) 962-6359
Suite 2100 | 1180 W Peachtree Street, NW | Atlanta, GA 30309

MILLER
&MARTIN

41.     June 17, 2024 - Inspired Pursuits, LLC (IP-LLC) Update Pursuant to Fiduciary

Responsibilities, in pertinent part.

Reply  Reply All  Forward  IM
Mon 6/17/2024 1:50 PM

Rob **Eason** <robe@clearspaninc.com>

Re: Inspired Pursuits, LLC (IP-LLC) Update Pursuant to Fiduciary Responsibilities

To     Kirk Grundahl;  Keith Hershey

Cc     Suzi Grundahl;  JM Zimmerman

You replied to this message on 6/18/2024 8:44 AM.

Received.  Thanks for the info.  I will be reviewing.

Rob  Eason
President

Clearspan Component, Inc.
601-483-3941  x152
On 6/14/2024 7:41 AM, Kirk Grundahl wrote:

Rob and Keith,
I hope that you both have had a wonderful week . Given responsibilities that I have, please review the attached documents.
With hope and sincere thanks to you both so very much.
Kirk
608-217-3713

42.	June 18, 2024 - Inspired Pursuits, LLC (IP-LLC) Update Pursuant to Fiduciary

Responsibilities, in pertinent part.



Tue 6 18 2024 8:44 AM

■ Kirk Grundahl

**Informing Key Teammates of Actions to be Taken by IP-LLC**

To	Rob Eason;	Keith Hershey

Cc	Susi Grundahl;	Jill Zimmerman

📎 Informing Key Teammates of Actions to be Taken by IP-LLC.Update.240618.pdf
144 KB

Rob and Keith

I hope that you both a wonderful weekend. Please review the attached update, which is sad, yet likely significant.
While positive hope is enduring, and .....all things work for good....., the past journey is well known, the future journey remains to be seen.
Thank you both so very much.
Kirk
608-217-3713

From: Rob Eason <robe@clearspaninc.com>
Sent: Monday, June 17, 2024 1:50 PM
To: Kirk Grundahl <kgrundahl@qualtim.com>; Keith Hershey <khershey@qualtim.com>
Cc: Susi Grundahl <sgrundahl@qualtim.com>; Jill Zimmerman <jzimmerman@qualtim.com>
Subject: Re: Inspired Pursuits, LLC (IP-LLC) Update Pursuant to Fiduciary Responsibilities

Received.  Thanks for the info.  I will be reviewing.


Rob Eason
President

🏛 Clearspan Components, Inc.
601-653-3941 x152
On 6/14/2024 7:41 AM, Kirk Grundahl wrote:

### Inspired Pursuits, LLC
6300 Enterprise Ln
Madison, WI 53719
info@inspiredpursuitsllc.com
608-217-3712


| | |
|---|---|
| To: | Rob Eason, President of Clearspan Components, Inc. (CCI) |
| | Keith Hershey, General Manager of Qualtim, Inc., DrJ Engineering, LLC (DrJ) and Center for Building Innovation (CBI) |
| From: | Kirk Grundahl, Member and Manager |
| Date: | June 18, 2024 |
| Subject: | Informing Key Teammates of Actions to be Taken by IP-LLC |

As anticipated, and in the context of multiple communications laying out facts that support known truth, the following request was made to Mr. Kabakoff:

This passion for truth, fiduciary responsibilities, and the epic success of IP-LLC will remain until my life concludes; unfortunately, IP-LLC success may not be in the form that our 50/50 partnership intended and expected.
Respectfully Yours,

Kirk
608-217-3713

Inspired Pursuits, LLC
Confidence intellectual property (IP) and trade secrets (TS) are protected by Defend Trade Secrets Act 2016. © 2024 Inspired Pursuits LLC	Page 1 of 1

43.     June 21, 2024 - FW: Paragon -- Addressing 240611 M&M Questions by IP-LLC, in

pertinent part.

Fri 6/21/2024 3:49 PM

Stephen **Kabakoff** <Stephen.**Kabakoff**@millermartin.com>

**FW: Paragon -- Addressing 240611 M&M Questions by IP-LLC**

To    ■ Kirk Grundahl

Cc    Delora Lanus;    Suzi Grundahl;    Jill Zimmerman;    Keith Hershey;    Info-InspiredPursuitsLLC

ⓘ You forwarded this message on 12/15/2024 12:22 PM.

Bing Maps                                                                                          ✛ Get more app

**Hi Kirk,**

Since it has been a week since my email below, I wanted to check again if you would be willing to share copies of the documents listed below and

of the IP and TS issues we have been discussing up to this point. I apologize if you may have already responded and I overlooked anything in my
email inbox.

Best regards,
Stephen

**Stephen Kabakoff**
------------------------------------------------
**d** (404) 962-6494
**f** (404) 962-6359
Suite 2100 | 1180 W Peachtree Street, NW | Atlanta, GA 30309

MILLER
&MARTIN

44. July 23 2024 – Court Listener Documents[14], in pertinent part.



[14] https://www.courtlistener.com/docket/68970709/paragon-component-systems-llc-v-qualtim-inc/?filed_after=&filed_before=&entry_gte=&entry_lte=&order_by=asc

| 2 | Jul 24, 2024 | Summons Issued as to Center for Building Innovation, LLC, CRU Engineering, LLC, Kim Grunzinki, Suzanne Grunzinki, Inspired Pursuits, LLC, Qualtim, Inc. (Attachments: # 1 Summons CRU Engineering LLC, # 2 Summons Inspired Pursuits LLC, # 3 Summons Kim Grunzinki, # 4 Summons Qualtim Inc, # 5 Summons Suzanna Grunzinki (ASF) (Entered 07/24/2024) | | ◄ |
| | | Main Document | Summons Issued | 1 ... PACER | ◦ △ | |
| 3 | Jul 24, 2024 | Order Governing Depositions. Signed by District Judge Charles E Atchley Jr on 7/24/24 (ASF) (Entered 07/24/2024) | | ◄ |
| | | Main Document | Order Governing Depositions | 1 ... PACER | ◦ △ | |
| 4 | Jul 24, 2024 | Order Governing Motions To Dismiss. Signed by District Judge Charles E Atchley Jr on 7/24/24 (ASF) (Entered 07/24/2024) | | ◄ |
| | | Main Document | Order Governing Motions To Dismiss | 1 ... PACER | ◦ △ | |
| 5 | Jul 24, 2024 | Order Governing Sealing Confidential Information Signed by District Judge Charles E Atchley Jr on 7/24/24 (ASF) (Entered 07/24/2024) | | ◄ |
| | | Main Document | Order Governing Sealing Confidential Information | 1 ... PACER | ◦ △ | |
| 6 | Jul 24, 2024 | NOTICE of Appearance by Erin Elizabeth Steelman on behalf of Paragon Component Systems, LLC (Steelman, Erin) (Entered 07/24/2024) | | ◄ |
| | | Main Document | Notice of Appearance | 1 ... PACER | ◦ △ | |
| 7 | Jul 25, 2024 | MOTION for Relief from Obligation to File Copyright Form by Paragon Component Systems LLC (Attachments: # 1 Exhibit 1 - Copyright Report Form) (Parsley, Robert) (Entered 07/25/2024) | | ◄ |
| | | Main Document | Motion for Miscellaneous Relief | 1 ... PACER | ◦ △ | |

45.     On July 23, 2024, Plaintiff Paragon and Paragon's legal counselors/agents, operating under a non-disclosure agreement, filed a declaratory judgement complaint (Doc. 1),[15] along with several confidential exhibits containing my work with IP-LLC, Qualtim, DrJ and CBI, onto the Eastern District of Tennessee federal court docket. This was done, as shown by Court Listener, making the documents instantly public (see item 44 above). Obviously, when I marked the documents confidential, the expectation of any reasonable person would be that these exhibits contain confidential business information, where contents are private, sensitive, and not to be shared with unauthorized parties. These exhibits are letters, emails, and memos detailing a few of my high-level proprietary business concepts, ideas, and trade secrets, embodied in an overall intellectual property preservation and development plan. As shown by the chronology of events above, I marked all correspondence "confidential" and shared it only with Paragon's legal counselors/agents. Subsequently, from July 24, 2024 onward, no action was taken by Paragon,

---

[15] Under Federal Rule of Civil Procedure 11, any signature on a pleading, motion, or other paper submitted to a court certifies that the signer has made an objectively reasonable inquiry into the law and facts. Specifically, the signer certifies that the document is not being presented with insufficient factual support: The factual allegations have evidentiary support or will have such support after a chance to conduct further discovery. Sanctions are designed to deter future misconduct and may include: 1) Attorney's fees and expenses: An order directing payment of the moving party's reasonable attorney's fees and other expenses that directly resulted from the violation. 2) Monetary penalties: An order to pay a penalty into court.

Paragon's legal counselors/agents, nor the Eastern District of Tennessee Federal Court to enter orders and take such other action as may be necessary and appropriate to preserve the confidentiality of my trade secrets. By this omission, each affirmatively authorized and directed the disclosure of information that I asserted, as designated on all correspondence, to be elements of trade secrets embodied in an overall intellectual property preservation and development plan. Therefore, it seems important and urgent to enter orders and take such other action as may be necessary and appropriate to preserve the confidentiality of my trade secrets, such as urgently sealing any record that may be able to be used by IP-LLC competitors in any manner in the past, now and into the future. As Paragon itself said, it is wise (and today likely urgent) to err on the side of caution (Doc. 69).[16]

46.     At no time did I, as one of the trade secret owners, expressly consent and waive any trade secret rights, which are embodied in an overall intellectual property preservation and development plan.

---

[16] By late 2024, Defendants escalated efforts to safeguard their trade secrets in the appropriate forum. On January 31, 2025, Qualtim and related parties filed a separate lawsuit in the Western District of Wisconsin against Paragon's attorneys, alleging that Paragon's public filing of Exhibits A–J to the Complaint constituted misappropriation of Defendants' trade secrets. This filing reflected Defendants' consistent position that the information at issue was confidential and that its unprotected disclosure was improper. When Paragon later raised the sealing issue before this Court on February 26, 2025 (via a "Motion to Determine Whether Exhibits to Complaint Should be Under Seal," Doc. 67), it acknowledged Defendants had asserted the exhibits were trade secrets in light of the Wisconsin action. Paragon's February 2025 motions demonstrate that the delay in sealing was attributable to Paragon's litigation choices and the case's jurisdictional posture, not to any neglect by Defendants. Paragon's counsel certified that he conferred with Defendants' counsel about sealing the Complaint's exhibits and filed a Motion to Provisionally Seal certain exhibits (Doc. 69) "out of an abundance of caution" while a final determination was pending. In that motion, Paragon admitted it "believe[d] it is important" to address sealing and therefore sought to have the exhibits sealed, at least temporarily. Paragon also acknowledged that Defendants had raised the matter in a discovery conference and were pursuing relief in Wisconsin, confirming Defendants' consistent efforts to protect their confidential information.

47.     Unfortunately, it does not appear that Paragon, each of Paragon's legal counselors/agents, nor the Eastern District of Tennessee Federal Court took the time to assess this disclosure pursuant to the black letter law found in 18 U.S. Code § 1835 - Orders to preserve confidentiality. (See also items 14-17 and 19-20 above.)

**Equitable Considerations**

48.     I personally directed, in concert with the mission of Dan, Suzi and me, all actions be taken to ensure that IP-LLC's trade secrets would remain unknown, and therefore perpetually confidential. (See items, 11, 13-16 and 19-20 above.) This would still be the case but for the unauthorized public filing on July 23, 2024, and subsequent lack of any action by Paragon, Paragon's legal counselors and the Eastern District of Tennessee Federal Court.

49.     On behalf of my fiduciary responsibilities to Dan, Suzi, IP-LLC, Qualtim, DrJ and CBI, Paragon and Paragon's legal counselors' unauthorized public filing on July 23, 2024 has caused my mission to be damaged and it remains my mission to restore as much trade secret and related intellectual property protection as can be restored.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 15, 2025 within the United States.

Kirk Grundahl