IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| PARAGON COMPONENT SYSTEMS, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No.: 1:24-cv-00246-CEA-CHS |
| QUALTIM, INC., et al., | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE'S ORDER PLACING DOCUMENTS UNDER SEAL**

Under 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(a), Plaintiff Paragon Component Systems, LLC ("Paragon") respectfully replies in support of its objections to the Magistrate Judge's order, Doc. 93 (Aug. 18, 2025). The Court should overrule the order and hold that it was clear error for the Magistrate Judge to seal the documents from the record under the circumstances.

**I.  Defendants Have Failed to Show That the Exhibits to the Complaint or Other Documents Warrant Being Sealed.**

The Sixth Circuit imposes strict requirements for putting judicial records under seal. As this Court's standing order explains, "'**[o]nly the most compelling reasons can justify non-disclosure of judicial records**.'" Doc. 5 at 2 (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)). Defendants (together, including Mr. Grundahl, "Qualtim") have not made and cannot make this required showing under Sixth Circuit law (which governs here). On this point, Seventh Circuit law (which Qualtim erroneously contends governs) does not significantly differ.[1] And neither inter-court comity nor any other procedural concern can

---

[1] Ironically, Qualtim's response repeatedly (and correctly) cites Sixth Circuit law in defending the sealing order, directly contradicting their arguments that Seventh Circuit law applies. *See, e.g.*, Doc. 105 at 13 ("Finally, Local Rule 26.2(b) of this Court requires a showing of good cause to seal

1

properly absolve a court from carrying out its independent duty to determine whether removing a judicial record from the public file contravenes the First Amendment and the public's common-law right of access to judicial records. Contrary to Qualtim's suggestion, a merely prima-facie showing cannot suffice, Doc. 105 at 14, and is inconsistent with the Sixth Circuit and Seventh Circuit "heavy" burden for sealing. Doc. 5 at 2; *Shane Grp.*, 825 F.3d at 305.

First, Qualtim *presumes*, and asks this Court to *presume*, that the documents at issue (including the Complaint's exhibits) contain "trade secrets" or information that is otherwise confidential. *See* Doc. 105; Doc. 106. But the first step in establishing that judicial records should be sealed is for the movant to *prove* that the records actually contain sealable information. Doc. 5 at 2–3. This requires a document-by-document, line-by-line explanation for why information warrants sealing. *See id*. As Paragon has already explained, Qualtim not only has not made this showing; indeed, it hasn't even tried to provide this kind of required, detailed explanation. *See* Doc. 100 at 22–23.

Qualtim continues to believe, erroneously, that merely labeling a document "confidential" automatically imposes a duty on any recipient to keep the document confidential, even when the document is an adversarial demand letter circulated to opposing attorneys and others having no duty to keep the documents confidential. This is not the law. And neither the Western District of Wisconsin nor this Court ever held that Qualtim in fact proved the documents at issue meet any standard for confidentiality. *See* Doc. 74-6; Doc. 93. To the contrary, this Court previously held that other documents containing the same information did *not w*arrant being placed under seal precisely because Qualtim was unable to show they warranted treatment as confidential either as trade secrets or on any other basis. Doc. 45. The Court rejected Qualtim's arguments concerning

---

court records, and the Court's Standing Order on Sealing (Doc. 5) reinforces the Sixth Circuit's demanding standard"); *id.* at 14-15 (citing "Sixth Circuit precedent").

the dispositive nature of the documents' labels. This alone warrants overruling the order placing the documents under seal.[2]

Second, Qualtim improperly argues that this Court should hold for the first time that Qualtim has met its heavy burden of showing that the documents contain trade secrets or are otherwise confidential, even though the Magistrate Judge never made this ruling. Doc. 105 at 14–15; Doc. 106 at 1, 3–4. In effect, Qualtim contends that the Magistrate Judge clearly erred by *not* ruling substantively that the documents at issue contain trade secrets. This perfunctory contention not only is wrong on the merits but it also comes too late: "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b). The Court should reject Qualtim's attempt to disguise and slip in an untimely objection to the order in their response brief.

Third, Qualtim misleadingly contends that this matter is governed by the Defend Trade Secrets Act, 18 U.S.C. § 1835. Doc. 105 at 8–9; Doc. 106 at 3-4. However, there are no claims or counterclaims in this case based on the Defend Trade Secrets Act. Further, Qualtim has never plausibly proved with specific factual support or particularized briefing—as opposed to conclusory assertions—that any trade secrets are genuinely at issue here. Completely absent from the record is proof that any exhibit's information has supposed competitive value or has actually been kept secret. And 18 U.S.C. § 1835(b) concerns a procedure inapplicable here (a *court's determination* whether to permit a document to be placed under seal). The present matter instead concerns whether documents that had long been in the public record, and that were relied on by this Court

---

[2] Qualtim has never established, and does not establish in response, Doc. 105, that the Complaint's exhibits, which discuss Qualtim's position that a course of conduct over many years in the past, fall within the scope of a confidentiality agreement between Qualtim entities and some Paragon-related individuals (and not other recipients of the exhibits from the Grundahls) concerning potentially entering into a future "possible business relationship." Doc. 74-1 at 2.

3

as judicial records, Doc. 73, should have been sealed and thus removed from the public record months later. This question is governed only by this Court's standing order, Doc. 5, and the stringent Sixth Circuit standards for sealing.

Fourth, to distract from the waiver argument (which Defendants cannot overcome), Qualtim improperly tries to shift "blame" to Paragon's counsel for Qualtim's own failure to take *any* timely action, which nothing prevented it from taking, to address concerns it may have had about the exhibits' public status. Doc. 105 at 3, 9–12; Doc. 106 at 5–6. On this point, Qualtim simply ignores the record facts, concocting a story that Paragon acted inequitably by supposedly frustrating Qualtim's efforts to protect the documents' confidentiality. This mischaracterization is belied by the factual record, *See* Doc. 100 at 1–10, and reality, as Defendants could have moved to seal the documents themselves at any time. Nevertheless, Paragon's actions are wholly irrelevant to whether *Defendants*, by and through their own behavior, waived their ability to seal their own documents that they knowingly kept on the public docket for months.

In reality, Qualtim's own actions are inconsistent with their trade secret claims and the sealing relief sought. Qualtim itself publicly circulated the exhibits before this lawsuit was filed, apparently assuming (without any legal basis for doing so) that merely labeling them confidential somehow obligated other persons to keep them confidential. *See, e.g*., Ex. 1 to Grundahl Resp., Grundahl Decl., Doc. 106-1 ¶¶ 39, 42; Doc. 88-1 at 22. And after this lawsuit was filed, Qualtim allowed the Complaint's exhibits to remain in the public record for months without raising any issue to Paragon or this Court. Not only that, Qualtim even filed the same information *itself* to support its own litigation efforts. Mr. Grundahl called public attention to this lawsuit and the Complaint's exhibits through his Paragon-disparaging email campaign directed to the truss

4

industry. *Id.*[3] Instead of acting genuinely to protect its alleged confidential information, Qualtim allowed it to remain in the public record for many months. *Id.* Only then did it assert that this continuing disclosure was a "damage" by suing Paragon's attorneys in a separate action in Wisconsin for their actions in filing the Complaint here. This is improper gamesmanship. Qualtim may not properly manufacture "damages" by waiting months then filing an improper collateral action, while making no attempt whatsoever to seal the documents maintained in this Court's records.[4]

Nor is the fact that Paragon has opposed (from the beginning, when Qualtim first sought to place documents under seal, *see* Doc. 38) Qualtim's efforts to place documents under seal properly painted as evidence of improper "tactics." Doc. 105 at 18. Paragon has consistently contended that the information Qualtim has sought to seal should not be sealed because it does not constitute trade secrets or otherwise meet the Sixth Circuit's "heavy burden" for sealing—a position this Court agreed with the only time it has previously addressed the merits of a Qualtim request to seal similar documents. *See* Doc. 45; *see also* Doc. 5 at 1–2. There is nothing wrong with Paragon's disagreement with Qualtim's sealing position. Qualtim still could have moved to seal the documents despite Paragon's disagreement, but it never did.

---

[3] Qualtim even publicly filed the operating agreement for its alleged "trade secret" Inspired Pursuits, LLC, which remains in the public record. *See* Case No. 3:24-cv-745 (W.D. Wis.), Doc. 1-3. Mr. Grundahl's recent affidavits also disclose information concerning this "business model" he claims is Qualtim's key trade secret. *See, e.g.* Doc. 106-1 ¶¶ 23, 37–39, 42.

[4] Qualtim states that Ms. La Rosa, Qualtim's former counsel, asked or demanded that Paragon place the Complaint's exhibits under seal during the December 30, 2024 teleconference. Doc. 105 at 10 n.1. This is inaccurate; she did not. Instead, Paragon's counsel informed her that Qualtim was entitled to move to place the documents under seal if it wished to. Qualtim also states inaccurately that "Paragon itself treated these documents as a matter of public interest because it was strategically advantageous. In February 2025, Paragon was content to have the Court consider sealing the exhibits. Only after the Magistrate ruled in Defendants' favor did Paragon reverse course and again argue for public access." Doc. 105 at 18. To the contrary, Paragon reasonably believed the exhibits had already been made public; it never agreed not to oppose a motion to seal.

5

Fifth, Qualtim has forfeited or waived any confidentiality protection it might have had in the Complaint's exhibits and other documents. *Nat'l Polymer Prods., Inc. v. Borg-Warner Corp.*, 641 F.2d 418, 421 (6th Cir. 1981); *Doe v. Lockwood*, 89 F.3d 833, at *4–5 (6th Cir. 1996) (table); *Kines v. Ford Motor Co.*, No. 119CV01054JDBJAY, 2021 WL 1328475, at *4 (W.D. Tenn. Apr. 9, 2021). If it truly believed its demand letters that generated this dispute (asserting co-ownership of Paragon's intellectual property) contained trade secrets, it should not have publicly disclosed them without restriction. And once they had been filed with the Complaint and Qualtim was promptly served, Qualtim could have and should have moved at any time to put them under seal. It didn't. Instead, it knowingly permitted them to remain in the public record, called public attention to them, and then used their time in the public record as the basis for alleging damages in a separate action (instead of asking *this* Court to seal the documents). Only after *Paragon* asked this Court to determine whether the Complaint's exhibits should be under seal did Qualtim move to seal them.

But by then, it was too late. This Court had expressly relied on the Complaint's exhibits and other record documents to order that this action should be transferred to Wisconsin. Doc. 73. This rendered the Complaint's exhibits and other documents *judicial records* to which the public has the right of access. *See* Doc. 5; Doc. 100 at 21–22. "[A] document counts as a judicial record, for purposes of the presumption of access, when it is 'filed with the objective of obtaining judicial action or relief' or otherwise plays 'a role in the adjudicative process'"—as here. *See Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 933 (6th Cir. 2025); Doc. 5 at 1–2. The public has a *right* to read such records because it has a vested interest in knowing what "evidence and records" the district court has relied on in reaching its decisions. *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) (citation omitted); Doc. 5 at 4. This is because the public is entitled to "assess for itself" the merits of the judicial decision. *Shane Grp.*, 825 F.3d at 305. "Without access to the

6

[Complaint's exhibits], the public cannot analyze and critique the reasoning" of this Court in deciding to transfer this case to Wisconsin. Doc. 5 at 2–3 (citation omitted).

Sixth, for all the same reasons stated above, and contrary to Qualtim's unsupported assertions that it took reasonable measures here, Doc. 105 at 4, 10–11; Doc. 106 at 5, it is impossible for Qualtim to show that it took reasonable measures to keep the documents at issue secret. Contrary to Qualtim's attempt to shift its obligation, Doc. 105 at 8–11, this was and has always been Qualtim's burden, not Paragon's. This also undermines the propriety of placing them under seal, as it makes no sense to seal documents that the owner has not maintained as secret. *See* Doc. 100 at 23–24.

Seventh, Qualtim has never offered a procedurally compliant, reasoned basis for a narrowly tailored sealing, and the Magistrate Judge's order clearly errs by sealing the exhibits wholesale.

Finally, the Court should disregard Mr. Grundahls' late-filed declaration, Doc. 106-1, which in any event makes no difference to the analyses here.

## II. Qualtim Improperly Asks for New Remedies on Review of the Magistrate Judge's Order.

In its response to Paragon's objections, Qualtim improperly asks for "additional relief" that it never asked for previously, including a finding that Paragon's filing of the Complaint's exhibits was "improper" and entering orders pursuant to the Defend Trade Secrets Act. Doc. 105 at 19–20; Doc. 106 at 6–7 (asking for protective order). Once again, this comes too late. *See* Fed. R. Civ. P. 72(a); *supra*. And in any event, the additional remedies are unwarranted for all the reasons above.

## III. Conclusion.

Qualtim does not ask this Court to proactively place discovery materials under seal. Nor does Qualtim ask this Court to place proposed exhibits under seal provisionally for a short time until it can be determined whether they warrant sealing. Instead, Qualtim asks this Court to retroactively and permanently remove from the public record several documents—judicial

7

records—that were essential to this Court's decision to transfer this case and that had been in the public record for over a year by the time the Magistrate Judge's order placed them under seal.

To warrant this, Qualtim must meet the *heavy burden* of showing *compelling reasons* for depriving the public of information essential to understanding the reasons for this Court's transfer order. A "district court's determination on the sealing of its own record is 'not insulated from review merely because the judge has discretion in this domain. The [d]istrict [c]ourt's *discretion is circumscribed* by a long-established legal tradition.'" *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983) (citation omitted and emphasis added). Even the parties' agreement cannot justify permitting a party to improperly file a document under seal, much less remove it from public scrutiny after it a court has relied on it to issue a decision the public has the right to understand. Instead, every court has the independent duty to decide for itself—on the merits of the question and based on detailed explanations—whether to deprive the public of a judicial record. This means that this Court must conduct an analysis and find there are *compelling reasons* to keep the judicial records under seal, which outweigh the public interest, under its own controlling law.

Respectfully, the Magistrate Judge clearly erred by sealing judicial records here without conducting this required analysis to determine whether sealing is consistent with the First Amendment and the public's common-law right of access to judicial records. Qualtim has waived the opportunity to seal the judicial records from the Court's docket. But, even if the Court disagreed, Qualtim cannot show compelling reasons for sealing. The Court should overrule the Magistrate Judge's order.

Respectfully submitted this 19th day of September 2025.

*s/* Stephen E. Kabakoff

Stephen E. Kabakoff, GA Bar No. 143164,
*appearing pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street, NW
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Stephen.Kabakoff@millermartin.com

James T. Williams, TN BPR 16341
Erin E. Steelman, TN BPR 38463
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com
Erin.Steelman@millermartin.com

*Attorneys for Plaintiff Paragon Component Systems, LLC*

9

# CERTIFICATE OF SERVICE

I certify that on September 19, 2025, a copy of the foregoing Brief is being served on all counsel of record by electronically filing it via the Court's filing system.

s/ Stephen E. Kabakoff

Stephen E. Kabakoff, GA Bar No. 143164,
*appearing pro hac vice*
MILLER & MARTIN PLLC
1180 W. Peachtree Street, NW
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Stephen.Kabakoff@millermartin.com

James T. Williams, TN BPR 16341
Erin E. Steelman, TN BPR 38463
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
James.Williams@millermartin.com
Erin.Steelman@millermartin.com

*Attorneys for Plaintiff Paragon Component Systems, LLC*
