| | | |
|---|---|---|
| PARAGON COMPONENT SYSTEMS, LLC, | ) ) ) | |
| *Plaintiff*, | ) ) | Case No. 1:24-cv-246 |
| v. | ) ) | Judge Atchley |
| QUALTIM, INC., *et al.*, | ) ) | Magistrate Judge Steger |
| *Defendants*. | ) ) | |

## ORDER

Roughly two months after the Court transferred this matter to the United States District Court for the Western District of Wisconsin, Defendants moved to seal certain items in this Court's electronic case file. [*See* Docs. 74, 75]. After reviewing the parties' extensive briefing and conducting a hearing on these motions, the Magistrate Judge issued a thoughtful and pragmatic Order granting Defendants' motions to seal. [Doc. 93].

Recognizing that conducting a separate sealing analysis while this matter was actively being litigated in the Western District of Wisconsin would both be inefficient and risk inconsistent rulings that would defeat the utility of placing documents under seal, the Magistrate Judge held that "this Court [would] mirror the decisions of the Wisconsin District Court with respect to the sealing of documents[.]" [*Id.* at 3]. And because the Western District of Wisconsin had placed the at-issue documents under seal, the Magistrate Judge followed suit and ordered that the documents be sealed in this Court. [*Id.*].

Plaintiff timely objected to the Magistrate Judge's Order on September 2, 2025. [Doc. 100]. Since then, much has happened. In the Western District of Wisconsin, both this case and a related action have reached the summary judgment stage. *See Paragon Component Systems, LLC v. Qualtim, Inc.*, 3:25-cv-170 (W.D. Wis); *Inspired Pursuits, LLC v. Paragon Component Systems, LLC*, 3:25-

cv-75 (W.D. Wis.). And a separate case filed by Defendants against Plaintiff's counsel based on Plaintiff's counsel's allegedly improper disclosure of some or all of the materials sealed by the Magistrate Judge's Order has been voluntarily dismissed. *Inspired Pursuits, LLC v. Miller Martin PLLC*, 3:25-cv-73, Doc. 40 (W.D. Wis.).

Given these developments and the time that has elapsed since the objection was filed, the Court finds it appropriate to hear from Plaintiff regarding whether it still objects the Magistrate Judge's Order before "expending the (significant and very precious) judicial resources that would be required to address the substantive merit" of the objection. *Harris v. Encore Bancshares, Inc.*, No. 3:24-cv-01316, 2026 LX 472448, at *26 (M.D. Tenn. July 29, 2026). Accordingly, **on or before August 14, 2026**, Plaintiff **SHALL** file a one-page report stating whether it still objects to the Magistrate Judge's Order. Failure to timely file this report **SHALL** be deemed a withdrawal of the objection.

**SO ORDERED.**

/s/*Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

2