# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

PARAGON COMPONENT  )
SYSTEMS, LLC,  )
 )
      Plaintiff,  )
 )
v.  )    Case No.:  1:24-cv-00246-CEA-CHS
 )
QUALTIM, INC., et al.,  )
 )
      Defendants.  )

## PARAGON'S RESPONSE TO COURT'S ORDER

Plaintiff Paragon Component Systems, LLC ("Paragon") responds to this Court's Order

(Doc. 108), and respectfully states that it maintains its objection to the Magistrate Judge's Order.

The issue of the alleged secrecy of the exhibits to Paragon's Declaratory Judgment

Complaint — which Defendants characterize as describing a confidential business model entitled

to trade secret protection — remains at issue in the action styled *Inspired Pursuits, LLC, et al. v.*

*Paragon Component Systems, LLC, et al.*, 3:25-cv-75 (W.D. Wis.).  Paragon is not asking this

Court to rule on that substantive claim, which has been presented to the Wisconsin court for

decision through summary judgment motions. Instead, Paragon simply seeks a ruling from this

Court on a narrow, but related and significant, sealing issue. Specifically, Paragon respectfully

seeks a ruling on its objection to the Magistrate Judge's Order, which authorized sealing of the

exhibits, because the issues of whether sealing is warranted include whether Defendants waived

any right to secrecy by failing to take timely, appropriate action to seal the exhibits *in this Court*.

Resolution of this waiver issue, which is a distinct issue this Court can decide because the alleged

waiver occurred here, is potentially dispositive of whether such documents retain any trade secret

status. And, critically, the Western District of Wisconsin has acknowledged that only this Court

can make decisions pertaining to its own docket.  *See* Doc. 76-6, No. 3:25-cv-00170 (W.D. Wis.),

1

Doc. 98 at 6 ("Complaint Exhibits A-J, Dkts. 1-8-17, shall be sealed on *this* Court's docket. This Order does *not* order the Eastern District of Tennessee or any Wisconsin state court to handle the exhibits in question in any particular way – the parties will need *to seek orders directly from those courts*.") (emphasis added). Therefore, this Court should determine what should be sealed in its own docket under controlling Sixth Circuit law, including whether Defendants waived their rights. Because Paragon's objection presents an issue over which this Court has the distinct authority to decide, Paragon respectfully maintains its objection to the Magistrate's Judge's Order.

Respectfully submitted August 14, 2026.

2

**MILLER & MARTIN PLLC**

By: /s/*James T. Williams*
James T. Williams, TN BPR 16341
Erin E. Steelman, TN BPR 38463
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
james.williams@millermartin.com
erin.steelman@millermartin.com


*Attorneys for Plaintiff Paragon Component Systems, LLC*

**CERTIFICATE OF SERVICE**

I certify that on August 14, 2026, a copy of the foregoing pleading is being served on all counsel of record by electronically filing it via the Court's filing system.

**MILLER & MARTIN PLLC**

By: /s/*James T. Williams*
James T. Williams, TN BPR 16341
Erin E. Steelman, TN BPR 38463
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
james.williams@millermartin.com
erin.steelman@millermartin.com

***Attorneys for Plaintiff Paragon Component Systems, LLC***